# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

NEELAM UPPAL
Appellant

Case No. 1:17-cv-~~5816~~-ER 5618

V.

HEALTHLAW FIRM
Appellee

L.T.   Case No.: 16-12356
**Chapter: 13**
   **Adv. no. 17-01027**

## NOTICE OF APPEAL

Please take Notice that the Appellant, Neelam Uppal, pro se, hereby files a notice of Appeal to the United States Court of Appeals on the Orders

1. Opinion and order, dated April 16, 2018, in Uppal v. The Health Law Firm. et al., S.D.N.Y., Case No.: 17-cv-5618 (ER); and

2. Judgment, dated April 18, 2018, in Uppal v. The Health Law Firm. et al., S.D.N.Y., Case No.: 17-cv-5618 (ER) Respectfully submitted,

Date: 4/21/18

N. Uppal
Neelam Taneja, Debtor *Pro se.*

*1370 Broadway, #504*
*NEW YORK, NY-10018*
*PH.- (646)-740-9141*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing "REPLY," has been furnished by U.S. mail, postage prepaid, to : GEORGE INDEST, HEALTHLAW FIRM  .

M. uppal

Neelam Uppal
PO box 1002,
Largo, FL 33779
727-403-0022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

NEELAM TANEJA a/k/a NEELAM UPPAL,

                        Debtor.

---

NEELAM TANEJA a/k/a NEELAM UPPAL,

                    Debtor/Appellant,

       - against -

THE HEALTH LAW FIRM and GEORGE
INDEST,

                   Creditor/Appellees.

**OPINION AND ORDER**

17 Civ. 5618 (ER)

Ramos, D.J.:

     Neelam Taneja ("Taneja" or "Debtor") brings this appeal from four orders of Chief

Bankruptcy Judge Cecilia Morris in the underlying adversary proceeding: (1) the June 1, 2017

Order dismissing her adversary proceeding against the Health Law Firm ("Creditor") and

Creditor's attorney, George Indest ("Indest") (collectively, "Health Law"); (2) the June 23, 2017

order denying reconsideration of the dismissal; (3) the July 19, 2017 order granting sanctions

against Taneja; (4) the September 7, 2017 order denying reargument on Health Law's sanctions

motion. *See* Docs. 1, 9.[1] On October 27, 2017, Health Law moved for sanctions against Taneja.

*See* Doc. 26. For the following reasons, the orders of the Bankruptcy Judge are AFFIRMED and

Health Law's motion for sanctions is GRANTED.

---

[1] Citations to "Doc." refer to the docket in the instant matter, No. 17 Civ. 5618. "A.P. Doc." refers to the docket in
the adversary proceeding, No. 17 A.P. 1027.

## I.    BACKGROUND

Taneja has filed for bankruptcy six times—five times in the Middle District of Florida

(including a petition made during the pendency of this bankruptcy appeal) and once in the

Southern District of New York.[2]  In each of the five times Taneja has filed for bankruptcy since

2012, her petition has been dismissed.  Most recently, the Bankruptcy Judge in the Middle

District of Florida found that Taneja was "an abusive serial bankruptcy filer" and enjoined her

from filing for bankruptcy for two years.  *See* Order dated January 11, 2018 (Doc. 40), *In re*

*Neelam Taneja a/k/a Neelam Uppal*, No. 8:17 Bk. 10140 (CPM) (M.D. Fla. Bankr. Jan. 11,

2018).  Taneja also has three additional appeals pending in this District related to her 2016

bankruptcy petition.  *See* Doc. 60;[3] *see also Uppal v. Indest*, No. 17 Civ. 7072 (CM), 2017 WL

6405660, at *3 (S.D.N.Y. Oct. 12, 2017) ("According to PACER, Plaintiff has filed more than

twenty-five cases in federal and circuit courts in New York, New Jersey, and Florida.").

This appeal stems from an adversary proceeding Taneja filed against Health Law during

the bankruptcy proceeding below.  In 2012, Taneja retained Health Law to represent her in

proceedings before the Florida Board of Medicine, who sought to revoke her medical license.

*See* A.P. Doc. 3 ¶ 8.  By December 28, 2012, the representation ended.  *Id.* Ex. 1 ¶ 9.  In 2013,

Health Law sued Taneja for unpaid legal fees.  *Id.* ¶ 11.[4]  A final judgment was entered against

---

[2] *See In re Neelam Uppal*, No. 8:00 Bk. 9734 (TEB) (M D. Fla. Bankr. 2000); *In re Neelam T. Uppal*, No. 8:12 Bk. 18946 (CPM) (M.D. Fla. Bankr. 2012); *In re Neelam T. Uppal*, No. 8:13 Bk. 5601 (CPM) (M.D. Fla. Bankr. 2013); *In re Neelam Taneja a/k/a Neelam Uppal*, No. 8:15 Bk. 594 (CPM) (M.D. Fla. Bankr. 2015); *In re Neelam Taneja a/k/a Neelam Uppal*, No. 16 Bk. 12356 (CGM) (S.D.N.Y. Bankr. 2016); *In re Neelam Taneja a/k/a Neelam Uppal*, 17 Bk. 10140 (CPM) (M.D. Fla. Bankr. 2017).

[3] Taneja filed an objection to this document, arguing that Health Law fabricated the fact that one of the appeals was captioned *Taneja v. Sapir*.  *See* Doc. 62.  The case, No. 17 Civ. 9429, is captioned *In re Neelam Taneja*, as are most of Taneja's appeals.  Because Mr. Sapir was the Chapter 13 trustee below, he serves as the appellee, and therefore the case is also captioned *Taneja v. Sapir*.  Taneja's objection is therefore overruled.

[4] *See The Health Law Firm v. Uppal*, No. 13-CA-3790-15-K (Fla. Cir. Ct. 2013).

2

Taneja on December 22, 2015. A.P. Doc. 3 ¶ 12. She appealed that decision on January 15, 2016. *Id.* ¶ 14.

On August 15, 2016, while that appeal was pending, Taneja filed the underlying bankruptcy action below. *Id.* Ex. 1 ¶ 17. Her adversary complaint against Health Law and its lawyer, George Indest, alleged that the law firm had violated the automatic stay. *See* A.P. Doc. 1. At a hearing on June 1, 2017, the Bankruptcy Judge dismissed the adversary proceeding. *See* Order dated June 5, 2017 (A.P. Doc. 15). On June 21, 2017, Taneja's motion seeking to reopen the adversary proceeding was filed. A.P. Doc. 19. On June 23, 2017, that motion was denied. *See* Order dated June 23, 2017 (A.P. Doc. 21).

Separately, on May 30, 2017, Health Law moved for sanctions against Taneja. A.P. Doc. 11. The Bankruptcy Judge found that Taneja's complaint in the adversary proceeding "contained false statements," and determined that it was a frivolous filing made "solely for the purpose of harassing and delaying" Health Law. *See* Order dated July 19, 2017 (A.P. Doc. 29). She imposed sanctions against Taneja in the amount of Health Law's attorneys' fees, \$57,435.33. *Id.*

On July 14, 2017, Taneja moved for reconsideration of the sanctions order, insisting that Creditor failed to file a "notice of withdrawal." A.P. Doc. 28. On August 31, 2017, and again on September 7, 2017, the Bankruptcy Judge denied Taneja's motion for reconsideration. *See* Order dated August 31, 2017 (A.P. Doc. 46); Order dated September 7, 2017 (A.P. Doc. 50). Taneja appealed the Bankruptcy Court's dismissal of the adversary proceeding, the imposition of sanctions, and the denial of reconsideration of both orders. Docs. 1, 9. In response to Taneja's appeal, Health Law has moved for sanctions. *See* Doc. 26.[5]

---

[5] Health Law also filed a motion to strike Taneja's appendix to her reply brief, because it is not part of the record on appeal. The Court agrees that it may not consider evidence that was not properly before the bankruptcy court; however, it will simply disregard the appendix rather than strike it from the docket, as Health Law has not argued that the appendix is inflammatory or offensive. Health Law's motion is therefore DENIED.

3

## II.   BANKRUPTCY APPEAL

### A.   Legal Standard

This Court has jurisdiction to hear appeals from decisions of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in relevant part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1).   A district court reviews a bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error.  *See, e.g., In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir. 1990).  A bankruptcy court's discretionary decisions are reviewed for abuse of discretion.  *See, e.g., In re Boodrow*, 126 F.3d 43, 47 (2d Cir. 1997).

In reviewing a decision of a bankruptcy court, the district court "may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below." *Freeman v. Journal Register Co.*, 452 B.R. 367, 369 (S.D.N.Y. 2010).  But the district court may not consider evidence outside the record.  *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008).  Any arguments not raised in the bankruptcy court are considered waived; unless such a waiver results in manifest injustice, the new arguments will not be considered on appeal.  *See In re Lionel Corp.*, 29 F.3d 88, 92 (2d Cir. 1994); *see also, e.g., In re Barquet Grp., Inc.*, 486 B.R. 68, 73 n. 3 (S.D.N.Y. 2012) (citing *In re Enron Corp.*, 419 F.3d 115, 126 (2d Cir. 2005)).

### B.   Discussion

Taneja's appeal briefs offer a plethora of arguments, often unconnected from one another, in an attempt to show that Health Law and each of the state court and bankruptcy judges below

4

treated her unfairly and denied her an opportunity to defend herself. The Court has attempted to clarify Taneja's strongest arguments in favor of her appeal, and addresses them below.

### 1. Attorneys' Fees

Taneja alleges that Health Law submitted fabricated bills for attorneys' fees during both the underlying debt collection case and the subsequent bankruptcy cases. *See* Appellant's Br. (Doc. 28) at 6, 19–20.

As this Court explained in its November 20, 2017 Order, "the issues presented by this bankruptcy appeal concern whether Health Law violated the automatic stay, not whether Indest made false statements in connection with the legal fees owed in the Florida Litigation." *See* Doc. 35 at 8. Whether or not Taneja's allegations are correct—although the Court notes that they lack any support in the record—they are not germane to this dispute, which concerns whether the Bankruptcy Judge erred in dismissing Taneja's adversary proceeding.[6]

To the extent that Taneja intends for this allegation to attack the Bankruptcy Judge's decision to grant Health Law's request for attorney's fees below, the Court does not find that the Bankruptcy Judge abused her discretion. Taneja did not put forward any evidence—before that court or this one—that Health Law's fees were fabricated. Indeed, Health Law submitted several affidavits from outside experts on the reasonableness of their fee calculation. *See* A.P. Docs. 22–23, 25.

### 2. Service of Sanctions Motion

Taneja argues that the Bankruptcy Judge erred in determining that the sanctions motion had been properly served. *See* Appellant Br. at 24–25. During the sanctions hearing, Indest

---

[6] Health Law argues that Taneja's argument regarding attorney's fees is also barred by the doctrine of *res judicata*, because it was considered and rejected by the Florida court which presided over the underlying debt case. *See* Appellee's Br. (Doc. 54-1) at 11, 25–26. Health Law, however, does not provide the Court with any decision in which the issue of Health Law's alleged fabrication of bills was clearly raised and rejected. *Id.*

5

indicated that the motion was served on Taneja on May 5, 2017, and was filed on the docket after
the safe harbor period on May 30, 2017. *See* A.P. Doc. 33 (July 13, 2017 Hearing Transcript).
Taneja claims that she was not served with the motion until May 30, 2017, the evening before a
bankruptcy hearing.[7] *See* Appellant-Reply Br. (Doc. 58) at 20–21.

Taneja raised these claims before the Bankruptcy Judge during the sanctions hearing held
on July 13, 2017. *See* A.P. Doc. 33. The Bankruptcy Judge determined that "there was 21-day
notice" before the filing of the motion because Health Law entered "the certificate of service on
it when it was filed." *Id.* She stated that she would not credit Taneja's insistence that she had
not been properly served. *Id.* A bankruptcy judge's determinations "on the credibility of
witnesses . . . are reviewed under an abuse of discretion standard." *In re CBI Holding Co., Inc.*,
419 B.R. 553, 563 (S.D.N.Y. 2009) (citing *Universal Church v. Geltzer*, 463 F.3d 218, 226 (2d
Cir. 2006)). The Court finds that the Bankruptcy Judge did not abuse her discretion in finding
that the service requirements of Rule 9011 of the Federal Rules of Bankruptcy Procedure had
been met. First, Health Law filed the letters and e-mails it sent Taneja and her then-attorney,
Arlene Gordon-Oliver, which were dated May 5, 2017. *See* A.P. Doc. 14. Second, during the
hearing, Taneja's testimony was inconsistent, and she admitted that she was served with a copy
of the sanctions motion in advance, but was never served with a document entitled "notice of
withdrawal," which she believed was necessary to complete service. *See* A.P. Doc. 33.[8] There
was ample evidence in the record, therefore, to support the Bankruptcy Judge's finding that

---

[7] During the June 1 hearing, the Bankruptcy Judge dismissed Taneja's adversary proceeding, but did not resolve the
merits of Health Law's sanctions motion. *Id.*

[8] Rule 9011 of the Federal Rules of Bankruptcy Procedure requires that a party serve the motion at least twenty-one
days before it is filed with the bankruptcy court. It does not require the service of any document entitled "notice of
withdrawal." *See* Fed. R. Bankr. P. 9011(c)(1)(A).

6

service had been proper, and her decision to disregard Taneja's statement that she had not been served was not an abuse of discretion.

### 3. Additional Arguments

Taneja puts forward several additional arguments in support of her appeal, all of them made spuriously, without any evidentiary support, and without any explanation. For example, Taneja asserts, without citation to any evidence, that the bankruptcy court "erred by not scanning the filings of the debtor onto the docket." Appellant Br. at 7–8. She also states that the Bankruptcy Judge "neglected to read the pleadings." *Id.* at 8. She makes similar accusations of Health Law, accusing the firm of "repeatedly fabricating documents, deceiving the court, and committing perjury" and of orchestrating the replacement of the prior judge proceeding over the bankruptcy petition with Chief Bankruptcy Judge Morris. *Id.* at 21, 24. The Court discerns no purpose in these statements other than to denigrate the Bankruptcy Judge and Appellees.

Taneja also argues, briefly, that Health Law "manipulated the Clerks of the Appellate court to sign orders in his favor during the pendency of the Automatic stay." *Id.* at 23. In support of this statement, she cites to Exhibit 5 of the Appendix; however, the document contained therein is not part of the record on appeal and the Court cannot consider it. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008) (noting that a district court may not consider evidence outside the record).[9]

The Court finds no indication that any of the Bankruptcy Judge's decisions were clearly erroneous. The Court therefore AFFIRMS the decisions of the bankruptcy court below.

---

[9] Even if the Court were to consider the document, Taneja has provided the Court with a single page from a reply filed by Health Law in state court in September 2017, in which Health Law states that "this case is not currently pending before any other court." *See* Doc. 29 Ex. 5. In September 2017, the adversary proceeding had already been dismissed. This evidence, therefore, is not relevant to whether the Bankruptcy Judge erred in dismissing the adversary proceeding.

7

## III. SANCTIONS

### A. Legal Standards

Rule 11 of the Federal Rules of Civil Procedure states that the court may impose sanctions "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated . . . ." Fed. R. Civ. P. 11(c)(1); *see also Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (stating that "sanctions under Rule 11 are discretionary, not mandatory"). Rule 9011 of the Federal Rules of Bankruptcy Procedure parallels Rule 11, "containing only such modifications as are appropriate in bankruptcy matters." *In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 227 (2d Cir. 1991) (internal quotations omitted) (quoting *Cinema Serv. Corp. v. Edbee Corp.*, 774 F.2d 584, 585 (3d Cir. 1985)). "A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification or reversal of existing law." *Robledo v. Bond No. 9*, 965 F. Supp. 2d 470, 477–78 (S.D.N.Y. 2013) (internal citations and quotations omitted) (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002)).

Under Rule 38 of the Federal Rules of Appellate Procedure, a court of appeals may, after a motion is filed separately and the appellant is given a reasonable opportunity to respond, sanction an appellant for bringing a frivolous appeal. *See* Fed. R. App. P. 38. Rule 8020 of the Federal Rules of Bankruptcy Procedure "adopts the provisions of Rule 38." *See In re Carlton Concrete Corp.*, No. 08 Civ. 242 (JFB), 2008 WL 4443233, at *11 n.9 (E.D.N.Y. Sep. 26, 2008); Fed R. Bankr. P. 8020 (providing that a district court or BAP may award damages and "single or double costs" to the appellee if it determines that an appeal was frivolous). Sanctions under

8

Rules 38 and/or 8020 may be imposed where an appeal is "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence." *StreetEasy, Inc. v. Chertok*, No. 16-2474, 2018 WL 1478238, at \*2 (2d Cir. Mar. 26, 2018) (quoting *In re Drexel Burnham Lambert Grp. Inc.*, 995 F.2d 1138, 1147 (2d Cir. 1993)); *see also In re Carlton Concrete Corp.*, 2008 WL 4443233, at \*11 n.9.

**B.     Discussion**

Health Law argues that Taneja should be sanctioned for bringing this appeal of the Bankruptcy Judge's orders because her appeal was frivolous, spurious, and filed only to harass it. *See* Memorandum of Law in Support of Motion for Sanctions (Doc. 26) at 4–5. It seeks several forms of relief, including: (1) double attorney's fees; (2) an award for "any damages" Health Law has incurred; (3) enjoining Taneja from filing any bankruptcy or other actions for at least three years; (4) requiring Taneja to seek the Court's permission before filing any new motions; (5) ordering Taneja to pay \$25,000 to the New York Legal Aid Society; (6) ordering Taneja to pay \$1,000 for every day she fails to pay Health Law the amount they are owed; and (7) publicly reprimanding her. *Id.* at 16–17.

As stated above, Taneja has participated in six bankruptcy proceedings and at least twenty-five federal proceedings. Although *pro se* litigants are afforded special solicitude, Taneja is very familiar with federal court proceedings. *See Uppal v. Indest*, 2017 WL 6405660, at \*3–4; *Sledge v. Kooi*, 564 F.3d 105, 109–10 (2d Cir. 2009) (explaining that in certain circumstances, a litigious plaintiff may not be entitled to special solicitude because of her familiarity with the legal system). Taneja has been repeatedly warned about making conclusory and unsupported allegations in court filings. *See, e.g.*, Order dated December 9, 2014 (Doc. 7) at 5, *Uppal v. Fla. Bd. of Med.*, No. 14 Civ. 9024 (ER) (S.D.N.Y. 2014); Order dated March 21, 2018 (Doc. 15), at

9

2, *In re Neelam Taneja*, 17 Civ. 9429 (JGK) (S.D.N.Y. 2017). She has also been warned by numerous judges, including during the pendency of this appeal, that continuing to raise frivolous issues would result in sanctions. *See Uppal v. Indest*, 2017 WL 6405660, at *3; *Uppal v. Wells Fargo Bank*, No. 8:15 Civ. 68 (SDM), 2015 WL 12765539, at *1 (M.D. Fla. Mar. 26, 2015); *Uppal v. Uppal*, No. 8:10 Civ. 2566 (SDM), 2011 WL 2516676, at *1 (M.D. Fla. June 23, 2011).

Here, the Bankruptcy Judge dismissed the adversary proceeding below and imposed sanctions against Taneja for bringing the proceeding in bad faith. *See* A.P. Doc. 29. Seemingly undeterred, Taneja pursued this appeal. In *Davey v. Dolan*, the Second Circuit upheld the imposition of sanctions on a *pro se* litigant, finding that:

> We are not entirely unsympathetic with the plaintiff's personal sense of grievance with respect to these matters. But after reviewing plaintiff's history of vexatious litigation arising from his divorce, we conclude that . . . the district court's imposition of sanctions was appropriate because plaintiff, having adequately been warned of the possibility of sanctions, has nonetheless repeatedly pursued meritless claims despite being warned by courts at every turn to cease the bad faith litigation.

*Davey*, 292 F. App'x 127, 128 (2d Cir. 2008). The Circuit further ordered the litigant to show cause as to why it should not impose sanctions for the filing of a frivolous appeal. *Id.; see also Moore v. Time, Inc.*, 180 F.3d 463, 463 (2d Cir. 1999) (finding sanctions for a frivolous appeal appropriate where the magistrate judge had previously admonished the attorney that the complaint presented no non-frivolous claims). The Court finds that Taneja's appeal, which rests almost entirely on the unsupported allegations of wrongdoing she raised before the Bankruptcy Judge, was similarly brought in bad faith.

The Court, however, has significant discretion in levying sanctions. *E.g.*, Fed. R. Civ. P. 11 advisory committee note to 1983 Amendments ("The court . . . has discretion to tailor sanctions to the particular facts of the case . . . ."). In this case, the Court finds that because

10

Health Law has already prevailed on its claim for the underlying debt and secured an award of attorney's fees for its litigation below, awarding the full relief Health Law seeks—among other things, double attorney's fees, a $25,000 donation, and $1,000 per day—is unnecessary. Instead, the Court admonishes Taneja to refrain from making further frivolous filings and sanctions her in the form of a $5,000.00 fee to be paid to Appellees.

**IV. CONCLUSION**

For the aforementioned reasons, the decisions of the Bankruptcy Judge are AFFIRMED and Health Law's motion for sanctions is GRANTED. The Clerk of Court is respectfully directed to terminate the outstanding motions (Docs. 26 and 61) and mail a copy of this Order to Debtor.

It is SO ORDERED.

Dated: April 16, 2018
New York, New York

Edgardo Ramos, U.S.D.J.

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

In re:

NEELAM TANEJA a/k/a NEELAM UPPAL,
          Debtor.

------------------------------------------------------------X

NEELAM TANEJA a/k/a NEELAM UPPAL,
          Debtor/Appellant,

          -against-

THE HEALTH LAW FIRM and GEORGE
INDEST,

          Creditor/Appellees.
------------------------------------------------------------X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #. |
| DATE FILED: 4/18/18 |

17 **CIVIL** 5618 (ER)

**JUDGMENT**

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in

the Court's Opinion and Order dated April 16, 2018, the decisions of the Bankruptcy Judge are

AFFIRMED and Health Law's motion for sanctions is GRANTED. Taneja is to refrain from

making further frivolous filings and sanctions her in the form of a $5,000.00 fee to be paid to

Appellees.

**Dated:** New York, New York
      April 18, 2018

                                    **RUBY J. KRAJICK**

                                    **Clerk of Court**

               BY:

                                       **Deputy Clerk**

PRIORITY MAIL

UNITED STATES POSTAL SERVICE®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

R2304E107282-06

10007

PRIORITY MAIL

FROM:
M. Vappal
P.O. box 1002
Largo, FL 33779

TO:
The Clerk
Pro se Unit, Rm 200
U.S District Court
500 Pearl Street
New York, N.Y 1007

FOR DOMESTIC AND INTERNATIONAL USE

USM SDNY

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

Expected Delivery Day: 04/24/2018

USPS TRACKING NUMBER

9505 5144 0301 8111 2492 09

PRIORITY MAIL

DATE OF DELIVERY SPECIFIED*

USPS TRACKING™ INCLUDED*

INSURANCE INCLUDED*

PICKUP AVAILABLE

* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

EP14F July 2013
OD: 12.5 x 9.5

P S00000 1000014

CLOSED,APPEAL,ECF,PRO-SE

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:17-cv-05618-ER

| | |
|---|---|
| In Re: Neelam Taneja aka Neelam Uppal | Date Filed: 07/24/2017 |
| Assigned to: Judge Edgardo Ramos | Date Terminated: 04/18/2018 |
| Case in other court:  USBC-SDNY, 16-B-12356 | Jury Demand: None |
| Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA | Nature of Suit: 422 Bankruptcy Appeal (801) |
| | Jurisdiction: Federal Question |

**In Re**

**Neelam Taneja**
*also known as*
Neelam Uppal

represented by **Neelam Taneja**
P.O. Box 1002
Largo, FL 33779
646/740-9141
PRO SE

**Debtor**

**Neelam Taneja**
*also known as*
Neelam Uppal

represented by **Neelam Taneja**
P.O. Box 1002
Largo, FL 33779
646/740-9141
Email: nneelu123@aol.com
PRO SE

**Appellant**

**Neelam Taneja**
*also known as*
Neelam Uppal

represented by **Neelam Taneja**
(See above for address)
PRO SE

V.

**Appellee**

**The Health Law Firm**

represented by **George F. Indest**
The Health Law Firm
1101 Douglas Avenue
Altamonte Springs, FL 32714
(407)-331-6620
Fax: (407)-331-3030
Email: gindest@thehealthlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Appellee**

**George Indest**

represented by **George F. Indest**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/24/2017 | 1 | NOTICE OF APPEAL FROM THE BANKRUPTCY COURT TO THE S.D.N.Y. from the Judgment of Judge Cecelia G. Morris dated 07/19/2017. Bankruptcy Court Case Numbers: 16-B-12356, 17-01027A (CGM). Certified copies of file received.Document filed by Neelam Taneja.(bmlo) (Entered: 07/24/2017) |

| 07/24/2017 | | Case Designated ECF. (bmlo) (Entered: 07/24/2017) |
|---|---|---|
| 07/24/2017 | 2 | DESIGNATION OF BANKRUPTCY RECORD ON APPEAL and Statement of Issues re: 1 Bankruptcy Appeal. Document filed by Appellant Neelam Taneja. (bmlo) (Entered: 07/24/2017) |
| 07/24/2017 | | Magistrate Judge Henry B. Pitman is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (bmlo) (Entered: 07/24/2017) |
| 08/31/2017 | 3 | COUNTER DESIGNATION OF BANKRUPTCY RECORD ON APPEAL re: 1 Bankruptcy Appeal,. Document filed by Appellee George Indest. (bmlo) (Entered: 08/31/2017) |
| 08/31/2017 | 4 | NOTICE OF RECORD OF APPEAL AVAILABILITY (COMPLETION). Re: 1 Bankruptcy Appeal,. All Documents from the United States Bankruptcy Court − Southern District of New York have been filed with the U.S.D.C. S.D.N.Y. Record of Appeal is Complete and Available Electronically. Appellant Brief due by 10/2/2017. (bmlo) (Entered: 08/31/2017) |
| 09/08/2017 | 5 | DEBTOR'S EMERGENCY MOTION FOR STAY PENDING APPEAL; re: 1 Bankruptcy Appeal,. Document filed by Neelam Taneja.(sc) (Entered: 09/08/2017) |
| 09/08/2017 | 6 | ORDER entered 5 Motion to Stay. Appellees' response to Debtor's emergency motion for stay pending appeal, Doc. 5, is due on September 15, 2017. (HEREBY ORDERED by Judge Edgardo Ramos)(Text Only Order) Copies of Notice of Electronic Filing Mailed By Chambers. (Ramos, Edgardo) (Entered: 09/08/2017) |
| 09/12/2017 | 7 | ORDER re: 5 MOTION to Stay re: 1 Bankruptcy Appeal filed by Neelam Taneja: On July 24, 2017, Neelam Teneja ("Appellant") filed her notice of appeal from the bankruptcy court. Doc. 1. On September 8, 2017, Appellant filed an emergency motion for stay pending appeal, Doc. 5, and the Court ordered The Health Law Firm and George Indest's ("Appellees"') response due on September 15, 2017. However, Appellees have not yet appeared in this matter and no certificate of service to Appellees was included in Appellant's motion for stay pending appeal. See Doc. 5. Appellant is therefore ordered to serve Appellees with a copy of the emergency motion for stay pending appeal. The deadline for Appellees' response is extended to two weeks from the date of service. The Clerk of the Court is respectfully directed to mail a copy of this Order to Appellant. (Signed by Judge Edgardo Ramos on 9/12/2017) (jwh) (Entered: 09/12/2017) |
| 09/12/2017 | | Transmission to Docket Assistant Clerk. Transmitted re: 7 Order to the Docket Assistant Clerk for case processing. (jwh) (Entered: 09/13/2017) |
| 09/13/2017 | | Mailed a copy of 7 Order to Neelam Taneja, 1370 Broadway, #504, New York, NY 10018. (rro) (Entered: 09/13/2017) |
| 09/15/2017 | 8 | AFFIRMATION OF SERVICE of Emergency Motion to Stay ; served on George Tudest, Health Law Firm on 9/14/17. Service was made by Cert. Mail. Document filed by Neelam Taneja. (sc) (Entered: 09/18/2017) |
| 09/15/2017 | 9 | AMENDED NOTICE OF APPEAL FROM THE BANKRUPTCY COURT TO THE S.D.N.Y. from the Order of Judge Cecelia G. Morris dated 9/12/2017, amending 1 Bankruptcy Appeal. Document filed by Neelam Taneja. Related document: 1 Bankruptcy Appeal.(bmlo) (Entered: 09/22/2017) |
| 09/22/2017 | 10 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION for George F. Indest III to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208−14161151. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by George Indest. (Attachments: # 1 Affidavit Affidavit of George F. Indest III, # 2 Florida−Letter of Good Standing, # 3 Louisiana−Letter of Good Standing, # 4 District of Columbia−Letter of Good Standing)(Indest, George) Modified on 9/25/2017 (bcu). (Entered: 09/22/2017) |
| 09/25/2017 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE−FILE Document No. 10 MOTION for George F. Indest III to** |

| | | Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–14161151. **Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of Louisiana; missing Proposed Order;. Re–file the motion as a Corrected Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order.. (bcu)** (Entered: 09/25/2017) |
|---|---|---|
| 09/27/2017 | 11 | MOTION for George F. Indest III to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by George Indest. (Attachments: # 1 Affidavit Affidavit of George F. Indest III, # 2 Florida–Letter of Good Standing, # 3 Louisiana–Letter of Good Standing, # 4 District of Columbia–Letter of Good Standing, # 5 Proposed Order)(Indest, George) (Entered: 09/27/2017) |
| 09/27/2017 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 11 MOTION for George F. Indest III to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 09/27/2017) |
| 09/28/2017 | 12 | NOTICE OF APPEARANCE by George F. Indest on behalf of The Health Law Firm. (Indest, George) (Entered: 09/28/2017) |
| 09/28/2017 | 13 | RESPONSE in Opposition to Motion re: 5 MOTION to Stay re: 1 Bankruptcy Appeal,.. Document filed by George Indest. (Attachments: # 1 Exhibit Index to Exhibits, # 2 Exhibit Exhibit 1 – Order, # 3 Exhibit Exhibit 2 – Final Judgment, # 4 Exhibit Exhibit 3 – Order, # 5 Exhibit Exhibit 4 – Trustee Status Report, # 6 Exhibit Exhibit 5 – Notice of Writ, # 7 Exhibit Exhibit 6 – Order)(Indest, George) (Entered: 09/28/2017) |
| 09/29/2017 | 14 | UNSIGNED ORDER TO SHOW CAUSE. filed by Neelam Taneja. (rdz) (Entered: 09/29/2017) |
| 09/30/2017 | 15 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION to Strike Document No. 14 *Opposition to "Order to Show Cause".* Document filed by George Indest. (Attachments: # 1 Exhibit Index to Exhibits, # 2 Exhibit Ex 1 – Final Judgment, # 3 Exhibit Ex 2 – Order Denying Stay, # 4 Exhibit Ex 3 – Order Granting Dismissal, # 5 Exhibit Ex 4 – Notice of Hearing, # 6 Exhibit Ex 5 – Motion to Recuse, # 7 Exhibit Ex 6 – Order Denying Recusal, # 8 Exhibit Ex 7 – False Filing, # 9 Exhibit Ex 8 – Opposition to Objection, # 10 Exhibit Ex 9 – Notice of False Filing, # 11 Exhibit Ex 10 – Final Judgment, # 12 Exhibit Ex 11 – Order to Show Cause)(Indest, George) Modified on 10/2/2017 (db). (Entered: 09/30/2017) |
| 10/02/2017 | | **\*\*\*NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney George F. Indest to RE–FILE Document 15 MOTION to Strike Document No. 14 *Opposition to "Order to Show Cause".* Use the event type Response to Order to Show Cause found under the event list Other Answers. (db)** (Entered: 10/02/2017) |
| 10/02/2017 | 16 | (Affirmation)OBJECTION TO MOTION TO STRIKE, re: 15 MOTION to Strike Document No. 14 *Opposition to "Order to Show Cause".* Document filed by Neelam Uppal. (Attachments: # 1 Exhibit)(sc) (Entered: 10/03/2017) |
| 10/03/2017 | 17 | RESPONSE re: 14 Order to Show Cause – Unsigned *Opposition to "Order to Show Cause".* Document filed by The Health Law Firm. (Attachments: # 1 Exhibit Index to Exhibits, # 2 Exhibit Ex 1 – Final Judgment, # 3 Exhibit Ex 2 – Order Denying Stay, # 4 Exhibit Ex 3 – Order Dismissing Appeal, # 5 Exhibit Ex 4 – Notice of Hearing, # 6 Exhibit Ex 5 – Motion to Recuse, # 7 Exhibit Ex 6 – Order Denying Recusal, # 8 Exhibit Ex 7 – False Filing, # 9 Exhibit Ex 8 – Reply to Objection, # 10 Exhibit Ex 9 – Notice of False Filing, # 11 Exhibit Ex 10 – Final Judgment, # 12 Exhibit Ex 11 – Order to Show Cause)(Indest, George) Modified on 10/3/2017 (sc). (Entered: 10/03/2017) |
| 10/04/2017 | 18 | ORDER granting 11 Motion for George F. Indest III to Appear Pro Hac Vice. (HEREBY ORDERED by Judge Edgardo Ramos)(Text Only Order) (Ramos, Edgardo) (Entered: 10/04/2017) |

| 10/12/2017 | 19 | NOTICE of of Appellees' Opposition to Appellant's Untimely Motion for Extension to File Brief. Document filed by George Indest. (Attachments: # 1 Exhibit Index to Exhibits, # 2 Exhibit Ex 1 – Motion to Extend, # 3 Exhibit Ex 2 – Order Denying Extension, # 4 Exhibit Ex 3 – Motion to Extend, # 5 Exhibit Ex 4 – Docket Sheet (excerpt))(Indest, George) (Entered: 10/12/2017) |
| 10/12/2017 | 20 | MOTION FOR EXTENSION OF TIME TO FILE BRIEF. Document filed by Neelam Taneja.(sc) (Entered: 10/16/2017) |
| 10/16/2017 | 21 | RESPONSE in Opposition to Motion re: 20 MOTION for Extension of Time to File. . Document filed by George Indest. (Attachments: # 1 Exhibit Index to Exhibits, # 2 Exhibit Ex 1 – Motion to Extend, # 3 Exhibit Ex 2 – Order Denying Extension, # 4 Exhibit Ex 3 – Motion to Extend, # 5 Exhibit Ex 4 – Docket Sheet (excerpt))(Indest, George) (Entered: 10/16/2017) |
| 10/16/2017 | 22 | BRIEF & OPPOSITION T DOC. 13; re: 13 Response in Opposition to Motion. Document filed by Neelam Taneja. (sc) (Entered: 10/17/2017) |
| 10/18/2017 | 23 | MOTION to Strike Document No. 22 *Appellant's Unauthorized Opposition to Opposition*. Document filed by George Indest.(Indest, George) (Entered: 10/18/2017) |
| 10/19/2017 | 24 | MEMO ENDORSEMENT granting 20 Letter Motion for Extension of Time to File Brief. ENDORSEMENT: Appellant's brief is now due November 2, 2017. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff. (Signed by Judge Edgardo Ramos on 10/19/2017) (cf) (Entered: 10/19/2017) |
| 10/19/2017 | | Set/Reset Deadlines: Appellant Brief due by 11/2/2017. (cf) (Entered: 10/19/2017) |
| 10/19/2017 | | Transmission to Docket Assistant Clerk. Transmitted re: 24 Order to the Docket Assistant Clerk for case processing. (cf) (Entered: 10/19/2017) |
| 10/20/2017 | | Mailed a copy of 24 Order on Motion for Extension of Time to File to Neelam Taneja, 1370 Broadway, #504, New York, NY 10018. (rro) (Entered: 10/20/2017) |
| 10/24/2017 | 25 | RESPONSE TO OPPOSITION, re: 21 Response in Opposition to Motion. Document filed by Neelam Taneja. (sc) (Entered: 10/24/2017) |
| 10/27/2017 | 26 | MOTION for Sanctions *Damages, Attorney's Fees and Costs*. Document filed by George Indest. (Attachments: # 1 Exhibit Index to Exhibits, # 2 Exhibit Ex 1 – Order Awarding Sanctions, # 3 Exhibit Ex 2 – Decisions of Chief Bankruptcy Judge Morris, # 4 Exhibit Ex 3 – Order of Dismissal, # 5 Exhibit Ex 4 – Letter serving advance copy Motion for Sanctions)(Indest, George) (Entered: 10/27/2017) |
| 10/30/2017 | 27 | (Affirmation)OPPOSITION TO MOTION TO STRIKE; re: 23 MOTION to Strike Document No. 22 *Appellant's Unauthorized Opposition to Opposition*. Document filed by Neelam Taneja. (sc) (Entered: 10/30/2017) |
| 11/01/2017 | 28 | APPELLANT'S INITIAL BRIEF(Amended). Document filed by Neelam Taneja. Appellee Brief due by 12/1/2017. (sc) (Entered: 11/01/2017) |
| 11/01/2017 | 29 | APPELLANT'S APPENDIX TO INITIAL BRIEF; re: to 28 Appellant's Brief. Document filed by Neelam Taneja.(sc) (Entered: 11/01/2017) |
| 11/01/2017 | 30 | SUPPLEMENT TO DESIGNATION OF ITEMS; re: to 2 Designation of Record on Appeal. Document filed by Neelam Taneja.(sc) (Entered: 11/01/2017) |
| 11/03/2017 | 31 | Objection re: 30 Appendix . Document filed by George Indest. (Indest, George) (Entered: 11/03/2017) |
| 11/13/2017 | 32 | OBJECTION TO OPPOSITION TO SUPPLEMENT TO DESIGNATION; re: 31 Objection (non–motion). Document filed by Neelam Taneja. (sc) (Entered: 11/13/2017) |
| 11/13/2017 | 33 | (Affirmation)OPPOSITION TO ATTONEY FEES & CROSS–MOTION; re: 26 MOTION for Sanctions *Damages, Attorney's Fees and Costs*. Document filed by Neelam Taneja. (sc) (Entered: 11/13/2017) |
| 11/13/2017 | 34 | NOTICE of Filing of Appellees' Reply to Opposition and Opposition to Cross–Motion (Doc. 33). Document filed by George Indest, The Health Law Firm. (Indest, George) (Entered: 11/13/2017) |

| | | |
|---|---|---|
| 11/20/2017 | 35 | ORDER denying 5 Motion to Stay; denying 23 Motion to Strike: For the aforementioned reasons, Health Law's motion to strike is DENIED. In addition, Taneja's motion to stay and request for an order to show cause are DENIED. The Clerk of Court is respectfully directed to terminate the motions (Docs. 5 and 23) and mail a copy of this Order to Debtor. (Signed by Judge Edgardo Ramos on 11/20/2017) (jwh) Modified on 11/28/2017 (jwh). (Entered: 11/21/2017) |
| 11/20/2017 | | Transmission to Docket Assistant Clerk. Transmitted re: 35 Order on Motion to Stay, Order on Motion to Strike, to the Docket Assistant Clerk for case processing. (jwh) (Entered: 11/21/2017) |
| 11/21/2017 | 36 | OBJECTION TO OPPOSITION TO CROSS–MOTION; re: 33 Affirmation in Opposition to Motion. Document filed by Neelam Taneja. (sc) (Entered: 11/21/2017) |
| 11/21/2017 | | Mailed a copy of 35 Order on Motion to Stay, Order on Motion to Strike, to Neelam Taneja 1370 Broadway #504 New York, NY 10018. (jgo) (Entered: 11/21/2017) |
| 11/28/2017 | 37 | EMERGENCY MOTION FOR RECONSIDERATION OF ORDER TO SHOW CAUSE FOR STAY & INJUNCTIVE RELIEF; re: 35 Order on Motion to Stay, Order on Motion to Strike. Document filed by Neelam Taneja.(sc) (Entered: 11/29/2017) |
| 11/29/2017 | 38 | MOTION for Extension of Time *to File Answer Brief*. Document filed by George Indest.(Indest, George) (Entered: 11/29/2017) |
| 11/30/2017 | 39 | MOTION to Direct *Appellant Neelam Taneja Uppal to Comply with Rules of Procedure & Authorize Clerk of Court to Strike Noncompliant Documents*. Document filed by George Indest, The Health Law Firm. (Attachments: # 1 Exhibit 1–Order of S.D. N.Y. dismissing Case No. 17–cv–7072)(Indest, George) (Entered: 11/30/2017) |
| 11/30/2017 | 40 | MEMO ENDORSEMENT granting 38 Motion for Extension of Time. ENDORSEMENT: Appellees' deadline to respond to Appellant's brief is adjourned to December 30, 2017. (Appellee Brief due by 12/30/2017.) (Signed by Judge Edgardo Ramos on 11/30/2017) (jwh) Modified on 12/12/2017 (jwh). (Entered: 12/01/2017) |
| 12/01/2017 | 41 | ORDER granting 39 Motion to Direct: Although in some instances, Health Law is incorrect about Taneja's compliance with the applicable rules of procedure, its motion is GRANTED and this Court orders Taneja to comply with the requirements of the Federal Rules of Civil Procedure, the Federal Appellate Rules of Procedure, and the Federal Rules of Bankruptcy Procedure, including that Taneja must: (1) sign and date all documents filed; (2) submit factual evidence for the Court's consideration through signed and notarized affidavits; and (3) correctly listing the case caption, party names, and attorney of record's name and law firm on every pleading, It is SO ORDERED. The Clerk of Court is respectfully directed to terminate the motion (Doc. 39) and to mail a copy of this order to Taneja. (Signed by Judge Edgardo Ramos on 12/1/2017) (jwh) (Entered: 12/01/2017) |
| 12/01/2017 | | Transmission to Docket Assistant Clerk. Transmitted re: 41 Order on Motion to Direct to the Docket Assistant Clerk for case processing. (jwh) (Entered: 12/01/2017) |
| 12/01/2017 | 42 | PRO SE CONSENT TO RECEIVE ELECTRONIC SERVICE. The following party: N. Uppal consents to receive electronic service via the ECF system. Document filed by Neelam Taneja.(sc) (sc). (Entered: 12/04/2017) |
| 12/01/2017 | 43 | (Affirmation)OBJECTION TO MOTION FOR COMPLIANCE; re: 39 MOTION to Direct *Appellant Neelam Taneja Uppal to Comply with Rules of Procedure & Authorize Clerk of Court to Strike Noncompliant Documents*. Document filed by Neelam Taneja. (sc) (Entered: 12/04/2017) |
| 12/01/2017 | 44 | PRO SE MEMORANDUM dated 12/1/17 re: CHANGE OF ADDRESS for Neelam T. Uppal, Neelam Uppal, Neelam Taneja. New Address: P.O. Box 1002, Largo, Florida, 33779. (sc) (Entered: 12/04/2017) |
| 12/04/2017 | | Mailed a copy of 41 Order on Motion to Direct to Neelam Taneja, P.O. Box 1002, Largo, FL 33779. (rro) (Entered: 12/04/2017) |
| 12/18/2017 | 45 | SUGGESTION OF BANKRUPTCY upon the record . Document filed by George Indest, The Health Law Firm (Attachments: # 1 Exhibit Notice of Chapter 13 Bankruptcy Case)(Indest, George) (Entered: 12/18/2017) |

| 12/21/2017 | 46 | ORDER denying 37 Motion for Reconsideration. For the aforementioned reasons, Taneja's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motion (Doc. 37). (Signed by Judge Edgardo Ramos on 12/20/2017) (cf) (Entered: 12/21/2017) |
|---|---|---|
| 12/27/2017 | 47 | SECOND MOTION for Extension of Time to File Answer *Brief*. Document filed by George Indest. (Attachments: # 1 Exhibit Index to Exhibits, # 2 Exhibit Ex 1–Notice Ch 13 Bankruptcy, # 3 Exhibit Ex 2–Notice of Preliminary Hearing, # 4 Exhibit Ex 3–Uppal "Order to Show Cause for Stay)(Indest, George) (Entered: 12/27/2017) |
| 12/28/2017 | 48 | MEMO ENDORSEMENT granting 47 Motion for Extension of Time to Answer. ENDORSEMENT: Defendants' motion for an extension is GRANTED. Defendants' answer brief will be due on February 16, 2018. SO ORDERED. (Signed by Judge Edgardo Ramos on 12/28/2017) (jwh) Modified on 12/29/2017 (jwh). (Entered: 12/29/2017) |
| 12/28/2017 | | Set/Reset Deadlines: Appellee Brief due by 2/16/2018. (jwh) (Entered: 12/29/2017) |
| 01/03/2018 | 49 | OBJECTION TO EXTENSION & CROSS–MOTION FOR SUMMARY ORDER TO DECLARE LOWER COURT'S JUDGMENT NULL & VOID; re: 47 SECOND MOTION for Extension of Time to File Answer *Brief*. Document filed by Neelam Taneja. (sc) (Entered: 01/03/2018) |
| 01/05/2018 | 50 | MEMO ENDORSEMENT on re: 49 Objection (non–motion) filed by Neelam Taneja. ENDORSEMENT: The application is DENIED as moot. (Signed by Judge Edgardo Ramos on 1/5/2018) (mml) (Entered: 01/05/2018) |
| 01/13/2018 | 51 | NOTICE of Filing Decision of Florida Bankruptcy Court Dismissing Appellant's Florida Bankruptcy. Document filed by George Indest. (Attachments: # 1 Exhibit Ex 1–Order Dismissing Bankruptcy)(Indest, George) (Entered: 01/13/2018) |
| 01/29/2018 | 52 | NOTICE of Filing U.S. Supreme Court Denying Petition for Writ of Certiorari. Document filed by George Indest. (Attachments: # 1 Exhibit U.S. Sup. Ct. Dismissal)(Indest, George) (Entered: 01/29/2018) |
| 02/15/2018 | 53 | Appellee's BRIEF. Document filed by George Indest. Appellant Reply Brief due by 3/1/2018. (Indest, George) (Entered: 02/15/2018) |
| 02/21/2018 | 54 | MOTION to Amend/Correct 53 Appellee's Brief . Document filed by George Indest. (Attachments: # 1 Exhibit Amended Answer Brief)(Indest, George) (Entered: 02/21/2018) |
| 02/23/2018 | 55 | MEMO ENDORSEMENT granting 54 Motion to Amend/Correct. ENDORSEMENT: Creditors' motion is GRANTED. Debtor's time to file a reply brief will be extended to March 8, 2018. (Signed by Judge Edgardo Ramos on 2/23/2018) (jwh) (Entered: 02/23/2018) |
| 02/23/2018 | | Set/Reset Deadlines: Appellant Reply Brief due by 3/8/2018. (jwh) (Entered: 02/23/2018) |
| 02/27/2018 | 56 | APPELLANT'S OBJECTION(Affirmation) TO APPELLEE'S MOTION TO AMEND & CROSS–MOTION FOR SANCTIONS OF THE APPELLEE; re: 54 MOTION to Amend/Correct 53 Appellee's Brief . Document filed by Neelam Taneja. (sc) (Entered: 02/28/2018) |
| 03/01/2018 | 57 | MEMO ENDORSEMENT on re: 56 Affirmation in Opposition to Motion filed by Neelam Taneja. ENDORSEMENT: Ms. Uppal's objection is DENIED as moot. Her reply brief is due by March 8, 2018. (Appellant Reply Brief due by 3/8/2018.) (Signed by Judge Edgardo Ramos on 3/1/2018) (jwh) (Entered: 03/02/2018) |
| 03/08/2018 | 58 | APPELLANT'S REPLY BRIEF. Document filed by Neelam Taneja. (sc) (Entered: 03/08/2018) |
| 03/08/2018 | 59 | APPELLANT'S APPENDIX TO REPLY BRIEF; re: to 58 Appellant's Reply Brief. Document filed by Neelam Taneja.(sc) (Entered: 03/08/2018) |
| 03/13/2018 | 60 | NOTICE of Related Cases. Document filed by George Indest. (Indest, George) (Entered: 03/13/2018) |

| 03/18/2018 | 61 | MOTION to Strike Document No. 59 . Document filed by George Indest.(Indest, George) (Entered: 03/18/2018) |
|---|---|---|
| 03/19/2018 | 62 | OBJECTION(Opposition) TO NOTICE OF FILING. Document filed by Neelam Taneja. (sc) (Entered: 03/19/2018) |
| 03/20/2018 | 63 | RESPONSE re: 62 Objection (non–motion) *in Opposition*. Document filed by George Indest. (Attachments: # 1 Exhibit Exhibit 1 – Docket Sheet)(Indest, George) (Entered: 03/20/2018) |
| 03/20/2018 | 64 | (Affirmation)APPELLANT'S OPPOSITION TO MOTION TO STRIKE REPLY BRIEF APPENDIX re: 61 MOTION to Strike Document No. 59 . Document filed by Neelam Taneja. (sc) Modified on 3/20/2018 (sc). (Entered: 03/20/2018) |
| 03/22/2018 | 65 | OBJECTION TO EXHIBIT. Document filed by Neelam Taneja. (sc) (Entered: 03/23/2018) |
| 03/29/2018 | 66 | ADDENDUM re: to 65 OBJECTION TO EXHIBIT. Document filed by Neelam Taneja.(sac) (Entered: 04/02/2018) |
| 04/16/2018 | 67 | OPINION AND ORDER re: 26 MOTION for Sanctions *Damages, Attorney's Fees and Costs* filed by George Indest, 61 MOTION to Strike Document No. 59 filed by George Indest. For the aforementioned reasons, the decisions of the Bankruptcy Judge are AFFIRMED and Health Law's motion for sanctions is GRANTED. The Clerk of Court is respectfully directed to terminate the outstanding motions (Docs. 26 and 61) and mail a copy of this Order to Debtor. (Signed by Judge Edgardo Ramos on 4/16/2018) (mro) (Entered: 04/17/2018) |
| 04/16/2018 | | Transmission to Docket Assistant Clerk. Transmitted re: 67 Memorandum & Opinion, to the Docket Assistant Clerk for case processing. (mro) (Entered: 04/17/2018) |
| 04/16/2018 | | Transmission to Judgments and Orders Clerk. Transmitted re: 67 Memorandum & Opinion, to the Judgments and Orders Clerk. (mro) (Entered: 04/18/2018) |
| 04/17/2018 | | Mailed a copy of 67 Memorandum & Opinion to Neelam Taneja, P.O. Box 1002, Largo, FL 33779. (rro) (Entered: 04/17/2018) |
| 04/18/2018 | 68 | CLERK'S JUDGMENT re: 67 Memorandum & Opinion in favor of The Health Law Firm, George Indest against Neelam Taneja in the amount of $5,000.00. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated April 16, 2018, the decisions of the Bankruptcy Judge are AFFIRMED and Health Law's motion for sanctions is GRANTED. Taneja is to refrain from making further frivolous filings and sanctions her in the form of a $5,000.00 fee to be paid to Appellees. (Signed by Clerk of Court Ruby Krajick on 04/18/2018) (Attachments: # 1 Right to Appeal)(km) (Entered: 04/18/2018) |
| 04/18/2018 | | Transmission to Docket Assistant Clerk. Transmitted re: 68 Clerk's Judgment to the Docket Assistant Clerk for case processing. (km) (Entered: 04/18/2018) |
| 04/19/2018 | | Mailed a copy of 68 Clerk's Judgment to Neelam Taneja P.O. Box 1002 Largo, FL 33779. (mhe) (Entered: 04/19/2018) |
| 04/24/2018 | 69 | NOTICE OF APPEAL from 68 Clerk's Judgment, 67 Memorandum & Opinion. Document filed by Neelam Taneja. Form D–P is due within 14 days to the Court of Appeals, Second Circuit. (tp) (Entered: 04/25/2018) |
| 04/25/2018 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 69 Notice of Appeal. (tp) (Entered: 04/25/2018) |
| 04/25/2018 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 69 Notice of Appeal filed by Neelam Taneja were transmitted to the U.S. Court of Appeals. (tp) (Entered: 04/25/2018) |