# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### NEW YORK, NEW YORK

NEELAM TANEJA
a/k/a NEELAM UPPAL,[1]                          Case No.:  18-1225

             Appellant-Plaintiff,

vs.                                             DC Case No.:  17-cv-5618 (ER)
                                                DC Court:  BAP S.D.N.Y.

THE HEALTH LAW FIRM and                         DC Judge:  Ramos
GEORGE F. INDEST III,

             Appellee-Defendants.
_____/

## APPELLEES' NOTICE OF RELATED CASES

**COME NOW** the Appellees/Defendants/Creditor and give notice to the Court

of the pendency of the following cases in the U. S. Courts of Appeals related to the

present one:

1.  <u>Uppal v. Indest et al.</u>, Case No. 17-3362cv, Second Circuit Court of
    Appeals, an appeal by Plaintiff-Appellant Neelam Taneja Uppal of the
    dismissal of a separate suit she filed in the U.S. District Court for the
    Southern District of New York (17-cv-7072), against George F. Indest
    III, The Health Law Firm, Charlene Rodriguez, George Barry
    Wilkinson, Wilkinson & Sadorf, P.A., Wells Fargo, Nationstar
    Mortgage LLC, Law Palmer Conde Associates, all creditors (or the
    attorneys of the creditors) from her prior bankruptcy filings;  she had
    filed Adversary Proceedings within the New York bankruptcy case

---

[1]    Sometimes Appellant Neelam Taneja Uppal uses "Taneja" as her last name
and sometimes she uses "Uppal" as her last name.

against each of these and all were dismissed by the Bankruptcy Court. Exhibit 1-2.

2.   <u>In re:  Neelam Taneja a/k/a Neelam Uppal</u>, Case No. 8:17-bk-10140-CPM, appeal of the decision of the Bankruptcy Court, M.D. Fla., Order Dismissing Case with Prejudice and Barring the Debtor from Filing a Bankruptcy Case for Two Years, and the related Order Denying Motion for Reconsideration of same.  Exhibits 3-5.

3.   <u>Neelam Taneja, a/k/a/ Neelam Uppal v Jeffrey L. Sapir</u>, Second Circuit Court of Appeals Case No. 18-890.  (Note:  Mr. Sapir was the Trustee in the underlying New York Bankruptcy Case;  it is unclear of the status of this case since Mr. Sapir has retired).  Exhibit 6.

The foregoing are all similar cases with the same Appellant and parties and with similar facts and issues.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will automatically serve each party that is a registered CM/ECF user for this case;  I have also served a copy of this on Debtor Neelam Taneja Uppal (<u>pro se</u>) her via e-mail address: <u>nneelu123@aol.com</u>; I have also served a copy of this on Debtor Neelam Taneja Uppal (<u>pro se</u>) by mailing it via U.S. mail, postage prepaid to her at the following addresses:

1)  17715 Gulf Boulevard, #705, Redington Shores, Florida 33782;  and
2)  Post Office Box 1002, Largo, Florida 33779;

on this 7th Day of May 2018.

/s/  George F. Indest III

_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.:  382426  (<u>Pro</u> <u>Hac</u> <u>Vice</u>)

Primary e-mail: GIndest@TheHealthLawFirm.com
Secondary e-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**ATTORNEYS FOR CREDITOR/DEFENDANT,**
**THE HEALTH LAW FIRM, P.A.**

**Exhibits:**

1) **Uppal v. Indest et al.,** **Case No. 17-cv-7072 (CM) (S.D.N.Y. Opinion and Order, Oct. 12, 2017))**

2) **Uppal v. Indest et al.,** **Case No. 17-3362cv (2d Circuit Docketing Order and Notice of Appeal filed Oct. 17, 2017) (Appealing Case No. 17-cv-7072 (CM) (S.D.N.Y.)**

3) **In re: Taneja,** **Case No. 8:17-bk-10140-CPM (Bankr. M.D. Fla., Order Dismissing Case, Jan. 11, 2018**

4) **In re: Taneja,** **Case No. 8:17-bk-10140-CPM (Bankr. M.D. Fla., Order Denying Motion for Reconsideration, Jan. 31, 2018)**

5) **In re: Taneja,** **Case No. 8:17-bk-10140-CPM (Bankr. M.D. Fla., , Notice of Appeal and Statement of Election, Feb. 12, 2018)**

6) **Uppal v. Sapir,** **Case No. 18-890 (2d Cir. General Docket) (Note: Mr. Sapir was the bankruptcy Trustee in the New York Bankruptcy Case below; he has since retired)**

GFI/pa
S:\Collections\1516-Uppal, Neelam, MD\017- 2nd Cir-Appeal NY Bankr Appeal 18-1225\Pleadings Drafts\Notice of Related Cases-Final w Exhibits.wpd

Page -3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEELAM T. UPPAL,<br><br>      Plaintiff,<br>   -against-<br><br>GEORGE F. INDEST III; HEALTH LAWFIRM; CHARLENE RODRIQUEZ; BARRY WILKINSON; SADORF & WILKINSON; WELLS FARGO; NATIONSTAR,<br><br>      Defendants. | 17-CV-7072 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se,* paid the filing fee to bring this complaint under the Court's federal question jurisdiction.[1] Plaintiff has now filed an order to show cause in which she appears to seek a stay in a bankruptcy proceeding in this District. For the reasons set forth below, the action is dismissed, and the order to show cause is denied as moot.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

---

[1] Plaintiff filed this action with an incomplete application for leave to proceed *in forma pauperis* (IFP). By order dated September 19, 2017, the Court directed Plaintiff to either file an amended IFP application, or pay the filing fee. Plaintiff paid the filing fee on September 29, 2017.

# EXHIBIT 1

[claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

On September 15, 2017, Plaintiff Neelam T. Uppal, a medical doctor, filed this complaint, which is not a model of clarity, against George F. Indest III, Health Law Firm, Charlene Rodriguez, Barry Wilkinson, Wilkinson, Sadorf & Wilkinson, Wells Fargo, and Nationstar. Invoking the Court's federal question jurisdiction, Plaintiff asserts claims under "RICO," 18 U.S.C. §§ 1961-1968, and claims of "deceptive tactics" and "false claims" under 18 U.S.C. § 1001.

Indest is counsel for the Health Law Firm, listed as an appellee in Plaintiff's pending bankruptcy appeal in this Court. *See In re: Neelam Taneja aka Neelam Uppal*, No. 17-CV-5618 (ER) (S.D.N.Y. filed July 24, 2017). It is not clear who the other individuals are. According to Plaintiff, Indest "made fabricated bills and false claims" in the bankruptcy court, and "tried to do collections while automatic stay was in effect," and Wilkinson conspired with Indest. The complaint sets forth no allegations against the other defendants. (ECF No. 2 ¶ III.). Plaintiff seeks money damages and to "waive sanction due to perjury have all the false claims paid back." (*Id.* ¶ IV.)

On July 29, 2017, Plaintiff filed in this case an order to show cause asserting that Indest lied to "the Seminole County Judge," and to the Southern District bankruptcy judge. Plaintiff seeks to have this Court hold Indest and the Health Law Firm in contempt "of this court's Order of Stay," and to "grant the order of preliminary injunction against the Creditor and the State Court by entering an injunction against the enforcement of the order entered to collect any judgment and enjoining and refraining the Defendant from taking any further collection or legal actions on the debtor." (ECF No. 5 ¶ 4.)

2

Plaintiff filed in the bankruptcy appeal pending before Judge Ramos a substantially similar order to show cause, and Indest has moved to strike that filing and for sanctions. (17-CV-5618, ECF Nos. 14-16.)

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly***,** 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal***,** 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

In this complaint, Plaintiff seeks relief under the Racketeer Influenced and Corrupt Organizations Act (RICO). RICO was enacted to "'to seek the eradication of organized crime in the United States.'" *Boritzer v. Calloway*, No. 10-CV-6264 (JPO), 2013 WL 311013, at *4 (S.D.N.Y. Jan. 24, 2013) (quoting Pub. L. No. 91452, Title IX, § 901(a) (Oct. 15, 1970)). The civil enforcement provision of RICO provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 . . . may sue therefor in any appropriate United States district court and shall recover threefold the damages…." 18 U.S.C. § 1964(c) (1995). In order to establish a violation of § 1962, a plaintiff must demonstrate: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an

"enterprise" (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting 18 U.S.C. § 1962(a)-(c) (1976)). To show conspiracy, Plaintiff must allege that Defendants "agreed to form and associate themselves with a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise." *Conte v. Newsday, Inc.,* 703 F. Supp. 2d 126, 133 (E.D.N.Y. 2010) (quoting *Cofacredit, S.A. v. Windsor Plumbing Supply Co.,* 187 F.3d 229, 244 (2d Cir. 1999)).

Plaintiff fails to provide any facts that would support a RICO claim. The complaint is devoid of a single fact suggesting that Defendants conspired against her. Plaintiff only mentions RICO in her complaint once, in response to a question in the Court's general complaint form asking "what federal Constitutional, statutory or treaty right is at issue?" (Compl. at 2.) In fact, Plaintiff asserts claims only against Indest, and asserts without factual support that Wilkinson "conspired" with Indest. Moreover, injunctive relief is not available under civil RICO. *See* 18 U.S.C. § 1964 (1995).

Plaintiff also cites to 18 U.S.C. § 1001, the federal false statement statute. That statute, however, does not provide for a private right of action. *See, e.g. Momot v. Dziarcak*, 208 F. Supp. 3d 450, 460 (N.D.N.Y. 2016) (holding that 18 U.S.C. § 1001 does not create a private right of action); *Faraldo v. Kessler*, No. 08-CV-0261, 2008 WL 216608, at *6 (E.D.N.Y. Jan. 23, 2008) (holding that 18 U.S.C. § 1001 does not allow for a private civil action); *Bender v. General Services Admin.,* No. 05-CV-6459 (PKC), 2006 WL 988241, at * 1 (S.D.N.Y. Apr. 14, 2006) (same); *Clements v. Miller*, No. 10-CV-2455, 2005 WL 2085497, at *4 (D. Colo. Aug. 29, 2005), aff'd, 189 F. App'x 688 (10th Cir. 2006).

4

In short, Plaintiff is attempting to relitigate in this Court, under the guise of a RICO action, state court and bankruptcy court matters, which she cannot do. *See Curtis & Assoc., P.C. v. Law Office of David M. Bushman, Esq.,* 758 F. Supp. 2d 153, 170 (E.D.N.Y. 2010) (state court claim should not be "re-litigated in federal court under the guise of a RICO action"). *See also* Federal Rule of Bankruptcy Procedure Rule 8002(a)(1) (to appeal an order of a Federal Bankruptcy Court in a Federal District Court, a party must file a notice of appeal in the Bankruptcy Court within fourteen days of the entry of the order being appealed). For these reasons, Plaintiff's complaint fails to state a claim on which relief may be granted.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because amendment would not cure the deficiencies in Plaintiff's complaint, the Court declines to grant Plaintiff an opportunity to amend.[2]

## LITIGATION HISTORY

Plaintiff is no stranger to federal court. According to PACER, Plaintiff has filed more than twenty-five cases in federal and circuit courts in New York, New Jersey, and Florida.[3] *See, e.g. Uppal v. NYS Dep't of Health*, No. 16-CV-3038 (VSB) (S.D.N.Y. filed Apr. 25, 2015) (motion to dismiss pending); *Uppal v. Florida Board of Medicine, et al.*, No. 14-CV-9024 (ER) (S.D.N.Y. Jan. 5, 2015) (denying order to show cause and transferring matter to the United States

---

[2] In any event, Plaintiff's order to show cause and claims against Indest are pending in the bankruptcy appeal before Judge Ramos.

[3] The Court may consider matters that are subject to judicial notice, including court records. *See* Fed. R. Evid. 201(b)-(c); *Schenk v. Citibank/Citigroup/ Citicorp,* No. 10-CV-5056 (SAS), 2010 WL 5094360, at *2 (S.D.N.Y. Dec. 9, 2010) (citing *Anderson v. Rochester–Genesee Reg'l Transp. Auth.,* 337 F.3d 201, 205 n.4 (2d Cir. 2003)).

5

District Court for the Middle District of Florida); *Uppal v. Hospital Corp. of America*, No. 09-CV-634, 2011 WL 2631869 (M.D. Fla. July 5, 2011) (granting motion to dismiss Title VII claims), *aff'd Uppal v. Hospital Corp. of America*, 482 F. App'x 394 (11th Cir. June 13, 2012). Plaintiff has previously been warned against pursuing frivolous litigation. *Uppal v. Uppal*, No. 10-CV- 2566, 2011 WL 2516676 (M.D. Fla. June 23, 2011) (dismissing action as "repetitive, vexatious, and frivolous," and warning Plaintiff against pursuing frivolous litigation). In addition, a judge of this Court has already alerted Plaintiff that applications for relief must be made in the first instance in the bankruptcy court, after which a notice of appeal may be filed. *See In re: Neelam Taneja*, No. 17-CV-6608 (KBF) (S.D.N.Y. Sept. 27, 2017) (dismissing for lack of jurisdiction emergency motion for recusal of bankruptcy judge; motion based in part on alleged false filings of Indest).

The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). In light of Plaintiff's litigation history, the Court finds that Plaintiff was, or should have been, aware when she filed this case that it lacked merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that further frivolous or duplicative litigation in this Court will result in an order barring her from filing new actions in this Court, regardless of whether she pays the filing fee or seeks leave to proceed *in forma pauperis*, without prior permission. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). The Court denies the order to show cause as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  October 12, 2017
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

7

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**ROBERT A. KATZMANN**
CHIEF JUDGE

Date: October 20, 2017
Docket #: 17-3362cv
Short Title: Uppal v. Indest

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

DC Docket #: 17-cv-7072
DC Court: SDNY (NEW YORK CITY)
DC Judge: McMahon

**DOCKETING NOTICE**

A notice of appeal filed by Neelam Uppal in the above referenced case was docketed today as 17-3362. This number must appear on all documents related to this case that are filed in this Court. For pro se parties the docket sheet with the caption page, and an Acknowledgment and Notice of Appearance Form are enclosed. In counseled cases the docket sheet is available on PACER. Counsel must access the Acknowledgment and Notice of Appearance Form from this Court's website http://www.ca2.uscourts.gov.

The form must be completed and returned within 14 days of the date of this notice. The form requires the following information:

YOUR CORRECT CONTACT INFORMATION: Review the party information on the docket sheet and note any incorrect information in writing on the Acknowledgment and Notice of Appearance Form.

The Court will contact one counsel per party or group of collectively represented parties when serving notice or issuing our order. Counsel must designate on the Acknowledgment and Notice of Appearance a lead attorney to accept all notices from this Court who, in turn will, be responsible for notifying any associated counsel.

CHANGE IN CONTACT INFORMATION: An attorney or pro se party who does not immediately notify the Court when contact information changes will not receive notices, documents and orders filed in the case.

An attorney and any pro se party who is permitted to file documents electronically in CM/ECF must notify the Court of a change to the user's mailing address, business address, telephone number, or e-mail. To update contact information, a Filing User must access PACER's Manage

**EXHIBIT 2**

My Appellate Filer Account, https://www.pacer.gov/psco/cgi-bin/cmecf/ea-login.pl. The Court's records will be updated within 1 business day of a user entering the change in PACER.

A pro se party who is not permitted to file documents electronically must notify the Court of a change in mailing address or telephone number by filing a letter with the Clerk of Court.

CAPTION: In an appeal, the Court uses the district court caption pursuant to FRAP 12(a), 32(a). For a petition for review or original proceeding the Court uses a caption pursuant to FRAP 15(a) or 21(a), respectively. Please review the caption carefully and promptly advise this Court of any improper or inaccurate designations in writing on the Acknowledgment and Notice of Appearance form. If a party has been terminated from the case the caption may reflect that change only if the district court judge ordered that the caption be amended.

APPELLATE DESIGNATIONS: Please review whether appellant is listed correctly on the party listing page of the docket sheet and in the caption. If there is an error, please note on the Acknowledgment and Notice of Appearance Form. Timely submission of the Acknowledgment and Notice of Appearance Form will constitute compliance with the requirement to file a Representation Statement required by FRAP 12(b).

For additional information consult the Court's instructions posted on the website.

Inquiries regarding this case may be directed to 212-857-8577.

# IN THE DISTRICT COURT OF APPEALS
# SOUTHERN DISTRICT OF NEW YORK

SDNY DOCKET CLK.

2017 OCT 16  PM 3: 48

## DISTRICT COURT
## CASE NO. 17-7072

**NEELAM T. UPPAL,**

**Appellant**

**V.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 1 6 2017

**GEORGE INDEST, ET AL**

**Appellee**

_____ /

## NOTICE OF APPEAL

The Appellant hereby files a Notice of Appeal for the Sue Sponte ORDER ENTERED on October 12, 2017
dismissing the case by Judge Collen Mcmahon.

(7)_____N, uppal_____

Name: (8)___Neelam Uppal___

Address: (9)___1370, Broadway___

_____# 504_____

___New york, N.Y-10018___

CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been furnished to (10)_____

_____george dudeel_____

_____ by

(11)_____ this (12)__13___ day of (13)____Oct_____, 20(17)___.

(7)_____N. uppal_____

Signature

FedEx Express

earthsmart
FedEx carbon-neutral
envelope shipping

ORIGIN ID:RBKA   (646) 740-9141
NEELAM TANEJA
369 LEXINGTON AVE FL 312
NEW YORK, NY 10017
UNITED STATES US

SHIP DATE: 14OCT17
ACTWGT: 0.30 LB
CAD: 6992302/SSF01822

BILL CREDIT CARD

TO US DISTRICT COURT
ATTN CLERK
500 PEARL ST
PRO SE INTAKE UNIT, RM 200
NEW YORK NY 10007

(000) 000-0000          REF:
THU    PO:              DEPT:



FedEx
Express

E

TRK# 7880 8012 7585
0201

MON – 16 OCT 3:00P
STANDARD OVERNIGHT

XA PCTA

10007
NY-US   EWR



CLOSED,APPEAL,ECF,PRO–SE,SUA–SPONTE

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:17–cv–07072–CM

| | |
|---|---|
| Uppal v. Indest et al | Date Filed: 09/15/2017 |
| Assigned to: Judge Colleen McMahon | Date Terminated: 10/12/2017 |
| Cause: 28:1331 Fed. Question | Jury Demand: Plaintiff |
| | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Neelam T. Uppal**                    represented by    **Neelam T. Uppal**
1370 Broadway
#504
New York, NY 10018
(646) 740–9141
Email: nneelu123@aol.com
PRO SE

V.

**Defendant**

**George F. Indest, III**

**Defendant**

**Health Law Firm**

**Defendant**

**Charlene Rodriguez**

**Defendant**

**Barry Wilkinson & Sadorf & Wilkinson**

**Defendant**

**Wells Fargo**

**Defendant**

**Nationstar**

**Defendant**

**Law Palmer Conde Ass.**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/15/2017 | 1 | REQUEST TO PROCEED IN FORMA PAUPERIS. Document filed by Neelam T. Uppal.(sac) (Entered: 09/18/2017) |
| 09/15/2017 | 2 | COMPLAINT against Barry Wilkinson & Sadorf & Wilkinson, Health Law Firm, George F. Indest, III, Law Palmer Conde Ass., Nationstar, Charlene Rodriguez, Wells Fargo. Document filed by Neelam T. Uppal.(sac) (Entered: 09/18/2017) |
| 09/15/2017 | | Case Designated ECF. (sac) (Entered: 09/18/2017) |
| 09/15/2017 | 3 | PRO SE CONSENT TO RECEIVE ELECTRONIC SERVICE. The following party: Neelam T. Uppal consents to receive electronic service via the ECF system. Document filed by Neelam T. Uppal.(sac) (Entered: 09/18/2017) |

| 09/19/2017 | 4 | ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION: Plaintiff is directed to render payment of the filing fee or submit an IFP application to this Court's *Pro Se* Office within thirty (30) days of the date of this Order. The Clerk of Court is directed to assign this matter to my docket. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). Filing Fee due by 10/19/2017. In Forma Pauperis (IFP) Application due by 10/19/2017. (Signed by Judge Colleen McMahon on 09/19/2017) (Attachments: # 1 Supplement ifp)(bl) (Entered: 09/19/2017) |
|---|---|---|
| 09/19/2017 | | Transmission to Docket Assistant Clerk. Transmitted re: 4 Order Directing Payment of Fee or IFP Application,,,, to the Docket Assistant Clerk for case processing. (bl) (Entered: 09/19/2017) |
| 09/19/2017 | | NOTICE OF CASE REASSIGNMENT – SUA SPONTE to Judge Colleen McMahon. Judge Unassigned is no longer assigned to the case. (jc) (Entered: 09/19/2017) |
| 09/19/2017 | | Mailed a copy of 4 Order Directing Payment of Fee or IFP Application to Neelam T. Uppal, 1370 Broadway, #504, New York, NY 10018. (rro) (Entered: 09/19/2017) |
| 09/29/2017 | | Pro Se Payment of Fee Processed: Cash processed by the Finance Department on 9/29/2017, Receipt Number 465401191891. (jkr) (Entered: 09/29/2017) |
| 09/29/2017 | 5 | UNSIGNED ORDER TO SHOW CAUSE. filed by Neelam T. Uppal. (rdz) (Entered: 09/29/2017) |
| 10/12/2017 | 6 | ORDER OF DISMISSAL: The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). The Court denies the order to show cause as moot. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). SO ORDERED. (Signed by Judge Colleen McMahon on 10/12/2017) (anc) (Entered: 10/12/2017) |
| 10/12/2017 | 7 | CIVIL JUDGMENT: IT IS ORDERED, ADJUDGED AND DECREED that the complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from the Court's judgment would not be taken in good faith. IT IS FURTHER ORDERED that the Clerk of Court mail a copy of this judgment to Plaintiff and note service on the docket. SO ORDERED. (Signed by Judge Colleen McMahon on 10/12/2017) (anc) (Entered: 10/12/2017) |
| 10/12/2017 | | Transmission to Docket Assistant Clerk. Transmitted re: 7 Judgment, 6 Order of Dismissal to the Docket Assistant Clerk for case processing. (anc) (Entered: 10/12/2017) |
| 10/12/2017 | | Mailed a copy of 7 Judgment – Sua Sponte (Complaint), 6 Order of Dismissal to Neelam T. Uppal, 1370 Broadway, #504, New York, NY 10018 with Right to Appeal forms attached. (rro) (Entered: 10/12/2017) |
| 10/16/2017 | 8 | NOTICE OF APPEAL from 6 Order of Dismissal. Document filed by Neelam T. Uppal. Form D–P is due within 14 days to the Court of Appeals, Second Circuit. (tp) (Entered: 10/17/2017) |
| 10/16/2017 | | Appeal Fee Due: for 8 Notice of Appeal. Appeal fee due by 10/30/2017. (tp) (Entered: 10/17/2017) |
| 10/16/2017 | | Appeal Remark as to 8 Notice of Appeal filed by Neelam T. Uppal. IFP DENIED 10/12/2017. (tp) (Entered: 10/17/2017) |
| 10/17/2017 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 8 Notice of Appeal. (tp) (Entered: 10/17/2017) |
| 10/17/2017 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 8 Notice of Appeal filed by Neelam T. Uppal were transmitted to the U.S. Court of Appeals. (tp) (Entered: 10/17/2017) |

ORDERED.

**Dated:  January 11, 2018**

*Catherine M. Ewen*

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                          Case No.:      8:17-bk-10140-CPM
                                                Chapter:       13
Neelam Taneja,
     aka Neelam Uppal,
     SSN: xxx-xx-3845
     Debtor, *in propria persona*.
_____/

**ORDER DISMISSING CASE
WITH PREJUDICE BARRING THE DEBTOR FROM
<u>FILING A BANKRUPTCY CASE FOR TWO YEARS</u>**

THIS CASE comes before the Court on December 28, 2017 at 9:30 a.m. to consider and rule upon the United States Trustee's Expedited Motion to Dismiss Case with Injunction, Barring the Debtor from Being a Debtor for Two Years and Providing In Rem Relief for Two Years Against Any Future Bankruptcy Filings.  (Doc. No. 16).  The Court provided adequate and sufficient notice and opportunity to be heard to all parties.  (Doc. Nos. 20 and 24).  The Debtor neither appeared at the hearing nor filed a response to the Motion.  At the hearing, the Court reviewed the Motion, heard from the parties, and reviewed the Court's records of the Debtor's multiple case filings as a whole.

# EXHIBIT 3

Upon the findings and conclusions stated upon the record in open court, which constitute the Court's ruling, **IT IS ORDERED** that:

1.       The Debtor, Neelam Taneja, constitutes an abusive serial bankruptcy filer, having filed four bankruptcy cases in the last eight years in two jurisdictions—the instant case being filed while the Debtor's bankruptcy case in the Southern District of New York remains pending on multiple appeals.[1]

2.        The United States Trustee's Motion to Dismiss Case with Injunction, Barring the Debtor from Being Debtor for Two Years, (Doc. No. 16), is **GRANTED** as follows.

3.       The bankruptcy case of *In re Neelam Taneja*, 8:17-bk-10140-CPM is **DISMISSED with prejudice.**

4.       In accordance with 11 U.S.C. § 105(a), 349, 707, Fed. R. Bankr. P. 1017, and 9020, the Debtor, Neelam Taneja, or any entity(ies) acting as trustee, guardian, representative, or other third-party by, for, or on his behalf, are jointly and individually **ENJOINED, BARRED, and PROHIBITED** from commencing any bankruptcy case petition for **TWO (2) YEARS** from **DECEMBER 28, 2017** through and including **DECEMBER 28, 2019**.

5.       None of the Debtor's debts, obligations, or liabilities are discharged.

6.       Should the Debtor fail to comply with the above prohibition and file for bankruptcy relief prior to **DECEMBER 28, 2019**, then no automatic stay under 11 U.S.C. § 362 will go into effect with respect to any property owned or occupied by the Debtor at that time and the Court will strike the bankruptcy petition.

---

[1] *Taneja v. The Health Law Firm (n re Taneja)*, 1:17-cv-05618-ER (S.D.N.Y.); *Taneja v. Wilkinson (In re Taneja)*, 1:17-cv-08510-VSB (S.D.N.Y.); *Taneja v. Sapir (In re Taneja)*, 1:17-cv-09429-JGK (S.D.N.Y.)(appeal of bankruptcy court order dismissing bankruptcy case *In re Taneja*, 1:16-bk-12356-cgm (Bankr. S.D.N.Y.)).

7.      Should a transferee of the Debtor file for bankruptcy relief prior to **DECEMBER 28, 2019**, then no automatic stay will go into effect with respect to any property transferred from the Debtor to the transferee.

8.      **ALL COURT JUDGES AND CLERKS ARE HEREBY NOTIFIED:**

**THE FILING OF A BANKRUPTCY PETITION FILED BY THE DEBTOR PRIOR DECEMBER 28, 2019, SHALL NOT STOP ANY FORECLOSURE SALE OR OTHER COURT PROCEEDING SCHEDULED PRIOR TO THAT DATE WITH RESPECT TO ANY PROPERTY OWNED OR OCCUPIED BY THE DEBTOR AT THAT TIME.**

**SIMILARLY, THE FILING OF A BANKRUPTCY PETITION BY A TRANSFEREE OF THE DEBTOR PRIOR TO DECEMBER 28, 2019, SHALL NOT STOP ANY FORECLOSURE SALE OR OTHER COURT PROCEEDING SCHEDULED PRIOR TO THAT DATE WITH RESPECT TO PROPERTY THAT WAS TRANSFERRED FROM THE DEBTOR TO THE TRANSFEREE.**

9.      Any party may record a certified copy of this Order in compliance with applicable State laws governing notices of interests or liens by appending to the filing a true and correct legal property description.

10.     The Debtor, and any person claiming an interest by and through, and/or under the Debtor, shall be prohibited from filing any future bankruptcies under Title 11 of the United States Bankruptcy Code, an any Bankruptcy Court of the United States of America, for the next TWO (2) YEARS.  Any filing in violation of this Order shall be considered NULL and VOID and will neither affect nor act as a stay against any of the Debtor's creditors.

11.     The automatic stay of 11 U.S.C. § 362(a) shall not be in effect if any third party purchaser of any of the Debtor's property is not a Bona Fide Purchaser.

12.     This Court specifically admonishes the State Court(s) to not halt any proceedings in State Court, should the Debtor attempt to file bankruptcy within the next TWO (2) YEARS.

13.     The Trustee shall return to the Debtor any remaining funds on hand not previously disbursed, notwithstanding any other court orders, and shall thereafter file his final report, upon which filing, he will be discharged of his duties as Trustee.  The Trustee shall return the aforementioned funds on hand to the Debtor, and in care of the Debtor's attorney, when represented by an attorney.

14.     This Court **RETAINS JURISDICTION** to enforce the terms and provisions of this Order.

Clerk's Office to serve order.

ORDERED.

**Dated:  January 31, 2018**

Catherine M. Ewen

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
flmb.uscourts.gov

In re

  NEELAM TANEJA,                                  Case No. 8:17-bk-10140-CPM
                                                         Chapter 13

      Debtor.

_____/

### ORDER DENYING MOTION FOR RECONSIDERATION
### OF ORDER GRANTING MOTION TO DISMISS CASE WITH PREJUDICE

THIS CASE came on for consideration of the Debtor's motion (the "Motion for Reconsideration") (Doc. 45) seeking reconsideration of the Court's order (the "Dismissal Order") (Doc. 40), which granted the United States Trustee's motion (the "Motion to Dismiss") (Doc. 16) to dismiss this case with prejudice, following a hearing on December 28, 2017.  The Motion states, among other things, that the Debtor was not served with a copy of the Motion to Dismiss or with a copy of the notice of hearing on the Motion to Dismiss.  However, the Certificate of Service attached to the Motion to Dismiss reflects that the United States Trustee served a copy of that motion on the Debtor at both the physical address and the post office address provided by the Debtor in the petition (Doc. 1), and the Court's Certificate of Notice (Doc. 24) shows that the hearing notice was served by the Bankruptcy Noticing Center on the

# EXHIBIT 4

Debtor at both addresses.[1]   The Court also notes that the post office address provided in the petition is the same address the Debtor gave as her address in the Motion for Reconsideration.

Moreover, the record reflects that the Debtor failed to receive a briefing from an approved credit counseling agency within 180 days *prior* to fling the petition, despite a representation made to the contrary in the Debtor's petition, which she signed under penalty of perjury.  The Certificate of Counseling (Doc. 14) filed by the Debtor confirms that she received counseling on December 11, 2017, which is *after* she filed the petition on December 6, 2017.  Thus, the Debtor is ineligible to be a debtor under 11 U.S.C. § 109(h), an infirmity the Debtor could not have cured even if she had appeared at the December 28th hearing.

Finally, the record shows that between December 19, 2012, and August 15, 2016, the Debtor filed four prior bankruptcy cases (three in Florida and one in New York) all of which were dismissed without entry of a discharge.[2]   Because the Court may take judicial notice of these filings, the Debtor's presence was not necessary for this Court to conclude that the Debtor is an abusive serial filer.

Accordingly, it is

**ORDERED** that the Motion for Reconsideration is DENIED.  The Dismissal Order, which bars the Debtor from filing another bankruptcy case within two years from the dismissal date, remains in full force and effect.

The Clerk is directed to serve a copy of this order on the Debtor and all interested non-CM/ECF users.

---

[1] Under long standing common law, a properly mailed item is presumed to have been received by addressee.  *See, e.g., Bazemore v. Jefferson Capital Systems, LLC,* 827 F.3d 1325, 1334 n.2 (11th Cir. 2016) (citation omitted).

[2] *See* Case Nos. 12-bk-18946 (filed December 19, 2012, and dismissed on January 11, 2013); 13-bk-05601 (filed April 29, 2013, and dismissed on September 17, 2013), 15-bk-00594 (filed January 22, 2015, and dismissed September 1, 2015); and 16-bk-12356 (filed August 15, 2016, and dismissed on November 22, 2017).

Official Form 417A (12/15)

**Filed Via Mail**

**FEB 12 2018**

CLERK, US BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Tampa DIVISION

2 Pages Scanned by SC

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

17-10140-CPM

1. Name(s) of appellant(s):
   Neelam Taueja

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☒ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Dismissal of bankruptcy &
   Barring Debtor Reconsideration

2. State the date on which the judgment, order, or decree was entered: Jan 31, 2018 & Jan5, 201

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Trustee     Attorney: Jou Waage
   P O box 25001
   Bradenton, FL 34206

2. Party: _____   Attorney: _____
   _____
   _____

# EXHIBIT 5

Official Form 417A          Notice of Appeal and Statement of Election          page 1

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

N. Tauya

Date: 2/9/18

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

P.O. box 1002
Largo, FL - 33779
7278 603-0022

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**General Docket**
**Court of Appeals, 2nd Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 18-890 | **Docketed:** 03/30/2018 |
| **Nature of Suit:** 3422 STATUTES-Bkrup Appeals 801 | |
| In Re: Neelam Taneja | |
| **Appeal From:** SDNY (NEW YORK CITY) | |
| **Fee Status:** IFP Pending in USCA | |

**Case Type Information:**
  **1)** Bankruptcy
  **2)** District Court
  **3)** none

**Originating Court Information:**
  **District:** 0208-1 : 17-cv-9429
  **Trial Judge:** John G. Koeltl, U.S. District Judge
  **Date Filed:** 12/01/2017

| **Date Order/Judgment:** | **Date Order/Judgment EOD:** | **Date NOA Filed:** | **Date Rec'd COA:** |
|---|---|---|---|
| 03/23/2018 | 03/23/2018 | 03/29/2018 | 03/30/2018 |

**Prior Cases:**
  None

**Current Cases:**
  None

**Panel Assignment:**     Not available

---

| | |
|---|---|
| Neelam Taneja, AKA Neelam T. Uppal<br>      Debtor - Appellant | Neelam Taneja, -<br>Direct: 727-646-9141<br>[NTC Pro Se]<br>P.O. Box 1002<br>Largo, FL 33781 |
| ------------------------- | |
| Jeffrey L. Sapir<br>      Creditor - Appellee | Jeffrey L. Sapir, Esq., Bankruptcy Counsel<br>Direct: 914-328-7272<br>[COR LD NTC Attorney, Pro se]<br>Law Office of Jeffrey L Sapir<br>Suite 102<br>399 Knollwood Road<br>White Plains, NY 10603 |

# EXHIBIT 6

5/1/2018

Case 17-3225, Document 116, 05/07/2018, 2297194, Page27 of 28
Case 17-3362, Document 129, 05/03/2018, 2294742, Page29 of 30
Case 17-3362, Document 125, 05/01/2018, 2292839, Page29 of 30

18-390 Docket

In Re: Neelam Taneja
        Debtor.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Neelam Taneja, AKA Neelam Uppal,

        Debtor - Appellant,

v.

Jeffrey L. Sapir,

        Creditor - Appellee.

5/1/2018

Case 18-1225, Document 116, 05/07/2018, 2297494, Page29 of 30
Case 17-3362, Document 129, 05/03/2018, 2294794, Page29 of 30
Case 17-3362, Document 125, 05/01/2018, 2292839, Page30 of 30

18-890 Docket

| 03/30/2018 | 1<br>33 pg, 6.35 MB | NOTICE OF BANKRUPTCY APPEAL, with district court docket, on behalf of Appellant Neelam Taneja, FILED. [2269174] [18-890] [Entered: 04/02/2018 09:03 AM] |
|---|---|---|
| 03/30/2018 | 2<br>3 pg, 64.98 KB | DISTRICT COURT MEMORANDUM OPINION & ORDER, dated 03/21/2018, RECEIVED.[2269185] [18-890] [Entered: 04/02/2018 09:11 AM] |
| 03/30/2018 | 3<br>1 pg, 35.51 KB | DISTRICT COURT JUDGMENT, dated 03/23/2018, RECEIVED.[2269188] [18-890] [Entered: 04/02/2018 09:13 AM] |
| 03/30/2018 | 4 | MOTION, to proceed in forma pauperis, on behalf of Appellant Neelam Taneja, FILED. No Service.[2269189] [18-890] [Entered: 04/02/2018 09:14 AM] |
| 03/30/2018 | 5 | EMERGENCY MOTION, for injunction and stay, on behalf of Appellant Neelam Taneja, FILED. No Service. [2269199] [18-890]--[Edited 04/02/2018 by KJW] [Entered: 04/02/2018 09:18 AM] |
| 03/30/2018 | 6<br>5 pg, 63.61 KB | ELECTRONIC INDEX, in lieu of record, FILED.[2269201] [18-890] [Entered: 04/02/2018 09:19 AM] |
| 04/02/2018 | 9<br>2 pg, 17.48 KB | DEFECTIVE DOCUMENT, MOTION TO PROCEED IN FORMA PAUPERIS, [4], on behalf of Appellant Neelam Taneja, copy to pro se, FILED.[2269215] [18-890] [Entered: 04/02/2018 09:25 AM] |
| 04/02/2018 | 10<br>2 pg, 17.53 KB | DEFECTIVE DOCUMENT, EMERGENCY MOTION FOR INJUNCTION AND STAY, [5], on behalf of Appellant Neelam Taneja, copy to pro se appellant, FILED.[2269224] [18-890] [Entered: 04/02/2018 09:29 AM] |
| 04/02/2018 | 11<br>1 pg, 9.1 KB | INSTRUCTIONAL FORMS, to Pro Se litigant, SENT.[2269234] [18-890] [Entered: 04/02/2018 09:32 AM] |
| 04/06/2018 | 13 | MOTION, to stay appeal pursuant to 11 USC 362(c)(4)(C), on behalf of Appellant Neelam Taneja, FILED. [2277620] [18-890]--[Edited 04/12/2018 by KJW] [Entered: 04/12/2018 11:04 AM] |
| 04/12/2018 | 14<br>2 pg, 17.48 KB | DEFECTIVE DOCUMENT, MOTION TO STAY APPEAL PURSUANT TO 11 USC(c)(4)(C), [13], on behalf of Appellant Neelam Taneja, copy to pro se appellant, FILED.[2277637] [18-890] [Entered: 04/12/2018 11:12 AM] |
| 04/18/2018 | 15<br>1 pg, 9.64 KB | NOTICE, to Appellee Jeffrey L. Sapir, for failure to file an appearance, SENT.[2282145] [18-890] [Entered: 04/18/2018 11:02 AM] |
| 04/18/2018 | 16<br>1 pg, 36.49 KB | ORDER, dated 04/18/2018, dismissing appeal by 05/09/2018, unless Appellant Neelam Taneja, submits Form D-P, copy to pro se appellant, FILED.[2282155] [18-890] [Entered: 04/18/2018 11:07 AM] |
| 04/18/2018 | 17<br>1 pg, 36.61 KB | ORDER, dated 04/18/2018, dismissing appeal by 05/09/2018, unless Appellant Neelam Taneja, submits Acknowledgment and Notice of Appearance, copy to pro se appellant, FILED.[2282170] [18-890] [Entered: 04/18/2018 11:12 AM] |
| 04/24/2018 | 20<br>3 pg, 1.08 MB | ACKNOWLEDGMENT AND NOTICE OF APPEARANCE FORM, on behalf of Party Neelam Taneja, FILED. Service date 04/20/2018 by US mail.[2289640] [18-890] [Entered: 04/27/2018 09:05 AM] |
| 05/01/2018 | 25<br>1 pg, 36.45 KB | STRIKE ORDER, striking Appellant Neelam Taneja motion to proceed in forma pauperis [4] from the docket, copy to pro se appellant, FILED.[2291910] [18-890] [Entered: 05/01/2018 10:09 AM] |
| 05/01/2018 | 26<br>2 pg, 38.55 KB | ORDER, dated 05/01/2018, dismissing appeal by 05/22/2018, unless Appellant Neelam Taneja, submits fee or moves to proceed in forma pauperis, copy to pro se appellant, FILED.[2291928] [18-890] [Entered: 05/01/2018 10:15 AM] |