## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

### MOTION INFORMATION STATEMENT

Docket Number(s): 18-1225      Caption [use short title]

Motion for: Appellees'-Defendants' Motion to Require
Appellant-Plaintiff to Pay Sanctions, Costs, and Attorney's
Fees Assessed by Lower Courts Prior to Appeal

Set forth below precise, complete statement of relief sought:

(1) Order Appellant to pay all judgments assessed by
lower courts; or (2) order Appellant to post bond for all
judgments assessed by lower courts; and (3) dismiss
case if Court's Order not accomplished within 30 days
of date ordered.

Neelam Taneja v. Indest, et al.

MOVING PARTY: The Health Law Firm      OPPOSING PARTY: Neelam Taneja Uppal (pro se)

☐ Plaintiff    ☐ Defendant

☐ Appellant/Petitioner    ☑ Appellee/Respondent

MOVING ATTORNEY: George F. Indest III      OPPOSING ATTORNEY: Appellant is pro se

[name of attorney, with firm, address, phone number and e-mail]

George F. Indest III      Altamonte Springs, Florida 32714

The Health Law Firm      (407) 331-6620

1101 Douglas Avenue      GIndest@TheHealthLawFirm.com

Court- Judge/ Agency appealed from: U.S. District Court Southern District of New York (Case No.: 17-cv-5618)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date: _____

**Signature of Moving Attorney:**
_George F. Indest III_ Date: 5/16/2018 Service by: ☐ CM/ECF ☑ Other [Attach proof of service]

Form T-1080 (rev. 12-13)

**Tina Mesibov**

| | |
|---|---|
| **From:** | Tina Mesibov |
| **Sent:** | Wednesday, May 16, 2018 10:23 AM |
| **To:** | nneelu123@aol.com |
| **Cc:** | Paula Alexander; Tina Mesibov |
| **Subject:** | SERVICE OF COURT DOCUMENT - Case No. 18-1225 |
| **Attachments:** | Mtn Pymt Fees-Bond-rev6-Final.pdf |

| COURT | United States Court of Appeals for the Second Circuit New York, New York |
|---|---|
| **CASE NUMBER** | 18-1225 |
| **Appellant/Plaintiff** | Neelam Taneja a/k/a Neelam Uppal |
| **Appellee/Defendant** | The Health Law Firm |
| **DOCUMENT(S)** | Appellees'-Defendants' Motion to Require Appellant-Plaintiff to Pay Sanctions, Costs, and Attorney's Fees Assessed by Lower Courts Prior to Appeal |
| **SENDER** | George F. Indest III, Esquire THE HEALTH LAW FIRM Attorney for The Health Law Firm Telephone Number: (407) 331-6620 |

Tina Mesibov
Paralegal/Legal Assistant
The Health Law Firm
1101 Douglas Avenue
Altamonte Springs, FL 32714
Phone: (407) 331-6620
Fax:     (407) 331-3030
E-mail: tmesibov@thehealthlawfirm.com



Website | Blog | Facebook | Twitter

This communication is privileged and confidential. It is intended only for the person(s) to whom it is directed. It may contain information that is sensitive, private and covered by the attorney-client privilege, the attorney work-product privilege, the medical peer review privilege, the medical risk management privilege or other privileges. If you have received this by mistake, please do not read it or copy it. Please delete it immediately and notify the undersigned at the address and telephone number indicated (including your e-mail

1

address so that we may correct any erroneous information we may have).  We do not provide legal advice over the internet or in e-mails, nor will be agree to represent a party through e-mail.

**Tina Mesibov**

| | |
|---|---|
| **From:** | Microsoft Outlook |
| **To:** | nneelu123@aol.com |
| **Sent:** | Wednesday, May 16, 2018 10:23 AM |
| **Subject:** | Relayed: SERVICE OF COURT DOCUMENT - Case No. 18-1225 |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

nneelu123@aol.com (nneelu123@aol.com)

Subject: SERVICE OF COURT DOCUMENT - Case No. 18-1225



SERVICE OF
COURT DOCUM...

1

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## NEW YORK, NEW YORK

NEELAM TANEJA
a/k/a NEELAM UPPAL,[1]

        Appellant-Plaintiff,

vs.

THE HEALTH LAW FIRM and
GEORGE F. INDEST III,

        Appellees-Defendants.

_____/

Case No.:  18-1225

DC Case No.:  17-cv-5618
DC Court:  SDNY (New York City)

DC Judge:  Ramos

## <u>APPELLEES'-DEFENDANTS' MOTION TO REQUIRE APPELLANT-</u>

## <u>PLAINTIFF TO PAY SANCTIONS, COSTS, AND ATTORNEY'S FEES</u>

## <u>ASSESSED BY LOWER COURTS PRIOR TO APPEAL</u>

**COME NOW** Appellees-Defendants the Health Law Firm and George F.

Indest III,[2] and file this Motion, pursuant to Rules 7, 38 and 39, Federal Rules of

---

[1]   Sometimes Appellant-Plaintiff-Debtor Neelam Taneja Uppal uses "Taneja" as her last name and sometimes she uses "Uppal" as her last name.

[2]   The Health Law Firm is a judgment creditor of Appellant-Plaintiff-Debtor Neelam Taneja Uppal and was listed as a creditor in the New York bankruptcy action below.  George F. Indest III is merely one of the attorneys of The Health Law Firm and is not, himself, a creditor.  However, in the Adversary Proceeding that Appellant-Plaintiff-Debtor Neelam Taneja Uppal filed in the New York bankruptcy proceeding below, she named Mr. Indest, individually as a Defendant.

Page 1 of  16

Appellate Procedure, requesting that Appellant-Plaintiff-Debtor Neelam Taneja Uppal[3] be required to pay the sanctions, costs and attorney's fees she was ordered to pay by the Courts below, before being allowed to proceed with this appeal, stating:

## **BACKGROUND AND FACTS**

1.      Appellant-Plaintiff-Debtor Neelam Taneja Uppal is a vexatious, abusive pro se litigant.  She has previously been censured and sanctioned by the U.S. District Court for the Southern District of New York.  (See Exhibit 1 for details of her vexatious and abusive litigation.)

2.      Appellant-Plaintiff-Debtor Neelam Taneja Uppal was prohibited from filing an appeal as an indigent by the District Court in case number 17-cv-7072 (CM) because of her vexatious abuse of the court system.  (Exhibit 1.)

3.      These Appellees-Defendants received a Final Judgment of attorney's fees and costs against Appellant-Plaintiff-Debtor Neelam Taneja Uppal from the Bankruptcy Court of the Southern District of New York on July 19, 2017 (Exhibit 2) because of her frivolous and abusive bankruptcy pleadings.  Appellant-Plaintiff-Debtor Neelam Taneja Uppal was assessed a total of $57,435.55, to be paid to these

---

[3]      Appellant-Plaintiff-Debtor Neelam Taneja Uppal uses different variations of her name in her different court proceedings, without explaining why.  We are using her complete name in this motion.

Page 2 of  16

Appellees-Defendants.

4.      The Bankruptcy Court in Exhibit 2 awarded fees, costs and sanctions pursuant to Rule 11, Federal Rules of Civil Procedure, and Rule 8011, Federal Rules of Bankruptcy Procedure. The Court awarded "the total amount of attorney's fees and costs of $57,435.33, to be designated as sanctions. . . ." (Exhibit 2)  Appellant-Plaintiff-Debtor Neelam Taneja Uppal has made no attempt to pay any portion of this.

5.      Instead, Appellant-Plaintiff-Debtor Neelam Taneja Uppal frivolously appealed the Bankruptcy Court Judgment to the U.S. District Court for the Southern District of New York. The District Court denied her appeal and entered a Final Judgment against her for an additional $5,000 in attorney's fees and costs because of her frivolous and abusive appeal. (Exhibits 3 & 4)  Appellant-Plaintiff-Debtor Neelam Taneja Uppal has made no attempt to pay any portion of this.

6.      In a different case Appellant-Plaintiff-Debtor Neelam Taneja Uppal filed against these Appellees-Defendants in bad faith in the U.S. District Court for the Southern District of New York, the Chief District Court Judge entered an order dismissing her complaint. (Exhibit 1)

7.      The Chief Judge of the District Court for the Southern District of New York entered a decision in that case advising Appellant-Plaintiff-Debtor Neelam Taneja Uppal that if she appealed, her appeal would be a frivolous one, stating: "The

Page 3 of  16

Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith." (Exhibit 1, p. 7)

8.     Appellant-Plaintiff-Debtor Neelam Taneja Uppal unsuccessfully brought a bankruptcy case and an Adversarial Proceeding as a separate action against these Appellees-Defendants in the Bankruptcy Court for the Southern District of New York. (Exhibits 3 & 4) Having lost, she then appealed to the Bankruptcy Appeal Panel for U.S. District Court for the Southern District of New York, losing that appeal. (Exhibits 3 & 4)

9.     Appellant-Plaintiff-Debtor Neelam Taneja Uppal has now appealed, once again, to the Circuit Court of Appeals in what she knows is a frivolous, bad faith appeal.

10.    The sole purpose of her appeal is to unnecessarily delay the collection of valid debts she owes and to harass these Appellees.

11.    At the same time Appellant-Plaintiff-Debtor Neelam Taneja Uppal is litigating a pending bankruptcy in New York filed while claiming she was a New York resident, she is also involved in filing a bankruptcy in Florida, claiming she is a Florida resident. She filed in the Bankruptcy Court for the Middle District of Florida on November 8, 2017 (her sixth such filing). This resulted in sanctions recently being entered against her by the U.S. Bankruptcy Court for the Middle

District of Florida. (Exhibits 5 & 6)

12. By filing the Adversary Proceeding in New York, Appellant-Plaintiff-Debtor Neelam Taneja Uppal was engaged in forum shopping, seeking to find a forum friendly to her outrageously vexatious litigation, having previously exhausted her credibility in the Florida Courts. This is also shown by her attempting to proceed once again in the Florida courts when she saw she would not get anywhere in the New York courts. (Exhibits 5 & 6)

13. In the underlying Adversary Proceeding she filed in the Bankruptcy Court of the Southern District of New York, on February 16, 2017, Case No. 17-ap-01027 (Doc. 1), Appellant-Plaintiff-Debtor Neelam Taneja Uppal brought allegations of these Defendants'/Appellees':

    a. "Violating the False Claims Act" (Doc. 1, p. 4, Para. 22). (Note that the False Claims Act 31 U.S.C. 3729 contains attorney's fees provisions at 3730 (d) & (g).)

    b. Violating the automatic stay provisions, of Sect. 362(k)(1) of the Bankruptcy Code (Complaint, Doc. 1, pp. 4 & 6), and she requested her attorney's fees and costs, pursuant to that law.

    c. Violations of "362(h) and [11 U.S.C. Sect.] 1301" pg. 10 of Complaint.

14. In the appeal Appellant-Plaintiff-Debtor Neelam Taneja Uppal filed from the dismissal of that case with the U.S. District Court for the Southern District of New

York, Case No. 17-cv-5618-ER, in her Initial Brief (Doc. 28), she also alleged violations by these Appellees-Defendants of:

a.  Rule 9011 [Federal Rules of Bankruptcy Procedure] (Initial Brief, Doc. 28, pp. 16, 17, 18; p.23 (Para 20); p. 27; & p. 33); and

b.  Rule 11 [Federal Rules of Civil Procedure] (Initial Brief, Doc. 28, p. 18).

15.  Appellant-Plaintiff-Debtor Neelam Taneja Uppal requested an assessment of attorney's fees and costs against the Appellees-Defendants in the underlying action and the foregoing laws and rules authorize attorney's fees and costs.

16.  Since Appellant-Plaintiff-Debtor Neelam Taneja Uppal brought actions seeking attorney's fees and costs from these Appellees-Defendants under laws and rules which allowed for such assessments, case law is clear that these Appellees-Defendants, as the prevailing parties, are now entitled to have their attorney's fees and costs paid by her.

17.  Furthermore, Appellant-Plaintiff-Debtor Neelam Taneja Uppal, in all of the cases discussed above, has always been seeking to relitigate the same issues she originally litigated in the state court actions in Florida which she previously lost in a trial court judgment entered against her on December 22, 2015 (Exhibit 7), and which she appealed through the Florida state courts unsuccessfully (Exhibits 8 & 9).

18.     This Court should require Appellant-Plaintiff-Debtor Neelam Taneja Uppal to pay the amounts she was previously ordered to pay in lower court orders, prior to allowing her appeal to go forward. These form the basis for her current New York cases.

19.     Appellant-Plaintiff-Debtor Neelam Taneja Uppal should be required to pay prior costs and fees that have been assessed by Final Judgments against her by the U.S. Bankruptcy Court and the U.S. District Court, Southern District of New York, before being allowed to proceed with any further appeals.

20.     Appellant-Plaintiff-Debtor Neelam Taneja Uppal should be required to comply with all prior court orders and decisions before being allowed to file or pursue any further appeals.

21.     Alternatively, Appellant-Plaintiff-Debtor Neelam Taneja Uppal should be required to post an appeal bond for the amounts previously adjudicated against her by both the lower U.S. courts and the Florida state court actions pursuant to Rule 41(d), Federal Rules of Civil Procedure, and Rules 7, 38 and 39, Federal Rules of Appellate Procedure, and the inherent authority of this Court.

22.     This motion was originally presented to the lower court on April 26, 2017. (Doc. 71). It was denied. (Doc. 73). Therefore, it is ripe for a decision by this Court.

## MEMORANDUM OF LAW

Rule 7, Federal Rules of Appellate Procedure, states:

### Bond for Costs on Appeal in a Civil Case

> In a civil case, the district court may require
> an appellant to file a bond or provide other
> security in any form and amount necessary to
> ensure payment of costs on appeal. Rule 8(b)
> applies to a surety on a bond given under this
> rule.

The bond referred to by Rule 7, can also include attorney's fees. The requirement to

post an assessment of attorney's fees as bond pursuant to Rule 7 does not offend

either Rule 39, Federal Rules of Appellate Procedure, nor 28 U.S.C. § 1920. Adsani

v. Miller, 139 F3d 67 (2d Cir. 1998), cert. denied, 525 U.S. 875, 119 S.Ct. 176, 142

L. Ed 2d 144 (1998).

In Adsani v. Miller, the Second Circuit Court of Appeals upheld the order of

the District Court which imposed a Rule 7 appeal bond on the appellant that included

both attorney's fees and costs. The court stated:

> The court found no unconstitutional burden
> on plaintiff's right to appeal by imposition of
> a Rule 7 bond that included attorney's fees. .
> . . Plaintiff had no assets in the United States
> and her appeal had been found objectively
> unreasonable so that imposition of a Rule 7
> bond was not an abuse of discretion.

Page 8 of 16

Adsani v. Miller, 139 F.3d 69.[4]  In the present case Appellant-Plaintiff-Debtor

Neelam Taneja Uppal has attempted to hide her assets in bankruptcy after bankruptcy

and an objective review of the case below will show that any appeal would be

objectively unreasonable.

Likewise, the Eleventh Circuit Court of Appeals in Young v. New Process

Steel, L.P., 419 F.3d 1201 (11th Cir. 2005), cert. denied 547 U.S. 1003, 126 S. Ct.

1466, 164 L. Ed. 2d 247 (2006), held that the fact that the appellate court had

authority to award sanctions for filing a frivolous appeal did not preclude the district

court from requiring the appellant to post a bond pursuant to Rule 7, Federal Rules

of Appellate Procedure, to include the appellee's anticipated attorney's fees on appeal,

if the district court found that the appellant's appeal was frivolous, unreasonable, or

without foundation.

Just as in Young, the Court in this case should find that Appellant-Plaintiff-

Debtor Neelam Taneja Uppal's appeal is frivolous, unreasonable and without

foundation.  This Court should require Appellant-Plaintiff-Debtor to, at the least, file

---

[4]     However, see In re: Initial Pub. Offering Secs. Litig., 721 F. Supp. 2d 210
(S.D.N.Y. 2010), in which the district court found that attorney's fees were not
appropriate because damages for delay could not be included in Rule 7 bonds where
no underlying statute provided for inclusion of such and posting a $25,000 cost bond
was deemed sufficient.  Unlike In re: Initial Pub. Offering Secs. Litig., in the present
case, there are statutes and rules cited by Appellant-Plaintiff-Debtor Neelam Taneja
Uppal which allow attorney's fees.

a bond that includes all attorney's fees and costs.

The Court of Appeals has the authority to require Appellant-Plaintiff-Debtor Neelam Taneja Uppal to pay or post a bond for the prior costs, including attorney's fees incurred by these Appellees-Defendants, before allowing her to proceed on appeal. If she fails to do so, the Court has the authority to dismiss her appeal. Perry v. Pogemiller, 16 F.3d 138 (7th Cir.1993).

The Court has the inherent authority to govern and set limits on a vexatious litigant. As Bankruptcy Judge John K. Olson stated in his decision dismissing a vexatious pro se bankruptcy debtor/plaintiff's adversary complaint with prejudice:

> The inherent power of the federal court to punish for improper conduct is well established and this power reaches both conduct before the court and that beyond the court's confines, for "the underlying concern that gave rise to the contempt power was not . . . merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." Young v. United States ex rel. Vuitton et Fils S. A., 481 U.S. 787, 798, 107 S. Ct. 2124, 95 L. Ed. 2d 740 (1987) (citations omitted).

Kozich v. Cavallaro (In re Kozich), 406 B.R. 949, 955, 2009 Bankr. LEXIS 1830 (Bankr. S.D. Fla. 2009).

Page 10 of 16

In <u>Hilgeford v. Peoples Bank, Portland</u>, 110 F.R.D. 700 (N.D. Ind. 1986), the court stayed the proceedings until the costs of a previous proceeding were paid. The court stayed the matter until the plaintiffs proved that they had paid the costs awarded by the Seventh Circuit Court of Appeals for filing a frivolous appeal, Rule 11 sanctions, and damages awarded in a prior proceeding. This Court should do the same.

As pointed out by the circuit court in <u>International Shoe Co. v. Cool</u>, a defendant's right to payment of costs by a plaintiff is not satisfied merely by a judgment for costs entered in favor of the defendant and against the plaintiff, since a judgment is not equivalent to payment. <u>International Shoe Co. v. Cool</u>, 154 F.2d 778 (8th Cir. 1946), <u>cert. denied</u>, 329 U.S. 726, 67 S. Ct. 76, 91 L. Ed. 628 (1946). And in <u>Simeone v. First Bank Nat'l Ass'n</u>, 125 F.R.D. 150 (D. Minn. 1989),[5] the court entered a stay of the proceedings pending payment of the costs awarded in a prior action where the plaintiff failed to rebut strong inference of forum shopping, given the status of plaintiff's prior state court action and numerous adverse rulings against the plaintiff. As in <u>Simeone</u>, in the present case, Appellant-Plaintiff-Debtor Neelam

---

[5]    <u>Simeone v. First Bank Nat'l Ass'n</u>, 125 F.R.D. 150 (D. Minn. 1989), <u>aff'd in part and vacated in part on other grounds, remanded</u> 971 F. 2d 103 (8th Cir. 1992), <u>appeal after remand</u>, 73 F.3d 184 (8th Cir. 1996).

Taneja Uppal, has ignored lower court orders, engaged in forum shopping, and had

numerous adverse rulings against her.

Rule 38, Federal Rules of Appellate Procedure, states:

## **Frivolous Appeal—Damages and Costs**

> If a court of appeals determines that an appeal
> is frivolous, it may, after a separately filed
> motion or notice from the court and
> reasonable opportunity to respond, award just
> damages and single or double costs to the
> appellee.

As the First Circuit Court of Appeals stated, in allowing an assessment of

double costs against an appellant:

> All litigation must come to an end; and there
> is no legal warrant for allowing the instant
> claims to arise Phoenix-like from the ashes of
> the state court proceedings. The earlier
> litigation extinguished [the appellant's] rights
> against the appellees, and the district judge
> was patently correct in summarily disposing
> of the warmed-over repast which the
> appellant served up in the federal district
> court. And, since it should have been obvious
> from the start that the attempt to litigate anew
> claims which had previously been rejected
> was doomed to misfire, we assess double
> costs against the appellant under Fed. R. App.
> P. 38.

Fiumara v. Fireman's Fund Ins. Cos., 746 F.2d 87, 92 (1st Cir. 1984).

The Court in the present case should heed these words of wisdom from the First Circuit and act to help extinguish the Appellant-Plaintiff-Debtor Neelam Taneja Uppal's pyromaniacal actions in regard to her abusive, bad faith litigation.

## RELIEF REQUESTED

That this Court enter an Order requiring that:

A.     Appellant-Plaintiff-Debtor Neelam Taneja Uppal pay in full the sanctions, attorney's fees, costs, and interest, assessed against her by the lower state courts and federal courts as shown in Exhibits 2, 3, 4, 7, 8 and 9, and otherwise comply with these lower court orders;

B.     Alternatively, Appellant-Plaintiff-Debtor Neelam Taneja Uppal post a bond with the clerk of Court to cover the sanctions, attorney's fees, costs, and interest, assessed against her by the lower state courts and federal courts as shown in Exhibits 2, 3, 4, 7, 8 and 9;

C.     That the pending appeal of Appellant-Plaintiff-Debtor Neelam Taneja Uppal in this case be dismissed with prejudice if the foregoing has not been accomplished within thirty (30) days of the date of the Court's Order, with the appeal being stayed until that time, with no motion for any further enlargement of time to be authorized or considered.

D.    Any other relief the Court believes is warranted under the circumstances.


## CERTIFICATE OF COMPLIANCE

I hereby certify that this Motion and incorporated memorandum of law complies with all applicable Rules of Procedure, including type font requirements, being typed in Times New Roman 14 point type.


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed this motion along with its attached exhibits with the Clerk of Court using the CM/ECF System, which will automatically serve each party that is a registered CM/ECF user for this case; I have also served a copy of this on Debtor Neelam Taneja Uppal (pro se) via her e-mail address: nneelu123@aol.com; I have also served a copy of this on Debtor Neelam Taneja Uppal (pro se) by mailing it via U.S. mail, postage prepaid to her at the following addresses:

1)  17715 Gulf Boulevard, #705, Redington Shores, Florida 33782;  and
2)  Post Office Box 1002, Largo, Florida 33779;

on this 16th day of May 2018.


/s/  George F. Indest III

---
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.:  382426  (Pro Hac Vice)
Primary e-mail:  GIndest@TheHealthLawFirm.com
Secondary e-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714


Page 14 of  16

Telephone: (407) 331-6620
Telefax: (407) 331-3030
**ATTORNEYS FOR APPELLEES/DEFENDANTS,
THE HEALTH LAW FIRM, P.A. & INDEST**

Exhibits:

1) Order of Dismissal, Uppal v. Indest; Health Lawfirm, *et al.*, Case No.: 17-CV-7072, U.S. District Court, Southern District of New York, dated Oct. 12, 2017

2) Final Judgment for Sanctions, Attorney's Fees and Costs, In re: Taneja v. The Health Law Firm, *et al.*, Adv. Proc. No.: 17-ap-01027-cgm, U.S. Bankruptcy Court, Southern District of New York, dated July 19, 2017

3) Opinion and Order, Uppal v. Indest, Case No. 17-cv-05618ER, U.S. District Court, Southern District of New York, dated April 16, 2018

4) Judgment, Uppal v. Indest, Case No. 17-cv-05618ER, U.S. District Court, Southern District of New York, dated April 18, 2018

5) Order Dismissing Case with Prejudice Barring the Debtor from Filing a Bankruptcy Case for Two Years, In re: Neelam Taneja a/k/a Neelam Uppal, Case No.: 8:17-bk-10140-CPM Bankr. M.D. Florida, dated Jan. 11, 2018

6) Order Denying Motion for Reconsideration of Order Granting Motion to Dismiss Case with Prejudice, In re: Neelam Taneja a/k/a Neelam Uppal, Case No.: 8:17-bk-10140-CPM Bankr. M.D. Florida, dated Jan. 31, 2018

7) Final Judgment, The Health Law Firm v. Uppal, Case No.: 13-CA-3790-15-K, Eighteenth Judicial Circuit, Seminole County, Florida, dated Dec. 22, 2015

8) Order Granting Appellee's Motion to Dismiss Appeal, Uppal v. Health

Page 15 of 16

Law Firm, Case No.: 5D16-0180, Fla. Fifth District Court of Appeal, dated Oct. 4, 2016

9)      Final Judgment for Appellate Attorney's Fees and Sanctions (Corrected), The Health Law Firm v. Uppal, Case No.:   13-CA-3790-15-K, Eighteenth Judicial Circuit, Seminole County, Florida, dated Sept. 22, 2017

GFI/pa
S:\Collections\1516-Uppal, Neelam, MD\017- 2nd Cir-Appeal NY Bankr Appeal 18-1225\Pleadings Drafts\Motion for Payment of Fees-Bond-rev6-Final.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEELAM T. UPPAL,

                                    Plaintiff,

                  -against-

GEORGE F. INDEST III; HEALTH
LAWFIRM; CHARLENE RODRIQUEZ;
BARRY WILKINSON; SADORF &
WILKINSON; WELLS FARGO;
NATIONSTAR,

                                    Defendants.

17-CV-7072 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se,* paid the filing fee to bring this complaint under the Court's

federal question jurisdiction.[1] Plaintiff has now filed an order to show cause in which she appears

to seek a stay in a bankruptcy proceeding in this District. For the reasons set forth below, the

action is dismissed, and the order to show cause is denied as moot.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants*

*Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon*

*Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

---

[1] Plaintiff filed this action with an incomplete application for leave to proceed *in forma pauperis* (IFP). By order dated September 19, 2017, the Court directed Plaintiff to either file an amended IFP application, or pay the filing fee. Plaintiff paid the filing fee on September 29, 2017.

# Exhibit 1

[claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

On September 15, 2017, Plaintiff Neelam T. Uppal, a medical doctor, filed this complaint, which is not a model of clarity, against George F. Indest III, Health Law Firm, Charlene Rodriguez, Barry Wilkinson, Wilkinson, Sadorf & Wilkinson, Wells Fargo, and Nationstar. Invoking the Court's federal question jurisdiction, Plaintiff asserts claims under "RICO," 18 U.S.C. §§ 1961-1968, and claims of "deceptive tactics" and "false claims" under 18 U.S.C. § 1001.

Indest is counsel for the Health Law Firm, listed as an appellee in Plaintiff's pending bankruptcy appeal in this Court. *See In re: Neelam Taneja aka Neelam Uppal*, No. 17-CV-5618 (ER) (S.D.N.Y. filed July 24, 2017). It is not clear who the other individuals are. According to Plaintiff, Indest "made fabricated bills and false claims" in the bankruptcy court, and "tried to do collections while automatic stay was in effect," and Wilkinson conspired with Indest. The complaint sets forth no allegations against the other defendants. (ECF No. 2 ¶ III.). Plaintiff seeks money damages and to "waive sanction due to perjury have all the false claims paid back." (*Id.* ¶ IV.)

On July 29, 2017, Plaintiff filed in this case an order to show cause asserting that Indest lied to "the Seminole County Judge," and to the Southern District bankruptcy judge. Plaintiff seeks to have this Court hold Indest and the Health Law Firm in contempt "of this court's Order of Stay," and to "grant the order of preliminary injunction against the Creditor and the State Court by entering an injunction against the enforcement of the order entered to collect any judgment and enjoining and refraining the Defendant from taking any further collection or legal actions on the debtor." (ECF No. 5 ¶ 4.)

2

Plaintiff filed in the bankruptcy appeal pending before Judge Ramos a substantially similar order to show cause, and Indest has moved to strike that filing and for sanctions. (17-CV-5618, ECF Nos. 14-16.)

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

In this complaint, Plaintiff seeks relief under the Racketeer Influenced and Corrupt Organizations Act (RICO). RICO was enacted to "'to seek the eradication of organized crime in the United States.'" *Boritzer v. Calloway*, No. 10-CV-6264 (JPO), 2013 WL 311013, at *4 (S.D.N.Y. Jan. 24, 2013) (quoting Pub. L. No. 91452, Title IX, § 901(a) (Oct. 15, 1970)). The civil enforcement provision of RICO provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 . . . may sue therefor in any appropriate United States district court and shall recover threefold the damages...." 18 U.S.C. § 1964(c) (1995). In order to establish a violation of § 1962, a plaintiff must demonstrate: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an

"enterprise" (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting 18 U.S.C. § 1962(a)-(c) (1976)). To show conspiracy, Plaintiff must allege that Defendants "agreed to form and associate themselves with a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise." *Conte v. Newsday, Inc.,* 703 F. Supp. 2d 126, 133 (E.D.N.Y. 2010) (quoting *Cofacredit, S.A. v. Windsor Plumbing Supply Co.,* 187 F.3d 229, 244 (2d Cir. 1999)).

Plaintiff fails to provide any facts that would support a RICO claim. The complaint is devoid of a single fact suggesting that Defendants conspired against her. Plaintiff only mentions RICO in her complaint once, in response to a question in the Court's general complaint form asking "what federal Constitutional, statutory or treaty right is at issue?" (Compl. at 2.) In fact, Plaintiff asserts claims only against Indest, and asserts without factual support that Wilkinson "conspired" with Indest. Moreover, injunctive relief is not available under civil RICO. *See* 18 U.S.C. § 1964 (1995).

Plaintiff also cites to 18 U.S.C. § 1001, the federal false statement statute. That statute, however, does not provide for a private right of action. *See, e.g. Momot v. Dziarcak*, 208 F. Supp. 3d 450, 460 (N.D.N.Y. 2016) (holding that 18 U.S.C. § 1001 does not create a private right of action); *Faraldo v. Kessler*, No. 08-CV-0261, 2008 WL 216608, at *6 (E.D.N.Y. Jan. 23, 2008) (holding that 18 U.S.C. § 1001 does not allow for a private civil action); *Bender v. General Services Admin.,* No. 05-CV-6459 (PKC), 2006 WL 988241, at * 1 (S.D.N.Y. Apr. 14, 2006) (same); *Clements v. Miller*, No. 10-CV-2455, 2005 WL 2085497, at *4 (D. Colo. Aug. 29, 2005), aff'd, 189 F. App'x 688 (10th Cir. 2006).

In short, Plaintiff is attempting to relitigate in this Court, under the guise of a RICO action, state court and bankruptcy court matters, which she cannot do. *See Curtis & Assoc., P.C. v. Law Office of David M. Bushman, Esq.,* 758 F. Supp. 2d 153, 170 (E.D.N.Y. 2010) (state court claim should not be "re-litigated in federal court under the guise of a RICO action"). *See also* Federal Rule of Bankruptcy Procedure Rule 8002(a)(1) (to appeal an order of a Federal Bankruptcy Court in a Federal District Court, a party must file a notice of appeal in the Bankruptcy Court within fourteen days of the entry of the order being appealed). For these reasons, Plaintiff's complaint fails to state a claim on which relief may be granted.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because amendment would not cure the deficiencies in Plaintiff's complaint, the Court declines to grant Plaintiff an opportunity to amend.[2]

## LITIGATION HISTORY

Plaintiff is no stranger to federal court. According to PACER, Plaintiff has filed more than twenty-five cases in federal and circuit courts in New York, New Jersey, and Florida.[3] *See, e.g. Uppal v. NYS Dep't of Health*, No. 16-CV-3038 (VSB) (S.D.N.Y. filed Apr. 25, 2015) (motion to dismiss pending); *Uppal v. Florida Board of Medicine, et al.*, No. 14-CV-9024 (ER) (S.D.N.Y. Jan. 5, 2015) (denying order to show cause and transferring matter to the United States

---

[2] In any event, Plaintiff's order to show cause and claims against Indest are pending in the bankruptcy appeal before Judge Ramos.

[3] The Court may consider matters that are subject to judicial notice, including court records. *See* Fed. R. Evid. 201(b)-(c); *Schenk v. Citibank/Citigroup/ Citicorp,* No. 10-CV-5056 (SAS), 2010 WL 5094360, at *2 (S.D.N.Y. Dec. 9, 2010) (citing *Anderson v. Rochester–Genesee Reg'l Transp. Auth.,* 337 F.3d 201, 205 n.4 (2d Cir. 2003)).

District Court for the Middle District of Florida); *Uppal v. Hospital Corp. of America*, No. 09-CV-634, 2011 WL 2631869 (M.D. Fla. July 5, 2011) (granting motion to dismiss Title VII claims), *aff'd Uppal v. Hospital Corp. of America*, 482 F. App'x 394 (11th Cir. June 13, 2012). Plaintiff has previously been warned against pursuing frivolous litigation. *Uppal v. Uppal*, No. 10-CV- 2566, 2011 WL 2516676 (M.D. Fla. June 23, 2011) (dismissing action as "repetitive, vexatious, and frivolous," and warning Plaintiff against pursuing frivolous litigation). In addition, a judge of this Court has already alerted Plaintiff that applications for relief must be made in the first instance in the bankruptcy court, after which a notice of appeal may be filed. *See In re: Neelam Taneja*, No. 17-CV-6608 (KBF) (S.D.N.Y. Sept. 27, 2017) (dismissing for lack of jurisdiction emergency motion for recusal of bankruptcy judge; motion based in part on alleged false filings of Indest).

The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). In light of Plaintiff's litigation history, the Court finds that Plaintiff was, or should have been, aware when she filed this case that it lacked merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that further frivolous or duplicative litigation in this Court will result in an order barring her from filing new actions in this Court, regardless of whether she pays the filing fee or seeks leave to proceed *in forma pauperis*, without prior permission. *See* 28 U.S.C. § 1651.

6

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). The Court denies the order to show cause as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 12, 2017
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

7

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————x

In re:                                                          Chapter 13

      NEELAM TANEJA,                          **Adv. Proc. No.: 17-ap-01027-cgm**

                                  Ch. 13 Case No.:  16-bk-12356-jlg

          Debtor,

vs.

      THE HEALTH LAW FIRM, et al.,            **Final Judgment for Sanctions,**
                                          **Attorney's Fees and Costs**

          Creditor/Defendant.
————————————————————x

### FINAL JUDGMENT FOR SANCTIONS, ATTORNEY'S FEES AND COSTS

    **THIS MATTER** came before the Court for a hearing on July 13, 2017, on the Creditor(s)/
Defendant(s), The Health Law Firm, P.A., f/k/a George F. Indest III, P.A.-The Health Law Firm,
and George Indest's, Motion for Rule 9011 Sanctions against Debtor/Plaintiff Neelam Taneja,
M.D. (a/k/a Neelam Taneja Uppal, M.D.) (referred to as "Rule 9011 Motion" herein). [ECF
Nos. 11, 14, 22, 23 and 25.]  Debtor's Rule 9011 Motion, along with supporting documents and
an affidavit, was originally served on Debtor/Plaintiff on May 5, 2017, affording Debtor/Plaintiff
at least 21 days to remedy the offending conduct. [ECF No. 11.]  The Rule 9011 Motion was then
filed with the Court on May 30, 2017 [ECF No. 11].  On June 1, 2017, the Court advised all
parties that it would be heard on July 13, 2017, in open Court with the Debtor/Plaintiff present.
It was then noticed for hearing with notice filed June 8, 2017.   [ECF Nos. 13, 17 & 20.]
Debtor/Plaintiff Neelam Taneja (pro se) was present at the hearing on July 13, 2017, and her
comments were considered by the Court.  She had filed no opposition or response to the rule 9011
Motion prior to the hearing.

    The Court took judicial notice of the documents in the Court's file as previously requested
by the Creditor/Defendants.  The Court also considered the affidavits and other documents filed
by the Creditor/Defendants [ECF Nos. 11, 14, 22, 23 & 25].

    **THE COURT GRANTS** Creditor's/Defendants' Rule 9011 Motion.

    **THE COURT FINDS** that Debtor/Plaintiff's Adversary Proceeding Complaint was filed
in bad faith, for improper purpose, and solely for the purpose of harassing and delaying these
Defendants/Creditors, in violation of Rule 9011, Federal Rules of Bankruptcy Procedure.
Debtor/Plaintiff's Adversary Proceeding Complaint contained false statements and was frivolous,
having no basis in fact or in law.  Furthermore, Debtor/Plaintiff had not dismissed or withdrawn

# Exhibit 2

her Adversary Proceeding Complaint after being given more than 21 days advance notice of the
Creditor's/Defendants' Rule 11, Motion, and prior to the hearing the Court conducted on June 1,
2017, which resulted in the Court's Dismissal of the Adversary Proceeding Complaint. [ECF No.
15.]

THE COURT FURTHER FINDS that sanctions, attorney's fees, and costs are proper to
award against Debtor/Plaintiff.

THE COURT FURTHER FINDS that the hourly rate charged by Mr. Indest ($475 per
hour), the time spent defending in this Adversary Proceeding (114.8 hours), the fees incurred
($54,530.00), and the costs incurred ($2,905.33), to be fair, reasonable and necessary.

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

THE COURT AWARDS the total amount of attorney's fees and costs of $57,435.33, to
be designated as sanctions, awarded in favor of Defendants The Health Law Firm and George F.
Indest III, 1101 Douglas Avenue, Altamonte Springs, Seminole County, Florida 32714, against
Debtor/Plaintiff Neelam Taneja, M.D., a/k/a Neelam Taneja Uppal, M.D., 1370 Broadway #504,
New York, New York County, New York 10018 and 17715 Gulf Blvd, #705, Reddington Shores,
Pinellas County, Florida 33782.

FURTHER ADJUDGED, pursuant to 28 U.S.C. 1961, this Final Judgment shall bear
interest at the judicial rate from the date of entry until satisfied.

FOR WHICH LET EXECUTION ISSUE.

The Court retains jurisdiction to enforce this Final Judgment and other post-judgment
matters including, but not limited to, a determination of any additional attorney's fees or costs
owed by Debtor/Plaintiff to Creditor/Defendants.

/s/ Cecelia G. Morris



Dated: July 19, 2017
Poughkeepsie, New York

_____
Hon. Cecelia G. Morris
Chief U.S. Bankruptcy Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

NEELAM TANEJA a/k/a NEELAM UPPAL,

Debtor.

---

NEELAM TANEJA a/k/a NEELAM UPPAL,

Debtor/Appellant,

- against -

THE HEALTH LAW FIRM and GEORGE
INDEST,

Creditor/Appellees.

**OPINION AND ORDER**

17 Civ. 5618 (ER)

---

Ramos, D.J.:

Neelam Taneja ("Taneja" or "Debtor") brings this appeal from four orders of Chief
Bankruptcy Judge Cecilia Morris in the underlying adversary proceeding: (1) the June 1, 2017
Order dismissing her adversary proceeding against the Health Law Firm ("Creditor") and
Creditor's attorney, George Indest ("Indest") (collectively, "Health Law"); (2) the June 23, 2017
order denying reconsideration of the dismissal; (3) the July 19, 2017 order granting sanctions
against Taneja; (4) the September 7, 2017 order denying reargument on Health Law's sanctions
motion. *See* Docs. 1, 9. [1] On October 27, 2017, Health Law moved for sanctions against Taneja.
*See* Doc. 26. For the following reasons, the orders of the Bankruptcy Judge are AFFIRMED and
Health Law's motion for sanctions is GRANTED.

---

[1] Citations to "Doc." refer to the docket in the instant matter, No. 17 Civ. 5618. "A.P. Doc." refers to the docket in
the adversary proceeding, No. 17 A.P. 1027.

**Exhibit 3**

## I.    BACKGROUND

Taneja has filed for bankruptcy six times—five times in the Middle District of Florida
(including a petition made during the pendency of this bankruptcy appeal) and once in the
Southern District of New York.[2]  In each of the five times Taneja has filed for bankruptcy since
2012, her petition has been dismissed.  Most recently, the Bankruptcy Judge in the Middle
District of Florida found that Taneja was "an abusive serial bankruptcy filer" and enjoined her
from filing for bankruptcy for two years.  *See* Order dated January 11, 2018 (Doc. 40), *In re
Neelam Taneja a/k/a Neelam Uppal*, No. 8:17 Bk. 10140 (CPM) (M.D. Fla. Bankr. Jan. 11,
2018).  Taneja also has three additional appeals pending in this District related to her 2016
bankruptcy petition.  *See* Doc. 60;[3] *see also Uppal v. Indest*, No. 17 Civ. 7072 (CM), 2017 WL
6405660, at *3 (S.D.N.Y. Oct. 12, 2017) ("According to PACER, Plaintiff has filed more than
twenty-five cases in federal and circuit courts in New York, New Jersey, and Florida.").

This appeal stems from an adversary proceeding Taneja filed against Health Law during
the bankruptcy proceeding below.  In 2012, Taneja retained Health Law to represent her in
proceedings before the Florida Board of Medicine, who sought to revoke her medical license.
*See* A.P. Doc. 3 ¶ 8.  By December 28, 2012, the representation ended.  *Id.* Ex. 1 ¶ 9.  In 2013,
Health Law sued Taneja for unpaid legal fees.  *Id.* ¶ 11.[4]  A final judgment was entered against

---

[2] *See In re Neelam Uppal*, No. 8:00 Bk. 9734 (TEB) (M.D. Fla. Bankr. 2000); *In re Neelam T. Uppal*, No. 8:12 Bk.
18946 (CPM) (M.D. Fla. Bankr. 2012); *In re Neelam T. Uppal*, No. 8:13 Bk. 5601 (CPM) (M.D. Fla. Bankr. 2013);
*In re Neelam Taneja a/k/a Neelam Uppal*, No. 8:15 Bk. 594 (CPM) (M.D. Fla. Bankr. 2015); *In re Neelam Taneja
a/k/a Neelam Uppal*, No. 16 Bk. 12356 (CGM) (S.D.N.Y. Bankr. 2016); *In re Neelam Taneja a/k/a Neelam Uppal*,
17 Bk. 10140 (CPM) (M.D. Fla. Bankr. 2017).

[3] Taneja filed an objection to this document, arguing that Health Law fabricated the fact that one of the appeals was
captioned *Taneja v. Sapir*.  *See* Doc. 62.  The case, No. 17 Civ. 9429, is captioned *In re Neelam Taneja*, as are most
of Taneja's appeals.  Because Mr. Sapir was the Chapter 13 trustee below, he serves as the appellee, and therefore
the case is also captioned *Taneja v. Sapir*.  Taneja's objection is therefore overruled.

[4] *See The Health Law Firm v. Uppal*, No. 13-CA-3790-15-K (Fla. Cir. Ct. 2013).

2

Taneja on December 22, 2015. A.P. Doc. 3 ¶ 12. She appealed that decision on January 15,

2016. *Id.* ¶ 14.

On August 15, 2016, while that appeal was pending, Taneja filed the underlying

bankruptcy action below. *Id.* Ex. 1 ¶ 17. Her adversary complaint against Health Law and its

lawyer, George Indest, alleged that the law firm had violated the automatic stay. *See* A.P. Doc.

1. At a hearing on June 1, 2017, the Bankruptcy Judge dismissed the adversary proceeding. *See*

Order dated June 5, 2017 (A.P. Doc. 15). On June 21, 2017, Taneja's motion seeking to reopen

the adversary proceeding was filed. A.P. Doc. 19. On June 23, 2017, that motion was denied.

*See* Order dated June 23, 2017 (A.P. Doc. 21).

Separately, on May 30, 2017, Health Law moved for sanctions against Taneja. A.P. Doc.

11. The Bankruptcy Judge found that Taneja's complaint in the adversary proceeding "contained

false statements," and determined that it was a frivolous filing made "solely for the purpose of

harassing and delaying" Health Law. *See* Order dated July 19, 2017 (A.P. Doc. 29). She

imposed sanctions against Taneja in the amount of Health Law's attorneys' fees, $57,435.33. *Id.*

On July 14, 2017, Taneja moved for reconsideration of the sanctions order, insisting that

Creditor failed to file a "notice of withdrawal." A.P. Doc. 28. On August 31, 2017, and again on

September 7, 2017, the Bankruptcy Judge denied Taneja's motion for reconsideration. *See* Order

dated August 31, 2017 (A.P. Doc. 46); Order dated September 7, 2017 (A.P. Doc. 50). Taneja

appealed the Bankruptcy Court's dismissal of the adversary proceeding, the imposition of

sanctions, and the denial of reconsideration of both orders. Docs. 1, 9. In response to Taneja's

appeal, Health Law has moved for sanctions. *See* Doc. 26.[5]

---

[5] Health Law also filed a motion to strike Taneja's appendix to her reply brief, because it is not part of the record on appeal. The Court agrees that it may not consider evidence that was not properly before the bankruptcy court; however, it will simply disregard the appendix rather than strike it from the docket, as Health Law has not argued that the appendix is inflammatory or offensive. Health Law's motion is therefore DENIED.

## II.   BANKRUPTCY APPEAL

### A.   Legal Standard

This Court has jurisdiction to hear appeals from decisions of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in relevant part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1). A district court reviews a bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir. 1990). A bankruptcy court's discretionary decisions are reviewed for abuse of discretion. *See, e.g., In re Boodrow*, 126 F.3d 43, 47 (2d Cir. 1997).

In reviewing a decision of a bankruptcy court, the district court "may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below." *Freeman v. Journal Register Co.*, 452 B.R. 367, 369 (S.D.N.Y. 2010). But the district court may not consider evidence outside the record. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008). Any arguments not raised in the bankruptcy court are considered waived; unless such a waiver results in manifest injustice, the new arguments will not be considered on appeal. *See In re Lionel Corp.*, 29 F.3d 88, 92 (2d Cir. 1994); *see also, e.g., In re Barquet Grp., Inc.*, 486 B.R. 68, 73 n. 3 (S.D.N.Y. 2012) (citing *In re Enron Corp.*, 419 F.3d 115, 126 (2d Cir. 2005)).

### B.   Discussion

Taneja's appeal briefs offer a plethora of arguments, often unconnected from one another, in an attempt to show that Health Law and each of the state court and bankruptcy judges below

4

treated her unfairly and denied her an opportunity to defend herself. The Court has attempted to clarify Taneja's strongest arguments in favor of her appeal, and addresses them below.

### 1.    Attorneys' Fees

Taneja alleges that Health Law submitted fabricated bills for attorneys' fees during both the underlying debt collection case and the subsequent bankruptcy cases. *See* Appellant's Br. (Doc. 28) at 6, 19–20.

As this Court explained in its November 20, 2017 Order, "the issues presented by this bankruptcy appeal concern whether Health Law violated the automatic stay, not whether Indest made false statements in connection with the legal fees owed in the Florida Litigation." *See* Doc. 35 at 8. Whether or not Taneja's allegations are correct—although the Court notes that they lack any support in the record—they are not germane to this dispute, which concerns whether the Bankruptcy Judge erred in dismissing Taneja's adversary proceeding.[6]

To the extent that Taneja intends for this allegation to attack the Bankruptcy Judge's decision to grant Health Law's request for attorney's fees below, the Court does not find that the Bankruptcy Judge abused her discretion. Taneja did not put forward any evidence—before that court or this one—that Health Law's fees were fabricated. Indeed, Health Law submitted several affidavits from outside experts on the reasonableness of their fee calculation. *See* A.P. Docs. 22–23, 25.

### 2.    Service of Sanctions Motion

Taneja argues that the Bankruptcy Judge erred in determining that the sanctions motion had been properly served. *See* Appellant Br. at 24–25. During the sanctions hearing, Indest

---

[6] Health Law argues that Taneja's argument regarding attorney's fees is also barred by the doctrine of *res judicata*, because it was considered and rejected by the Florida court which presided over the underlying debt case. *See* Appellee's Br. (Doc. 54-1) at 11, 25–26. Health Law, however, does not provide the Court with any decision in which the issue of Health Law's alleged fabrication of bills was clearly raised and rejected. *Id.*

indicated that the motion was served on Taneja on May 5, 2017, and was filed on the docket after

the safe harbor period on May 30, 2017. *See* A.P. Doc. 33 (July 13, 2017 Hearing Transcript).

Taneja claims that she was not served with the motion until May 30, 2017, the evening before a

bankruptcy hearing.[7] *See* Appellant Reply Br. (Doc. 58) at 20–21.

      Taneja raised these claims before the Bankruptcy Judge during the sanctions hearing held

on July 13, 2017. *See* A.P. Doc. 33. The Bankruptcy Judge determined that "there was 21-day

notice" before the filing of the motion because Health Law entered "the certificate of service on

it when it was filed." *Id.* She stated that she would not credit Taneja's insistence that she had

not been properly served. *Id.* A bankruptcy judge's determinations "on the credibility of

witnesses . . . are reviewed under an abuse of discretion standard." *In re CBI Holding Co., Inc.*,

419 B.R. 553, 563 (S.D.N.Y. 2009) (citing *Universal Church v. Geltzer*, 463 F.3d 218, 226 (2d

Cir. 2006)). The Court finds that the Bankruptcy Judge did not abuse her discretion in finding

that the service requirements of Rule 9011 of the Federal Rules of Bankruptcy Procedure had

been met. First, Health Law filed the letters and e-mails it sent Taneja and her then-attorney,

Arlene Gordon-Oliver, which were dated May 5, 2017. *See* A.P. Doc. 14. Second, during the

hearing, Taneja's testimony was inconsistent, and she admitted that she was served with a copy

of the sanctions motion in advance, but was never served with a document entitled "notice of

withdrawal," which she believed was necessary to complete service. *See* A.P. Doc. 33.[8] There

was ample evidence in the record, therefore, to support the Bankruptcy Judge's finding that

---

[7] During the June 1 hearing, the Bankruptcy Judge dismissed Taneja's adversary proceeding, but did not resolve the merits of Health Law's sanctions motion. *Id.*

[8] Rule 9011 of the Federal Rules of Bankruptcy Procedure requires that a party serve the motion at least twenty-one days before it is filed with the bankruptcy court. It does not require the service of any document entitled "notice of withdrawal." *See* Fed. R. Bankr. P. 9011(c)(1)(A).

service had been proper, and her decision to disregard Taneja's statement that she had not been
served was not an abuse of discretion.

### 3.     Additional Arguments

Taneja puts forward several additional arguments in support of her appeal, all of them
made spuriously, without any evidentiary support, and without any explanation. For example,
Taneja asserts, without citation to any evidence, that the bankruptcy court "erred by not scanning
the filings of the debtor onto the docket." Appellant Br. at 7–8. She also states that the
Bankruptcy Judge "neglected to read the pleadings." *Id.* at 8. She makes similar accusations of
Health Law, accusing the firm of "repeatedly fabricating documents, deceiving the court, and
committing perjury" and of orchestrating the replacement of the prior judge proceeding over the
bankruptcy petition with Chief Bankruptcy Judge Morris. *Id.* at 21, 24. The Court discerns no
purpose in these statements other than to denigrate the Bankruptcy Judge and Appellees.

Taneja also argues, briefly, that Health Law "manipulated the Clerks of the Appellate
court to sign orders in his favor during the pendency of the Automatic stay." *Id.* at 23. In
support of this statement, she cites to Exhibit 5 of the Appendix; however, the document
contained therein is not part of the record on appeal and the Court cannot consider it. *See In re
Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339
(S.D.N.Y. 2008) (noting that a district court may not consider evidence outside the record).[9]

The Court finds no indication that any of the Bankruptcy Judge's decisions were clearly
erroneous. The Court therefore AFFIRMS the decisions of the bankruptcy court below.

---

[9] Even if the Court were to consider the document, Taneja has provided the Court with a single page from a reply
filed by Health Law in state court in September 2017, in which Health Law states that "this case is not currently
pending before any other court." *See* Doc. 29 Ex. 5. In September 2017, the adversary proceeding had already been
dismissed. This evidence, therefore, is not relevant to whether the Bankruptcy Judge erred in dismissing the
adversary proceeding.

### III.   SANCTIONS

#### A.   Legal Standards

Rule 11 of the Federal Rules of Civil Procedure states that the court may impose

sanctions "[i]f, after notice and a reasonable opportunity to respond, the court determines that

Rule 11(b) has been violated . . . ." Fed. R. Civ. P. 11(c)(1); *see also Ipcon Collections LLC v.*

*Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (stating that "sanctions under Rule 11

are discretionary, not mandatory"). Rule 9011 of the Federal Rules of Bankruptcy Procedure

parallels Rule 11, "containing only such modifications as are appropriate in bankruptcy matters."

*In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 227 (2d Cir. 1991) (internal quotations

omitted) (quoting *Cinema Serv. Corp. v. Edbee Corp.*, 774 F.2d 584, 585 (3d Cir. 1985)). "A

pleading, motion or other paper violates Rule 11 either when it has been interposed for any

improper purpose, or where, after reasonable inquiry, a competent attorney could not form a

reasonable belief that the pleading is well grounded in fact and is warranted by existing law or

good faith argument for the extension, modification or reversal of existing law." *Robledo v.*

*Bond No. 9*, 965 F. Supp. 2d 470, 477–78 (S.D.N.Y. 2013) (internal citations and quotations

omitted) (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002)).

Under Rule 38 of the Federal Rules of Appellate Procedure, a court of appeals may, after

a motion is filed separately and the appellant is given a reasonable opportunity to respond,

sanction an appellant for bringing a frivolous appeal. *See* Fed. R. App. P. 38. Rule 8020 of the

Federal Rules of Bankruptcy Procedure "adopts the provisions of Rule 38." *See In re Carlton*

*Concrete Corp.*, No. 08 Civ. 242 (JFB), 2008 WL 4443233, at *11 n.9 (E.D.N.Y. Sep. 26, 2008);

Fed R. Bankr. P. 8020 (providing that a district court or BAP may award damages and "single or

double costs" to the appellee if it determines that an appeal was frivolous). Sanctions under

Rules 38 and/or 8020 may be imposed where an appeal is "totally lacking in merit, framed with
no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence."
*StreetEasy, Inc. v. Chertok*, No. 16-2474, 2018 WL 1478238, at *2 (2d Cir. Mar. 26, 2018)
(quoting *In re Drexel Burnham Lambert Grp. Inc.*, 995 F.2d 1138, 1147 (2d Cir. 1993)); *see also
In re Carlton Concrete Corp.*, 2008 WL 4443233, at *11 n.9.

**B.     Discussion**

Health Law argues that Taneja should be sanctioned for bringing this appeal of the
Bankruptcy Judge's orders because her appeal was frivolous, spurious, and filed only to harass it.
*See* Memorandum of Law in Support of Motion for Sanctions (Doc. 26) at 4–5.  It seeks several
forms of relief, including:  (1) double attorney's fees; (2) an award for "any damages" Health
Law has incurred; (3) enjoining Taneja from filing any bankruptcy or other actions for at least
three years; (4) requiring Taneja to seek the Court's permission before filing any new motions;
(5) ordering Taneja to pay $25,000 to the New York Legal Aid Society; (6) ordering Taneja to
pay $1,000 for every day she fails to pay Health Law the amount they are owed; and (7) publicly
reprimanding her. *Id.* at 16–17.

As stated above, Taneja has participated in six bankruptcy proceedings and at least
twenty-five federal proceedings.  Although *pro se* litigants are afforded special solicitude, Taneja
is very familiar with federal court proceedings. *See Uppal v. Indest*, 2017 WL 6405660, at *3–4;
*Sledge v. Kooi*, 564 F.3d 105, 109–10 (2d Cir. 2009) (explaining that in certain circumstances, a
litigious plaintiff may not be entitled to special solicitude because of her familiarity with the
legal system).  Taneja has been repeatedly warned about making conclusory and unsupported
allegations in court filings. *See, e.g.*, Order dated December 9, 2014 (Doc. 7) at 5, *Uppal v. Fla.
Bd. of Med.*, No. 14 Civ. 9024 (ER) (S.D.N.Y. 2014); Order dated March 21, 2018 (Doc. 15), at

9

2, *In re Neelam Taneja*, 17 Civ. 9429 (JGK) (S.D.N.Y. 2017). She has also been warned by

numerous judges, including during the pendency of this appeal, that continuing to raise frivolous

issues would result in sanctions. *See Uppal v. Indest*, 2017 WL 6405660, at *3; *Uppal v. Wells

Fargo Bank*, No. 8:15 Civ. 68 (SDM), 2015 WL 12765539, at *1 (M.D. Fla. Mar. 26, 2015);

*Uppal v. Uppal*, No. 8:10 Civ. 2566 (SDM), 2011 WL 2516676, at *1 (M.D. Fla. June 23, 2011).

Here, the Bankruptcy Judge dismissed the adversary proceeding below and imposed

sanctions against Taneja for bringing the proceeding in bad faith. *See* A.P. Doc. 29. Seemingly

undeterred, Taneja pursued this appeal. In *Davey v. Dolan*, the Second Circuit upheld the

imposition of sanctions on a *pro se* litigant, finding that:

> We are not entirely unsympathetic with the plaintiff's personal
> sense of grievance with respect to these matters. But after
> reviewing plaintiff's history of vexatious litigation arising from his
> divorce, we conclude that . . . the district court's imposition of
> sanctions was appropriate because plaintiff, having adequately
> been warned of the possibility of sanctions, has nonetheless
> repeatedly pursued meritless claims despite being warned by courts
> at every turn to cease the bad faith litigation.

*Davey*, 292 F. App'x 127, 128 (2d Cir. 2008). The Circuit further ordered the litigant to show

cause as to why it should not impose sanctions for the filing of a frivolous appeal. *Id.*; *see also

Moore v. Time, Inc.*, 180 F.3d 463, 463 (2d Cir. 1999) (finding sanctions for a frivolous appeal

appropriate where the magistrate judge had previously admonished the attorney that the

complaint presented no non-frivolous claims). The Court finds that Taneja's appeal, which rests

almost entirely on the unsupported allegations of wrongdoing she raised before the Bankruptcy

Judge, was similarly brought in bad faith.

The Court, however, has significant discretion in levying sanctions. *E.g.*, Fed. R. Civ. P.

11 advisory committee note to 1983 Amendments ("The court . . . has discretion to tailor

sanctions to the particular facts of the case . . . ."). In this case, the Court finds that because

Health Law has already prevailed on its claim for the underlying debt and secured an award of

attorney's fees for its litigation below, awarding the full relief Health Law seeks—among other

things, double attorney's fees, a $25,000 donation, and $1,000 per day—is unnecessary.  Instead,

the Court admonishes Taneja to refrain from making further frivolous filings and sanctions her in

the form of a $5,000.00 fee to be paid to Appellees.

## IV.   CONCLUSION

For the aforementioned reasons, the decisions of the Bankruptcy Judge are AFFIRMED and

Health Law's motion for sanctions is GRANTED.  The Clerk of Court is respectfully directed to

terminate the outstanding motions (Docs. 26 and 61) and mail a copy of this Order to Debtor.

It is SO ORDERED.

Dated:  April 16, 2018
        New York, New York

Edgardo Ramos, U.S.D.J.

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:

NEELAM TANEJA a/k/a NEELAM UPPAL,
                              Debtor.
-----------------------------------------------------------X
NEELAM TANEJA a/k/a NEELAM UPPAL,
                              Debtor/Appellant,

            -against-

THE HEALTH LAW FIRM and GEORGE
INDEST,
                              Creditor/Appellees.
-----------------------------------------------------------X

```
┌──────────────────────────────────────┐
│ USDC SDNY                             │
│ DOCUMENT                              │
│ ELECTRONICALLY FILED                  │
│ DOC #:                                │
│ DATE FILED:  4|18|18                  │
└──────────────────────────────────────┘
```

17 **CIVIL** 5618 (ER)

**JUDGMENT**

            It is hereby **ORDERED, ADJUDGED AND DECREED:**  That for the reasons stated in

the Court's Opinion and Order dated April 16, 2018, the decisions of the Bankruptcy Judge are

AFFIRMED and Health Law's motion for sanctions is GRANTED.  Taneja is to refrain from

making further frivolous filings and sanctions her in the form of a $5,000.00 fee to be paid to

Appellees.

**Dated:**  New York, New York
            April 18, 2018


                              **RUBY J. KRAJICK**
                              _____
                                 **Clerk of Court**

            BY:           _____
                              **Deputy Clerk**



                              **Exhibit 4**



**United States District Court**
**Southern District of New York**

Ruby J. Krajick
*Clerk of Court*

Dear Litigant:

Enclosed is a copy of the judgment entered in your case. If you disagree with a judgment or final order of the district court, you may appeal to the United States Court of Appeals for the Second Circuit. To start this process, file a "Notice of Appeal" with this Court's Pro Se Intake Unit.

You must file your notice of appeal in this Court within 30 days after the judgment or order that you wish to appeal is entered on the Court's docket, or, if the United States or its officer or agency is a party, within 60 days after entry of the judgment or order. If you are unable to file your notice of appeal within the required time, you may make a motion for extension of time, but you must do so within 60 days from the date of entry of the judgment, or within 90 days if the United States or its officer or agency is a party, and you must show excusable neglect or good cause for your inability to file the notice of appeal by the deadline.

Please note that the notice of appeal is a *one-page* document containing your name, a description of the final order or judgment (or part thereof) being appealed, and the name of the the court to which the appeal is taken (the Second Circuit) – *it does not* include your reasons or grounds for the appeal. Once your appeal is processed by the district court, your notice of appeal will be sent to the Court of Appeals and a Court of Appeals docket number will be assigned to your case. At that point, all further questions regarding your appeal must be directed to that court.

The filing fee for a notice of appeal is $505 payable in cash, by bank check, certified check, or money order, to "Clerk of Court, S.D.N.Y." *No personal checks are accepted.* If you are unable to pay the $505 filing fee, complete the "Motion to Proceed *in Forma Pauperis* on Appeal" form and submit it with your notice of appeal to the Pro Se Intake Unit. If the district court denies your motion to proceed *in forma pauperis* on appeal, or has certified under 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith, you may file a motion in the Court of Appeals for leave to appeal *in forma pauperis*, but you must do so within 30 days after service of the district court order that stated that you could not proceed *in forma pauperis* on appeal.

For additional issues regarding the time for filing a notice of appeal, see Federal Rule of Appellate Procedure 4(a). There are many other steps to beginning and proceeding with your appeal, but they are governed by the rules of the Second Circuit Court of Appeals and the Federal Rules of Appellate Procedure. For more information, visit the Second Circuit Court of Appeals website at **http://www.ca2.uscourts.gov/**.

THE DANIEL PATRICK MOYNIHAN
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007-1312

THE CHARLES L. BRIEANT, JR.
UNITED STATES COURTHOUSE
300 QUARROPAS STREET
WHITE PLAINS, NY 10601-4150

Rev. 5/23/14

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

_____CV_____ (      )(      )

-against-

**NOTICE OF APPEAL**

_____

_____

(List the full name(s) of the defendant(s)/respondent(s).)

Notice is hereby given that the following parties: _____

_____

(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the      ☐ judgment      ☐ order      entered on: _____

(date that judgment or order was entered on docket)

that: _____

_____

(If the appeal is from an order, provide a brief description above of the decision in the order.)

_____     _____
Dated                                            Signature*

_____
Name (Last, First, MI)

_____
Address                         City              State               Zip Code

_____     _____
Telephone Number                         E-mail Address (if available)

_____

* Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case. Fed. R. App. P. 3(c)(2). Attach additional sheets of paper as necessary.

Rev. 12/23/13

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____          _____CV_____ (    )(    )

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-          **MOTION FOR EXTENSION
OF TIME TO FILE NOTICE
OF APPEAL**

_____

(List the full name(s) of the defendant(s)/respondent(s).)

I move under Rule 4(a)(5) of the Federal Rules of Appellate Procedure for an extension of time

to file a notice of appeal in this action. I would like to appeal the judgment

entered in this action on _____ but did not file a notice of appeal within the required

                    date

time period because:

_____

_____

_____

(Explain here the excusable neglect or good cause that led to your failure to file a timely notice of appeal.)

Dated: _____          Signature _____

Name (Last, First, MI) _____

Address _____     City _____     State _____     Zip Code _____

Telephone Number _____          E-mail Address (if available) _____

Rev. 3/27/15

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____                    _____CV_____ (      )(      )

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-                                        **MOTION FOR LEAVE TO**
                                                 **PROCEED IN FORMA**
_____          **PAUPERIS ON APPEAL**

_____

(List the full name(s) of the defendant(s)/respondent(s).)

I move under Federal Rule of Appellate Procedure 24(a)(1) for leave to proceed *in forma pauperis* on appeal. This motion is supported by the attached affidavit.

_____           _____
Dated                                  Signature

                                       _____
Name (Last, First, MI)

_____
Address                    City          State              Zip Code

_____           _____
Telephone Number                       E-mail Address (if available)

Rev. 12/23/13

# Application to Appeal In Forma Pauperis

_____ **v.** _____          Appeal No. _____

District Court or Agency No. _____

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)<br><br>Signed: _____ | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.<br><br>Date: _____ |

My issues on appeal are: (<u>required</u>):

1.  *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ | $ | $ | $ |
| Self-employment | $ | $ | $ | $ |
| Income from real property (such as rental income) | $ | $ | $ | $ |

- 1 -

12/01/2013 SCC

| | | | | |
|---|---|---|---|---|
| Interest and dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child support | $ | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ | $ | $ | $ |
| Unemployment payments | $ | $ | $ | $ |
| Public-assistance (such as welfare) | $ | $ | $ | $ |
| Other (specify): | $ | $ | $ | $ |
| **Total monthly income:** | $ 0 | $ 0 | $ 0 | $ 0 |

2.    *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

3.    *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

4.     *How much cash do you and your spouse have? $_____*

       *Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

***If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.***

5.     *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

| Home | Other real estate | Motor vehicle #1 |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| | | Make and year: |
| | | Model: |
| | | Registration #: |

| Motor vehicle #2 | Other assets | Other assets |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| Make and year: | | |
| Model: | | |
| Registration #: | | |

- 3 -

6.    *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

7.    *State the persons who rely on you or your spouse for support.*

| Name [or, if a minor (i.e., underage), initials only] | Relationship | Age |
|---|---|---|
| | | |
| | | |
| | | |

8.    *Estimate the average monthly expenses of you and your family.  Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home)<br>    Are real estate taxes included?    [  ] Yes [  ] No<br>    Is property insurance included?    [  ] Yes [  ] No | $ | $ |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ | $ |
| Home maintenance (repairs and upkeep) | $ | $ |
| Food | $ | $ |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |

| | | |
|---|---|---|
| Transportation (not including motor vehicle payments) | $ | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ |
| Insurance (not deducted from wages or included in mortgage payments) | | |
|     Homeowner's or renter's: | $ | $ |
|     Life: | $ | $ |
|     Health: | $ | $ |
|     Motor vehicle: | $ | $ |
|     Other: | $ | $ |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ | $ |
| Installment payments | | |
|     Motor Vehicle: | $ | $ |
|     Credit card (name): | $ | $ |
|     Department store (name): | $ | $ |
|     Other: | $ | $ |
| Alimony, maintenance, and support paid to others | $ | $ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ | $ |
| Other (specify): | $ | $ |
| **Total monthly expenses:** | $ 0 | $ 0 |

9.    *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

    [ ] Yes      [ ] No      If yes, describe on an attached sheet.

10.    *Have you spent — or will you be spending —any money for expenses or attorney fees in connection with this lawsuit?* [ ] Yes [ ] No

    *If yes, how much?* $ _____

11.    *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

12.    *Identify the city and state of your legal residence.*

City _____    State _____

Your daytime phone number: _____

Your age: _____    Your years of schooling: _____

Last four digits of your social-security number: _____

ORDERED.

**Dated:  January 11, 2018**

*[signature: Catherine M. McEwen]*

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                          Case No.:      8:17-bk-10140-CPM
                                                Chapter:       13

Neelam Taneja,
        aka Neelam Uppal,
        SSN: xxx-xx-3845
        Debtor, *in propria persona*.
_____/

### ORDER DISMISSING CASE
### WITH PREJUDICE BARRING THE DEBTOR FROM
### FILING A BANKRUPTCY CASE FOR TWO YEARS

THIS CASE comes before the Court on December 28, 2017 at 9:30 a.m. to consider and

rule upon the United States Trustee's Expedited Motion to Dismiss Case with Injunction, Barring

the Debtor from Being a Debtor for Two Years and Providing In Rem Relief for Two Years

Against Any Future Bankruptcy Filings. (Doc. No. 16). The Court provided adequate and

sufficient notice and opportunity to be heard to all parties. (Doc. Nos. 20 and 24). The Debtor

neither appeared at the hearing nor filed a response to the Motion. At the hearing, the Court

reviewed the Motion, heard from the parties, and reviewed the Court's records of the Debtor's

multiple case filings as a whole.

# Exhibit 5

Upon the findings and conclusions stated upon the record in open court, which constitute the Court's ruling, **IT IS ORDERED** that:

1.    The Debtor, Neelam Taneja, constitutes an abusive serial bankruptcy filer, having filed four bankruptcy cases in the last eight years in two jurisdictions—the instant case being filed while the Debtor's bankruptcy case in the Southern District of New York remains pending on multiple appeals.[1]

2.    The United States Trustee's Motion to Dismiss Case with Injunction, Barring the Debtor from Being Debtor for Two Years, (Doc. No. 16), is **GRANTED** as follows.

3.    The bankruptcy case of *In re Neelam Taneja*, 8:17-bk-10140-CPM is **DISMISSED with prejudice.**

4.    In accordance with 11 U.S.C. § 105(a), 349, 707, Fed. R. Bankr. P. 1017, and 9020, the Debtor, Neelam Taneja, or any entity(ies) acting as trustee, guardian, representative, or other third-party by, for, or on his behalf, are jointly and individually **ENJOINED, BARRED,** and **PROHIBITED** from commencing any bankruptcy case petition for **TWO (2) YEARS** from **DECEMBER 28, 2017** through and including **DECEMBER 28, 2019**.

5.    None of the Debtor's debts, obligations, or liabilities are discharged.

6.    Should the Debtor fail to comply with the above prohibition and file for bankruptcy relief prior to **DECEMBER 28, 2019**, then no automatic stay under 11 U.S.C. § 362 will go into effect with respect to any property owned or occupied by the Debtor at that time and the Court will strike the bankruptcy petition.

---

[1] *Taneja v. The Health Law Firm (n re Taneja)*, 1:17-cv-05618-ER (S.D.N.Y.); *Taneja v. Wilkinson (In re Taneja)*, 1:17-cv-08510-VSB (S.D.N.Y.); *Taneja v. Sapir (In re Taneja)*, 1:17-cv-09429-JGK (S.D.N.Y.)(appeal of bankruptcy court order dismissing bankruptcy case *In re Taneja*, 1:16-bk-12356-cgm (Bankr. S.D.N.Y.)).

7.       Should a transferee of the Debtor file for bankruptcy relief prior to **DECEMBER 28, 2019**, then no automatic stay will go into effect with respect to any property transferred from the Debtor to the transferee.

8.       **ALL COURT JUDGES AND CLERKS ARE HEREBY NOTIFIED:**

**THE FILING OF A BANKRUPTCY PETITION FILED BY THE DEBTOR PRIOR DECEMBER 28, 2019, SHALL NOT STOP ANY FORECLOSURE SALE OR OTHER COURT PROCEEDING SCHEDULED PRIOR TO THAT DATE WITH RESPECT TO ANY PROPERTY OWNED OR OCCUPIED BY THE DEBTOR AT THAT TIME.**

**SIMILARLY, THE FILING OF A BANKRUPTCY PETITION BY A TRANSFEREE OF THE DEBTOR PRIOR TO DECEMBER 28, 2019, SHALL NOT STOP ANY FORECLOSURE SALE OR OTHER COURT PROCEEDING SCHEDULED PRIOR TO THAT DATE WITH RESPECT TO PROPERTY THAT WAS TRANSFERRED FROM THE DEBTOR TO THE TRANSFEREE.**

9.       Any party may record a certified copy of this Order in compliance with applicable State laws governing notices of interests or liens by appending to the filing a true and correct legal property description.

10.      The Debtor, and any person claiming an interest by and through, and/or under the Debtor, shall be prohibited from filing any future bankruptcies under Title 11 of the United States Bankruptcy Code, an any Bankruptcy Court of the United States of America, for the next TWO (2) YEARS.  Any filing in violation of this Order shall be considered NULL and VOID and will neither affect nor act as a stay against any of the Debtor's creditors.

11.      The automatic stay of 11 U.S.C. § 362(a) shall not be in effect if any third party purchaser of any of the Debtor's property is not a Bona Fide Purchaser.

12.    This Court specifically admonishes the State Court(s) to not halt any proceedings in State Court, should the Debtor attempt to file bankruptcy within the next TWO (2) YEARS.

13.    The Trustee shall return to the Debtor any remaining funds on hand not previously disbursed, notwithstanding any other court orders, and shall thereafter file his final report, upon which filing, he will be discharged of his duties as Trustee.  The Trustee shall return the aforementioned funds on hand to the Debtor, and in care of the Debtor's attorney, when represented by an attorney.

14.    This Court **RETAINS JURISDICTION** to enforce the terms and provisions of this Order.

Clerk's Office to serve order.

ORDERED.

**Dated:  January 31, 2018**

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
flmb.uscourts.gov

In re

NEELAM TANEJA,                                       Case No. 8:17-bk-10140-CPM
                                                      Chapter 13
        Debtor.
_____/

### ORDER DENYING MOTION FOR RECONSIDERATION
### OF ORDER GRANTING MOTION TO DISMISS CASE WITH PREJUDICE

THIS CASE came on for consideration of the Debtor's motion (the "Motion for

Reconsideration") (Doc. 45) seeking reconsideration of the Court's order (the "Dismissal

Order") (Doc. 40), which granted the United States Trustee's motion (the "Motion to Dismiss")

(Doc. 16) to dismiss this case with prejudice, following a hearing on December 28, 2017.  The

Motion states, among other things, that the Debtor was not served with a copy of the Motion to

Dismiss or with a copy of the notice of hearing on the Motion to Dismiss.  However, the

Certificate of Service attached to the Motion to Dismiss reflects that the United States Trustee

served a copy of that motion on the Debtor at both the physical address and the post office

address provided by the Debtor in the petition (Doc. 1), and the Court's Certificate of Notice

(Doc. 24) shows that the hearing notice was served by the Bankruptcy Noticing Center on the

# Exhibit 6

Debtor at both addresses.[1]  The Court also notes that the post office address provided in the petition is the same address the Debtor gave as her address in the Motion for Reconsideration.

Moreover, the record reflects that the Debtor failed to receive a briefing from an approved credit counseling agency within 180 days *prior* to fling the petition, despite a representation made to the contrary in the Debtor's petition, which she signed under penalty of perjury.  The Certificate of Counseling (Doc. 14) filed by the Debtor confirms that she received counseling on December 11, 2017, which is *after* she filed the petition on December 6, 2017.  Thus, the Debtor is ineligible to be a debtor under 11 U.S.C. § 109(h), an infirmity the Debtor could not have cured even if she had appeared at the December 28th hearing.

Finally, the record shows that between December 19, 2012, and August 15, 2016, the Debtor filed four prior bankruptcy cases (three in Florida and one in New York) all of which were dismissed without entry of a discharge.[2]  Because the Court may take judicial notice of these filings, the Debtor's presence was not necessary for this Court to conclude that the Debtor is an abusive serial filer.

Accordingly, it is

**ORDERED** that the Motion for Reconsideration is DENIED.  The Dismissal Order, which bars the Debtor from filing another bankruptcy case within two years from the dismissal date, remains in full force and effect.

The Clerk is directed to serve a copy of this order on the Debtor and all interested non-CM/ECF users.

---

[1] Under long standing common law, a properly mailed item is presumed to have been received by addressee. *See, e.g., Bazemore v. Jefferson Capital Systems, LLC,* 827 F.3d 1325, 1334 n.2 (11th Cir. 2016) (citation omitted).

[2] *See* Case Nos. 12-bk-18946 (filed December 19, 2012, and dismissed on January 11, 2013); 13-bk-05601 (filed April 29, 2013, and dismissed on September 17, 2013), 15-bk-00594 (filed January 22, 2015, and dismissed September 1, 2015); and 16-bk-12356 (filed August 15, 2016, and dismissed on November 22, 2017).

15 DEC 22 AM 9: 48

BY SEMINOLE CO. FLA
D.C.

FILED IN OFFICE
MARYANNE MORSE
CLERK CIRCUIT COURT

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT IN AND
FOR SEMINOLE COUNTY, FLORIDA

THE HEALTH LAW FIRM,

      Plaintiff,

v.

                                      CASE NO: 13-CA-3790-15-K

NEELAM T. UPPAL, M.D.,
a/k/a NEELAM TANEJA, M.D.,
a/k/a NEELAM T. TANEJA-UPPAL, M.D.,
a/k/a NEELAM UPPAL TANEJA, M.D.,
a/k/a NEELAM TANEJA UPPAL, M.D.,

      Defendant.

_____/

## FINAL JUDGMENT

This matter came before this Court on Plaintiff's Motion for Entry of Final Judgment

After Summary Judgment against Defendant, Neelam T. Uppal, M.D., an order having previously

been entered by the Court against her. The Court, having reviewed the Verified Complaint, the

affidavits and documents in the Court's file, and the affidavits and documents attached to the

Plaintiff's Motion for Entry of Final Judgment After Summary Judgment hereby finds in favor of

Plaintiff against Defendant, Neelam T. Uppal, M.D., as follows:

Page 1 of 4

**Exhibit 7**

CERTIFIED COPY - MARYANNE MORSE
CLERK OF THE CIRCUIT COURT AND
COMPTROLLER
SEMINOLE COUNTY, FLORIDA
BY _____ 12/22/15 DEPUTY CLERK

**THE COURT FINDS** Summary Judgment was granted by this Court in favor of Plaintiff, against Defendant on December 2, 2014.

**IT IS ADJUDGED** that Plaintiff, George F. Indest III, P.A.-The Health Law Firm, d/b/a The Health Law Firm, 1101 Douglas Avenue, Altamonte Springs, Seminole County, Florida 32714, recover from Defendant, Neelam T. Uppal, M.D., a/k/a Neelam Taneja, M.D., a/k/a Neelam T. Taneja-Uppal, M.D., a/k/a Neelam Uppal Taneja, M.D., Neelam Taneja Uppal, M.D., 7352 Sawgrass Point Drive, Pinellas Park, Pinellas County, Florida 33782, the principal sum owed of $27,705.77, as of December 8, 2014.

**IT IS ADJUDGED** that the pre-judgment interest at the daily rate of $9.109 per day, from June 26, 2014, to December 8, 2015 (based on the default rate specified in the contract between the parties of twelve percent (12%) a year), or the sum of $4,763.87, is owed as prejudgment interest.

**IT IS FURTHER ADJUDGED**, pursuant to the contract between the parties, Plaintiff is also entitled to its collections attorney's fees in the amount of $22,151.00 and collections costs of $1,205.70, for a sum of $23,356.70 as incurred through December 8, 2014, which the Court finds to be fair and reasonable.

**IT IS FURTHER ADJUDGED**, the Court, having reserved jurisdiction in its Order Granting Summary Judgment dated December 2, 2014, Plaintiff having produced additional evidence of its collections costs and fees from December 9, 2014, through December 1, 2015, finds that Plaintiff has incurred additional attorney's fees for collections in the amount of $4,752.50, which the Court finds to be fair and reasonable, through December 1, 2015.

Page 2 of 4

IT IS FURTHER ADJUDGED, the total judgment is $60,578.87 in favor of Plaintiff, The Health Law Firm, 1101 Douglas Avenue, Altamonte Springs, Seminole County, Florida 32714, against Defendant, Neelam T. Uppal, M.D., a/k/a Neelam Taneja, M.D., a/k/a Neelam T. Taneja-Uppal, M.D., a/k/a Neelam Uppal Taneja, M.D., Neelam Taneja Uppal, M.D., 7352 Sawgrass Point Drive, Pinellas Park, Pinellas County, Florida 33782, which shall bear interest at the default rate specified in the contract between the parties of twelve percent (12%) a year, together with any additional attorney's fees and costs for collection of the same (pursuant to the contract between the parties),

IT IS FURTHER ADJUDGED, that all pending Motions of Objections are denied.

IT IS FURTHER ADJUDGED, since the underlying matter involved licensure matters and matters affecting the right of the Defendant to receive and retain Medicare and Medicaid payments, and to participate in the Medicare or Medicaid Programs, the judgement lien in this matter shall attach to and may be executed against any outstanding Medicare and Medicaid payments due to Defendant,

FOR WHICH LET EXECUTION ISSUE.

IT IS FURTHER ORDERED, that Defendant, Neelam T. Uppal, M.D., a/k/a Neelam Taneja, M.D., a/k/a Neelam T. Taneja-Uppal, M.D., a/k/a Neelam Uppal Taneja, M.D., Neelam Taneja Uppal, M.D., 7352 Sawgrass Point Drive, Pinellas Park, Pinellas County, Florida 33782, shall complete and serve the Fact Information Sheet required by Rule 1.977, Florida Rules of Civil Procedure, filing the required notice with the Clerk of Court within 45 days.

ORDERED in chambers/open court, at Sanford, Seminole County, Florida, on this
22 day of December 2015.

_____
JESSICA J. RECKSIEDLER
CIRCUIT COURT JUDGE

## CERTIFICATE OF SERVICE OF CONFORMED COPIES

I HEREBY CERTIFY that a conformed copy of the foregoing was served via hand
delivery/ U.S. mail, postage prepaid, to: George F. Indest III, Esquire (Attorney for Plaintiff),
The Health Law Firm, 1101 Douglas Avenue, Altamonte Springs, Florida 32714; and via hand
delivery / U.S. mail, postage prepaid, to: Neelam T. Uppal, M.D., 7352 Sawgrass Point Drive,
Pinellas Park, Florida 33782; this 22nd day of December 2015.

George F. Indest III
JUDICIAL ASSISTANT/ATTORNEY
Fla. Bar No. 382426

Attachment: Fact Information Sheet (Rule 1.977, Fla. R. Civ. Proc.)

GFI/ms
S:\Collections\1516\003\Pleadings-Drafts\Final Judgment-After Default-rev.wpd

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NEELAM UPPAL,

        Appellant,

v.                              CASE NO. 5D16-0180

HEALTH LAW FIRM,

        Appellee.
_____/

DATE: October 04, 2016

**BY ORDER OF THE COURT:**

        ORDERED that Appellee's Motion to Dismiss Appeal Or, Alternatively, To

Strike Appellant's Brief, filed June 21, 2016, is granted and the above-styled cause is

hereby dismissed. Appellee's Motion for Attorney's Fees and Sanctions pursuant to

Section 57.105, filed June 22, 2016, is granted and the matter is remanded to the trial

court to assess the amount of fees to be awarded. Appellant's Motion to Strike and

Dismiss Appellee's Motion for Sanctions, filed July 6, 2016, is denied. Appellant's

Cross-Motion to Suppress, filed July 6, 2016, is denied.

*I hereby certify that the foregoing is*
*(a true copy of) the original Court order.*

*Joanne P. Simmons*
JOANNE P. SIMMONS, CLERK

Panel: Judges Orfinger, Cohen, and Edwards

cc:

| George F. Indest III | Lance O. Leider | Neelam Uppal |
|---|---|---|
| Clerk Seminole (13-CA-3790) | Hon. Jessica J. Recksiedler | |

# Exhibit 8



IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT IN AND
FOR SEMINOLE COUNTY, FLORIDA

THE HEALTH LAW FIRM,

     Plaintiff/Appellee,

v.                                    CASE NO: 13-CA-3790-15-K

NEELAM T. UPPAL, M.D.,
a/k/a NEELAM TANEJA, M.D.,
a/k/a NEELAM T. TANEJA-UPPAL, M.D.,
a/k/a NEELAM UPPAL TANEJA, M.D.,
a/k/a NEELAM TANEJA UPPAL, M.D.,

     Defendant/Appellant.

_____/

## FINAL JUDGMENT ON APPELLATE ATTORNEY'S FEES AND SANCTIONS

(Corrected as to procedure p 2 & 2) *occurrence of*

The Court enters this Corrected Final Judgment nunc pro tunc to correct a minor

ministerial omission in its Final Judgment of September 20, 2017, on this matter.

This matter came before this Court for hearing on September 20, 2017, based on the Order

of the Fifth District Court of Appeal dated October 4, 2016, in case number 5D16-0180

(incorporated herein by reference), and the Plaintiff/Judgment Creditor/Appellee's Motion for

Page 1 of 5



CERTIFIED COPY - GRANT MALOY
CLERK OF THE CIRCUIT COURT
AND COMPTROLLER
SEMINOLE COUNTY, FLORIDA
BY _____ DEPUTY CLERK
Date _____

## Exhibit 9

Judgment on Amount of Appellate Attorney's Fees dated August 30, 2017, the same having been properly noticed and hearing date coordinated with the Defendant/Judgment Debtor/Appellant, Neelam Taneja Uppal, M.D., on June 20, 2017.

Defendant/Judgment Debtor/Appellant Uppal failed to a attend the hearing.

Defendant/Judgment Debtor/Appellant Uppal submitted no opposition to and no evidence contradicting the motions, affidavits, documents and evidence submitted by the Plaintiff/Judgment Creditor/Appellee The Health Law Firm.

The Fifth District Court of Appeal awarded Plaintiff/Judgment Creditor/Appellee The Health Law Firm its attorney's fees and costs against Defendant/Judgment Debtor/Appellant, Neelam Taneja Uppal, M.D., granting a Motion filed pursuant to Section 57.105, Florida Statutes (which is modeled after Rule 11, Federal Rules of Civil Procedure), and remanded the case to this Court solely for a determination as to the amount of such fees and costs.

This matter having been considered by the Court at the hearing held for this purpose, the filings, evidence, and arguments of the Parties being considered,

**THE COURT HEREBY FINDS:**

1.    The hourly rates and total legal fees for the appeal submitted by The Health Law Firm in the amount of $20,072.50 are found to be fair, reasonable and necessary, under the circumstances.

2.    The Health Law Firm is also entitled to its expenses in this matter of $415.52 which are found to be fair, reasonable and necessary.

3.    The total amount of $20,488.02, is found to be fair, reasonable and necessary for

appellate attorney's fees and expenses, and is awarded as a sanction against Defendant/Judgment Debtor/Appellant, Neelam Taneja Uppal, M.D., pursuant to Section 57.015, Florida Statutes.

**IT IS ADJUDGED** that Appellee/Plaintiff/Judgment Creditor The Health Law Firm, 1101 Douglas Avenue, Altamonte Springs, Seminole County, Florida 32714, shall recover from Appellant/Defendant/Judgment Debtor Neelam T. Uppal, M.D., a/k/a Neelam Taneja, M.D., a/k/a Neelam T. Taneja-Uppal, M.D., a/k/a Neelam Uppal Taneja, M.D., Neelam Taneja Uppal, M.D., whose addresses include:

    1)  7352 Sawgrass Point Drive, Pinellas Park, Pinellas County, Florida 33782;

    2)  17715 Gulf Boulevard, #705, Redington Shores, Pinellas County, Fla. 33782;

    3)  Post Office Box 1002, Largo, Pinellas County, Florida 33779;  and

    4)  1370 Broadway #504, New York, Manhattan County, New York 10018;

the principal sum $20,488.02, calculated as of June 27, 2017, as sanctions.

**IT IS FURTHER ADJUDGED** that this Final Judgment shall bear interest at the judicial rate of 4.75% (or .0130137% per day) or $2.67 per day and shall accrue from this date forward on the principal sum.

**IT IS FURTHER ADJUDGED**, pursuant to the contract between the parties, Plaintiff/Judgment Creditor is also entitled to its collections attorney's fees for which it may later apply to this Court.

**IT IS FURTHER ADJUDGED**, the Court reserves jurisdiction for the purpose of assessing any additional fees and costs associated with this matter and to enforce this Judgment.

**IT IS FURTHER ADJUDGED**, that all pending Objections and Motions of the

Appellant/Defendant/Judgment Debtor are denied as moot and no further motions in this matter are authorized. The Court will not consider any further motions or filings from Appellant/ Defendant/Judgment Debtor Uppal and she is ordered not to file any.

**IT IS FURTHER ADJUDGED**, since the underlying matter involved licensure matters and matters affecting the right of the Defendant to receive and retain Medicare and Medicaid payments, and to participate in the Medicare or Medicaid Programs, the judgement lien in this matter shall attach to and may be executed against any outstanding Medicare and Medicaid payments due to Defendant.

**FOR WHICH LET EXECUTION ISSUE.**

**IT IS FURTHER ORDERED**, that Appellant/Defendant/Judgment Debtor Neelam T. Uppal, M.D., a/k/a Neelam Taneja, M.D., a/k/a Neelam T. Taneja-Uppal, M.D., a/k/a Neelam Uppal Taneja, M.D., Neelam Taneja Uppal, M.D., shall complete and serve the Fact Information Sheet required by Rule 1.977, Florida Rules of Civil Procedure, filing the required notice with the Clerk of Court within 45 days, or be in contempt of Court.

This Corrected Final Judgment shall apply retroactively to the date of the original Final Judgment, September 20, 2017.

**ORDERED** in chambers/open court, at Sanford, Seminole County, Florida, on this _22_ day of September 2017, nunc pro tunc Sept 20, 2017

_____
**JESSICA J. RECKSIEDLER**
CIRCUIT COURT JUDGE

Page 4 of 5

## CERTIFICATE OF SERVICE OF CONFORMED COPIES

I HEREBY CERTIFY that a conformed copy of the foregoing was served via hand delivery/ U.S. mail, postage prepaid, to: George F. Indest III, Esquire (Attorney for Plaintiff), The Health Law Firm, 1101 Douglas Avenue, Altamonte Springs, Florida 32714; and via hand delivery / e-mail to at nneel123@aol.com; and via U.S. mail, postage prepaid, to Neelam Taneja Uppal, at:

      1) 7352 Sawgrass Point Drive, Pinellas Park, Florida 33782;

      2) 17715 Gulf Boulevard, #705, Redington Shores, Florida 33782;

      3) Post Office Box 1002, Largo, Florida 33779; and

      4) 1370 Broadway #504, New York, New York 10018;

on this date, the ~~20th~~ 22nd day of September 2017.

    A.A.

          George F. Indest

          **JUDICIAL ASSISTANT/ATTORNEY**
          George F. Indest III, Fla. Bar. No. 382426

Attachment: Fact Information Sheet (Rule 1.977, Fla. R. Civ. Proc.)

GFI/mw
S:\Collections\1516-Uppal, Neelam, MD\003-18th Cir Collections\Pleadings-Drafts\Final Judgment-App Atty Fees-Corrected.wpd

Page 5 of 5

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT IN AND
FOR SEMINOLE COUNTY, FLORIDA

THE HEALTH LAW FIRM,

      Plaintiff,

v.                                CASE NO: 13-CA-3790-15-K

NEELAM T. UPPAL, M.D.,
a/k/a NEELAM TANEJA, M.D.,
a/k/a NEELAM T. TANEJA-UPPAL, M.D.,
a/k/a NEELAM UPPAL TANEJA, M.D.,
a/k/a NEELAM TANEJA UPPAL, M.D.,

      Defendant.

_____/

## FACT INFORMATION SHEET

Full Legal Name: _____

Nicknames or Aliases: _____

Residence Address: _____

Mailing Address (if different): _____

Telephone Numbers: (Cell) _____ (Partner) _____

Name of Employer: _____

Address of Employer: _____

Position or Job Description: _____

Rate of Pay: $ _____ per _____. Average Paycheck: $ _____ per _____

Average Commissions or Bonuses: $ _____ per _____

Commissions or bonuses are based on _____

Page 1 of 4

Other Personal Income: $_____ from _____
(Explain details on the back of this sheet or an additional sheet if necessary.)

Social Security Number: _____

Birth date: _____

Drivers License Number: _____

Marital Status: _____ Spouses Name: _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Spouse Related Portion

Spouses Address (if different): _____
_____

Spouses Social Security Number: _____ Birth date: _____

Spouses Employer: _____

Spouses Average Paycheck or Income: $_____ per _____

Other Family Income:$_____ per _____
(Explain details on back of this sheet or an additional sheet if necessary.)

Describe all other accounts or investments you may have, including stocks, mutual funds, savings bonds, or annuities, on the back of this sheet or on an additional sheet if necessary.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Names and Ages of All Your Children (and addresses if not living with you):
_____
_____
_____

Child Support or Alimony Paid: $_____ per _____

Names of Others You Live With: _____
_____

Who is Head of Your Household? _____ You _____ Spouse _____ Other Person

Page 2 of 4

Checking Account at: _____

Account # _____

Savings Account at: _____

Account # _____

For Real Estate (land) You Own or Are Buying:

Address: _____

All Names on Title: _____

Mortgage Owed to: _____

Balance Owed: _____

Monthly Payment: $_____

(Attach a copy of the deed or mortgage, or list the legal description of the property on the back of this sheet or an additional sheet if necessary. Also provide the same information on any other property you own or are buying.)

For All Motor Vehicles You Own or Are Buying:

Year/Make/Model: _____ Color: _____

Vehicle ID #: _____ Tag No: _____ Mileage: _____

Names on Title: _____

Present Value: $_____

Loan Owed to _____

Balance on Loan: $_____ Monthly Payment: $_____

(List all other automobiles, as well as other vehicles, such as boats, motorcycles, bicycles, or aircraft, on the back of this sheet or an additional sheet if necessary.)

Have you given, sold, loaned, or transferred any real or personal property worth more than $100 to any person in the last year? If your answer is "yes," describe the property, market value, and sale price, and give the name and address of the person who received the property.

Does anyone owe you money? _____ Amount Owed: $_____

Name and Address of Person Owing Money: _____

Page 3 of 4

Reason money is owed: _____

Please attach copies of the following:

a. Your last pay stub.

b.. Your last 3 statements for each bank, savings, credit union, or other financial account.

c. Your motor vehicle registrations and titles.

d. Any deeds or titles to any real or personal property you own or are buying, or leases to property you are renting.

e. Your financial statements, loan applications, or lists of assets and liabilities submitted to any person or entity within the last 3 years.

f. Your last 2 income tax returns filed.

UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.

_____
Judgment Debtor

STATE OF FLORIDA    )
COUNTY OF          )

The foregoing instrument was acknowledged before me this _____ day of _____, 201____, by _____, who is personally known to me or has produced _____ as identification and who did/did not take an oath.

WITNESS my hand and official seal, this _____ day of _____, 201___.

_____
Notary Public State of Florida
My Commission expires: _____       [SEAL]

**THE JUDGMENT DEBTOR SHALL FILE WITH THE CLERK OF THE COURT A NOTICE OF COMPLIANCE AFTER THE ORIGINAL FACT INFORMATION SHEET, TOGETHER WITH ALL ATTACHMENTS, HAS BEEN DELIVERED TO THE JUDGMENT CREDITORS ATTORNEY, OR TO THE JUDGMENT CREDITOR IF THE JUDGMENT CREDITOR IS NOT REPRESENTED BY AN ATTORNEY.**

GFI/mw  S:\Collections\1516-Uppal, Neelam, MD\003-18th Cir Collections\Pleadings-Drafts\Old Stuff\FactInformationSheet.wpd

Page 4 of 4