UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 18-1225

Motion for: Appellees'-Defendants' Motion for Sanctions,

Damages, Attorney's Fees and Costs

Set forth below precise, complete statement of relief sought:

See Attached.

Neelam Taneja v. Indest, et al.

MOVING PARTY: The Health Law Firm          OPPOSING PARTY: Neelam Taneja Uppal (pro se)

☐ Plaintiff          ☐ Defendant

☐ Appellant/Petitioner     ✔ Appellee/Respondent

MOVING ATTORNEY: George F. Indest III          OPPOSING ATTORNEY: Appellant is pro se

[name of attorney, with firm, address, phone number and e-mail]

George F. Indest III                              Altamonte Springs, Florida 32714

The Health Law Firm                              (407) 331-6620

1101 Douglas Avenue                              GIndest@TheHealthLawFirm.com

Court- Judge/ Agency appealed from: U.S. District Court Southern District of New York (Case No.: 17-cv-5618)

Please check appropriate boxes:                  FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
                                                  INJUCTIONS PENDING APPEAL:
Has movant notified opposing counsel (required by Local Rule 27.1):   Has this request for relief been made below?        ☐ Yes ☐ No
    ☐ Yes ☐ No (explain): _____        Has this relief been previously sought in this court?   ☐ Yes ☐ No
    _____              Requested return date and explanation of emergency:
                                                  _____
Opposing counsel's position on motion:           _____
    ☐ Unopposed ☐ Opposed ☐ Don't Know           _____
Does opposing counsel intend to file a response:  _____
    ☐ Yes ☐ No ☐ Don't Know

Is oral argument on motion requested?        ☐ Yes  ✔ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?        ☐ Yes  ✔ No If yes, enter date: _____

Signature of Moving Attorney:

_George F. Indest_ Date: 05/29/2018     Service by: ☐ CM/ECF  ✔ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

## MOTION INFORMATION STATEMENT

### Docket Number:  18-1225
### Neelam Taneja v. Indes, et al.

### <u>RELIEF SOUGHT</u>

1.      Dismissing her Appeal;

2.      Awarding these Appellees double their attorney's fees and costs incurred in defending in this appeal;

3.      Awarding these Appellees any damages they have incurred;

4.      Prohibiting Appellant-Plaintiff-Debtor Neelam Taneja Uppal from filing any further bankruptcy actions or actions in the lower Courts again for at least three (3) years;

5.      Prohibiting Appellant-Plaintiff-Debtor Neelam Taneja Uppal, from filing any further motions, pleadings, appeals, or other documents against these Appellees in any federal court as an indigent;

6.      Prohibiting Appellant-Plaintiff-Debtor Neelam Taneja Uppal, from filing any further motions, pleadings, appeals, or other documents against these Appellees in any federal court pro se, requiring her to have an attorney in good standing appear and represent her in the proceeding and first filing a motion requesting permission from this Court to do so, with a copy of her proposed filing attached, and obtaining authority from this Court to do so;

7.      Ordering Appellant-Plaintiff-Debtor Neelam Taneja Uppal to pay a fine of $25,000 as sanctions, said amount to be paid to the Clerk of Court for benefit of the New York Legal Aid Society, or such other organization as this Court deems appropriate;

8.      Ordering Appellant-Plaintiff-Debtor Neelam Taneja Uppal to pay an additional civil fine of $1,000 per day for every day she fails to pay the amounts assessed by this Court and by the Courts below;  and

9.      Publicly reprimanding Appellant-Plaintiff-Debtor Neelam Taneja Uppal of further sanctions, including confinement for contempt of court, for violating the Orders of this Court and the Court below in a published Order.

## Paula Alexander

| | |
|---|---|
| **From:** | Paula Alexander |
| **Sent:** | Tuesday, May 29, 2018 1:27 PM |
| **To:** | nneelu123@aol.com |
| **Cc:** | Tina Mesibov; Paula Alexander |
| **Subject:** | SERVICE OF COURT DOCUMENT - Case No. 18-1225 |
| **Attachments:** | Motion for Sanctions-App-BR App-Final-File&Serve with App.pdf |

| | |
|---|---|
| **COURT** | United States Court of Appeals for the Second Circuit<br>New York, New York |
| **CASE NUMBER** | **18-1225** |
| **Appellant/Plaintiff** | Neelam Taneja a/k/a Neelam Uppal |
| **Appellee/Defendant** | The Health Law Firm |
| **DOCUMENT(S)** | Motion for Sanctions, Damages, Attorney's Fees and Costs |
| **SENDER** | George F. Indest III, Esquire<br>THE HEALTH LAW FIRM<br>Attorney for The Health Law Firm<br>Telephone Number: (407) 331-6620 |

Please note: This Document was e-filed with the Clerk of the above-named Court on this date.

*Paula Alexander*
Paralegal
The Health Law Firm
1101 Douglas Avenue
Altamote Springs, Florida 32714
Phone: (407) 331-6620
Fax: (407) 331-3030
Email: PAlexander@thehealthlawfirm.com



<u>Website</u> | <u>Blog</u> | <u>Facebook</u> | <u>Twitter</u>

This communication is privileged and confidential. It is intended only for the person(s) to whom it is directed. It may contain information that is sensitive, private and covered by the attorney-client privilege, the attorney work-product privilege, the medical peer review privilege, the medical risk management privilege or other privileges. If you have received this by mistake, please do not read it or copy it. Please delete it immediately and notify the undersigned at the address and telephone number indicated (including your e-mail address so that we may correct any erroneous information we may have). We do not provide legal advice over the internet or in e-mails.

**Paula Alexander**

---

| | |
|---|---|
| **From:** | Microsoft Outlook |
| **To:** | nneelu123@aol.com |
| **Sent:** | Tuesday, May 29, 2018 1:27 PM |
| **Subject:** | Relayed: SERVICE OF COURT DOCUMENT - Case No. 18-1225 |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

nneelu123@aol.com (nneelu123@aol.com)

Subject: SERVICE OF COURT DOCUMENT - Case No. 18-1225



SERVICE OF
COURT DOCUM...

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## NEW YORK, NEW YORK

NEELAM TANEJA
a/k/a NEELAM UPPAL,[1]                            Case No.:  18-1225

           Appellant-Plaintiff-Debtor,

vs.                                                DC Case No.:  17-cv-5618
                                                   DC Court:  S.D.N.Y.
THE HEALTH LAW FIRM and                            DC Judge:  Ramos
GEORGE F. INDEST III,

                                                   **Dispositive Motion**

           Appellees-Defendants.
_____/

## APPELLEES'-DEFENDANTS' MOTION FOR SANCTIONS, DAMAGES, ATTORNEY'S FEES AND COSTS

Appellees-Defendants The Health Law Firm, P.A., f/k/a George F. Indest III, P.A.-The Health Law Firm, a Florida professional service corporation, and George Indest, by and through undersigned counsel, pursuant to Rule 38, Federal Rules of Appellate Procedure, Rules 8020 and 9011, Federal Rules of Bankruptcy Procedure, and Rule 11, Federal Rules of Civil Procedure, and file this Motion for Sanctions, Damages, Attorney's Fees and Costs, stating:

---

[1]    Sometimes Appellant-Plaintiff-Debtor Neelam Taneja Uppal uses "Taneja" as her last name and sometimes she uses "Uppal" as her last name.

## MOTION FOR SANCTIONS, DAMAGES, ATTORNEY'S FEES AND COSTS

### Background and Facts

1.    Appellant-Defendant-Debtor Neelam Taneja Uppal received a judgment against her of sanctions, attorney's fees and costs from the Bankruptcy Court for the Southern District of New York, for filing a frivolous, bad faith action against these Appellees-Defendants in this case.  (Mot. App. 1).

2.    Appellant-Defendant-Debtor Neelam Taneja Uppal received a judgment against her of sanctions, attorney's fees and costs from the Bankruptcy Appeal Panel of the U.S. District Court for the Southern District of New York, for filing a frivolous, bad faith appeal against these Appellees-Defendants in this case.  (Mot. App. 2).

3.    Appellant-Defendant-Debtor Neelam Taneja Uppal has been labeled as a serial abusive bankruptcy filer by the U.S. Bankruptcy Court for the Middle District of Florida for filing a sixth (6th) bankruptcy case on December 6, 2017, while the present case was pending below. (Mot. App. 3).  Sanctions included a prohibition on filing another bankruptcy case for at least two (2) years.  (Mot. App. 3).

4.    Appellant-Defendant-Debtor Neelam Taneja Uppal has been sanctioned by Chief Judge Colleen McMahon of the U.S. District Court of the Southern District of New York, for filing a frivolous lawsuit involving these Appellees-Defendants.

(Mot. App. 4). Sanctions included a prohibition on filing as an indigent and a decision that labeled any appeal she would file as per se "frivolous." (Mot. App. 4). This decision is incorporated herein by reference.

5.     Appellees-Defendants filed a motion for sanctions and attorney's fees in the court below (Doc. 26) pursuant to Rule 38, Federal Rules of Appellate Procedure, and Rule 8020, Federal Rules of Bankruptcy Appeal (among other legal authority), which was granted by the Bankruptcy Appeal Panel.[2] (Mot. App. 2). If her appeal of the Bankruptcy Judge's decisions was found to be frivolous and worthy of sanctions by the Bankruptcy Appeal Panel below, then, in accordance with the law of the case doctrine, this subsequent appeal is also frivolous per se.

6.     Given the lower courts' rulings against her, the present appeal can be viewed as nothing but a frivolous, bad faith appeal, filed for the sole purposes of delay and harassment.

7.     Appellee-Defendant, The Health Law Firm was formerly known as George F. Indest III, P.A.-The Health Law Firm. It is a Creditor. It is now named "The Health Law Firm, P.A." Attorney George F. Indest III, is its president and is one of several attorneys employed by it.

---

[2]     Taneja v. The Health Law Firm, Case No. 17-cv-5618(ER) (B.A.P. D.C.N.Y., Doc. 26, Oct. 27, 2017).

8.      "George Indest," individually, is not a Creditor and is not a party to the original bankruptcy action.[3] Mr. Indest makes a limited appearance herein, solely for the purpose of defending himself in this matter, without waiving any right, objection or defense he may have, including as to jurisdiction and venue.

9.      Appellant-Plaintiff-Debtor Neelam Taneja, is a medical doctor who specializes in infectious diseases, used the name Neelam Taneja[4] in the bankruptcy proceeding below.  She is an abusive, prolific, serial pro se litigator and a serial bankruptcy filer.  (Mot. App. 3 & 4).

10.      Appellant-Plaintiff-Debtor Neelam Taneja Uppal files spurious pleadings and motions.  She consistently files motions for rehearing (even when told by the courts that they will not be considered) and appeals every decision that is adverse to her, including to courts that have no jurisdiction to hear such appeals.  She apparently is of the mistaken belief that filing appeals will prevent her creditors from pursuing their judgments against her.

---

[3]      The Health Law Firm is a judgment creditor of Appellant-Plaintiff-Debtor Neelam Taneja Uppal and was listed as a creditor in the New York bankruptcy action below.  George F. Indest III is merely one of the attorneys of The Health Law Firm and is not, himself, a creditor.  However, in the Adversary Proceeding that Appellant-Plaintiff-Debtor Neelam Taneja Uppal filed in the New York bankruptcy proceeding below, she named Mr. Indest, individually as a Defendant.

[4]      Debtor Neelam Taneja Uppal has used a number of different aliases and variations of her name in the past, including in her many court filings.

11.    Appellant-Plaintiff-Debtor Neelam Taneja Uppal has been found to have violated Section 57.105, Florida Statutes (modeled after Rule 11, Federal Rules of Civil Procedure), for filing a frivolous appeal, by the Florida Fifth District Court of Appeal in Neelam Taneja Uppal v. The Health Law Firm, Florida 5th Dist. Ct. of App. Case No. 5D16-0180, Order dated October 4, 2016, and had sanctions, attorney's fees and costs awarded against her, including dismissal of her appeal in that court.  (Mot. App. 5 & 6).

12.    Appellant-Plaintiff-Debtor Neelam Taneja Uppal made false and scandalous statements in the New York bankruptcy case below, in violation of Rule 9018, Federal Rules of Bankruptcy Procedure.

13.    The Senior Bankruptcy Judge, who presided over the case, Hon. Cecelia Morris, entered an Order dated June 5, 2017, dismissing Appellant-Plaintiff-Debtor Neelam Taneja Uppal's Adversarial Proceeding filed against these Appellees.  Judge Morris later, after a duly noticed hearing, entered an Order granting Appellees' Motion for Rule 9011 Sanctions against Appellant-Plaintiff-Debtor Neelam Taneja Uppal on July 19, 2017.  See, Neelam Taneja v. The Health Law Firm and George Indest, Bank. S.D. N.Y. Adversary Proc. No.:  17-ap-01027-CGM (Doc. Nos. 15 & 29).  (Mot. App. 1).

14.     In the present case, Appellant-Plaintiff-Debtor Neelam Taneja Uppal has filed yet another frivolous appeal.  It is merely a continuation of her long series of abusive appellate actions.

15.     Appellant-Plaintiff-Debtor Neelam Taneja Uppal's current appeal also lacks any basis in fact or in law.  It is spurious and is filed solely for the purposes of delay and harassment.  It is filed in bad faith.

16.     As shown by the documents in the case below and by the Orders entered against her, Appellant-Plaintiff-Debtor Neelam Taneja Uppal has committed misconduct and wrongful acts, making false and fraudulent statements in the courts, and should be disciplined for them.  She continues her misconduct by filing and prosecuting the appeal in the present case in bad faith.

17.     These Appellees specifically allege, regarding the claims and allegations of Appellant-Plaintiff-Debtor Neelam Taneja Uppal in the Bankruptcy Court below and in the present appeal, including their initiation and the continued prosecution of them in this appeal, that they:

      a.     Are being presented for an improper purpose, including but not limited to, harassing, causing unnecessary delay, and needlessly increasing the cost of litigation;

      b.     Are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

c. The factual contentions did not have evidentiary support after a reasonable opportunity for further investigation or discovery;

d. The denials of factual contentions made by the Appellant-Plaintiff-Debtor Neelam Taneja Uppal were not and are not warranted based on the evidence nor reasonably based on belief or a lack of information; and

e. The factual contentions made by the Appellees are based on actual, provable facts and have evidentiary support which provide a complete defense to Appellant-Plaintiff-Debtor Neelam Taneja Uppal's claims.

18. Additional facts are contained in the motion for sanctions and attorney's fees (Doc. 26) filed with the Bankruptcy Appeal Panel in the case below. These are incorporated by reference.

19. Although Appellant-Plaintiff-Debtor Neelam Taneja Uppal claims to be an indigent and to be unable to pay her just debts, she can always come up with the fees to pay for her frivolous court filing fees and other fees associated with her numerous frivolous appeals.

20. A Memorandum of Law in support of this motion is incorporated herein.

21. An advance copy of this Motion, Memorandum of Law and Appendix is being served individually on Appellant-Plaintiff-Debtor Neelam Taneja Uppal (pro se) a reasonable time before its filing, more than 21 days, and in accordance with Rule 11, Federal Rules of Civil Procedure, Rules 7004, 8020 and 9011(c), Federal

Rules of Bankruptcy Procedure, and Rule 38, Federal Rules of Appellate Procedure.

## **MEMORANDUM OF LAW**

Rule 8020, Federal Rules of Bankruptcy Appeals, entitled "Frivolous Appeal and Other Misconduct" states:

> **(a) Frivolous Appeal—damages and Costs.** If the district court or BAP determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.
>
> **(b) Other Misconduct.** The district court or BAP may discipline or sanction an attorney or party appearing before it for other misconduct, including failure to comply with any court order. . . .

Appellant-Plaintiff-Debtor Neelam Taneja Uppal has violated Rule 8020 by filing and continuing to prosecute a frivolous appeal.

Rule 38, Federal Rules of Appellate Procedure, states:

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Appellant-Plaintiff-Debtor Neelam Taneja Uppal has also violated Rule 38.

Her appeal is frivolous just like the many litigation actions she has initiated in

countless courts and tribunals before this one.

Rule 11, Federal Rules of Civil Procedure, provides, in pertinent part:

> **Rule 11 – Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions**
>
>                \*       \*      \*
>
> **(b)    Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>     (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>     (2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>     (3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support

Page 9 of 15

after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Appellant-Plaintiff-Debtor Neelam Taneja Uppal's appeal has violated this Rule, just as she has many times in the past.

Rule 11(c) continues in discussing the sanctions for such violations, stating:

> **(3) On the Court's Initiative.** On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

> **(4) Nature of a Sanction.** A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Although this is an appellate proceeding, in the proceedings below, it should be noted that Appellant-Plaintiff-Debtor Neelam Taneja Uppal, was also found by the

Bankruptcy Court to have violated Rule 9011, Federal Rules of Bankruptcy Procedure.

Where a debtor commences a bankruptcy in bad faith and merely for the purpose of frustrating her creditors, as Appellant-Plaintiff-Debtor Neelam Taneja Uppal has done in this case, sanctions against the debtor are appropriate. In re Intercorp Int'l, Ltd., 309 B.R. 686, 693-695 (Bankr. S.D.N.Y. 2004). Accord, Desiderio v. Parikh (In re Parikh), 508 B.R. 572, 584 (Bankr. E.D.N.Y. 2014), "The imposition of civil contempt sanctions may serve the dual purposes of compelling future compliance with court orders, and compensating the aggrieved party."

Other bankruptcy courts have warned that multiple filings by debtors solely for the purpose of attempting to foreclose their creditors is evidence of bad faith and the automatic stay provisions of the Bankruptcy Code are not to be used as a "sword by the rapacious." In re Kinney, 51 B.R. 840 (Bankr. C.D. Cal. 1985); In re Jones , 289 B.R. 436 (Bankr. M.D. Ala. 2003). Accord, Marinkovic v Midland Loan Servs. (In re Marinkovic), 2005 Bankr LEXIS 3430 (B.A.P. 9th Cir. 2005) (unpublished decision), aff'd 234 Fed. Appx. 567 (9th Cir. 2007). Appellant-Plaintiff-Debtor Neelam Taneja Uppal is just such a rapacious, abusive litigator attempting to use these proceedings as a sword, just as she did below.

Appellant-Plaintiff-Debtor Neelam Taneja Uppal has a long history of wrongful, abusive, frivolous filings from documents filed by other parties in these proceedings and from the public record. Sanctions should be awarded against her.

## RELIEF REQUESTED

These Appellees, The Health Law Firm and George Indest, request this Court to enter an Order, pursuant to Rules 8020 and 9011, Federal Rules of Bankruptcy Procedure, Rule 11, Federal Rules of Civil Procedure, and Rule 38, Federal Rules of Appellate Procedure, against Appellant-Plaintiff-Debtor Neelam Taneja Uppal:

A. Dismissing her Appeal;

B. Awarding these Appellees double their attorney's fees and costs incurred in defending in this appeal;

C. Awarding these Appellees any damages they have incurred;

D. Prohibiting Appellant-Plaintiff-Debtor Neelam Taneja Uppal from filing any further bankruptcy actions or actions in the lower Courts again for at least three (3) years;

E. Prohibiting Appellant-Plaintiff-Debtor Neelam Taneja Uppal, from filing any further motions, pleadings, appeals, or other

documents against these Appellees in any federal court as an indigent;

F.  Prohibiting Appellant-Plaintiff-Debtor Neelam Taneja Uppal, from filing any further motions, pleadings, appeals, or other documents against these Appellees in any federal court pro se, requiring her to have an attorney in good standing appear and represent her in the proceeding and first filing a motion requesting permission from this Court to do so, with a copy of her proposed filing attached, and obtaining authority from this Court to do so;

G.  Ordering Appellant-Plaintiff-Debtor Neelam Taneja Uppal to pay a fine of $25,000 as sanctions, said amount to be paid to the Clerk of Court for benefit of the New York Legal Aid Society, or such other organization as this Court deems appropriate;

H.  Ordering Appellant-Plaintiff-Debtor Neelam Taneja Uppal to pay an additional civil fine of $1,000 per day for every day she fails to pay the amounts assessed by this Court and by the Courts below;  and

I.     Publicly reprimanding Appellant-Plaintiff-Debtor Neelam Taneja Uppal of further sanctions, including confinement for contempt of court, for violating the Orders of this Court and the Court below in a published Order.

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Motion and incorporated memorandum of law complies with all applicable Rules of Procedure, including type font requirements.

## CERTIFICATE OF PRIOR SERVICE

I hereby certify that I previously served a copy of this Motion and Memorandum of Law, including its complete Appendix, on the Appellant-Plaintiff-Debtor Neelam Taneja Uppal (pro se) in compliance with Rules 7004, 8020 and 9011(c), Federal Rules of Bankruptcy Procedure, Rule 38, Federal Rules of Appellate Procedure, and Rule 11, Federal Rules of Civil Procedure, via e-mail at her e-mail address: nneelu123@aol.com; I also previously served a copy of this on Debtor Neelam Taneja Uppal (pro se) by mailing it via U.S. mail, postage prepaid, to her at the following addresses:

> P.O. Box 1002, Largo, Florida 33779; and
> 17715 Gulf Boulevard, Redington Shores, Florida 33782;

on the 4th day of May 2018.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of this Motion and Memorandum of Law, including its complete Appendix, on the Appellant-Plaintiff-Debtor Neelam Taneja Uppal (<u>pro se</u>) in compliance with Rules 7004, 8020 and 9011(c), Federal Rules of Bankruptcy Procedure, Rule 38, Federal Rules of Appellate Procedure, and Rule 11, Federal Rules of Civil Procedure, via e-mail at her e-mail address: <u>nneelu123@aol.com;</u> I have also served a copy of this on Debtor Neelam Taneja Uppal (<u>pro se</u>) by mailing it via U.S. mail, postage prepaid, to her at the following addresses:

> P.O. Box 1002, Largo, Florida 33779; and
> 17715 Gulf Boulevard, Redington Shores, Florida 33782;

on this 29th day of May 2018.

/s/ George F. Indest III
_____

**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.: 382426
(Admitted <u>Pro</u> <u>Hac</u> <u>Vice</u>)
Primary e-mail: <u>GIndest@TheHealthLawFirm.com</u>
Secondary e-mail: <u>CourtFilings@TheHealthLawFirm.com</u>
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**ATTORNEYS FOR APPELLEES-DEFENDANTS**

**Attachment(s):** INDEX TO APPENDIX & APPENDIX TO MOTION

GFI/gi
S:\Collections\1516-Uppal, Neelam, MD\017- 2nd Cir-Appeal NY Bankr Appeal 18-1225\Pleadings Drafts\Motion for Sanctions-Appellate\Motion for Sanctions-App-BR App-Final-File&Serve.wpd

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# NEW YORK, NEW YORK

NEELAM TANEJA
a/k/a NEELAM UPPAL,

Case No.: 18-1225

   Appellant-Plaintiff-Debtor,

vs.

DC Case No.: 17-cv-5618
DC Court: S.D.N.Y.
DC Judge: Ramos

THE HEALTH LAW FIRM and
GEORGE F. INDEST III,

   Appellees-Defendants.
_____/


# **APPENDIX TO**

# **APPELLEES'-DEFENDANTS' MOTION FOR SANCTIONS, DAMAGES,**

# **ATTORNEY'S FEES AND COSTS**


GFI/tm S:\Collections\1516-Uppal, Neelam, MD\017- 2nd Cir-Appeal NY Bankr Appeal 18-1225\Pleadings Drafts\Motion for Sanctions-Appellate\Appendix Cover Sheet.wpd

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## NEW YORK, NEW YORK

NEELAM TANEJA
a/k/a NEELAM UPPAL,                                    Case No.:  18-1225

      Appellant-Plaintiff-Debtor,

vs.                                                    DC Case No.:  17-cv-5618
                                                       DC Court:  S.D.N.Y.
THE HEALTH LAW FIRM and                                DC Judge:  Ramos
GEORGE F. INDEST III,

      Appellees-Defendants.

_____/

## INDEX TO APPENDIX TO MOTION

**App**.     **Description**

1.     Final Judgment for Sanctions, Attorney's Fees and Costs, July 19, 2017, in <u>Neelam Taneja v. The Health Law Firm, et al.</u>, Bankruptcy Court, Southern District of New York, Adversary Proceeding Case No.:  17-ap-01027-cgm

2.     Opinion and Order, <u>In re:  Taneja</u>, Bankruptcy Appeal Panel, Southern District of New York, dated April 16, 2018, and Judgment dated April 18, 2018, Case No. 17-cv-5618 (ER)

3.     Order Dismissing Case with Prejudice Barring the Debtor from Filing a Bankruptcy Case for Two Years, dated Jan. 11, 2018, and Order Denying Motion for Reconsideration of Order Granting Motion to Dismiss Case with Prejudice dated Jan. 31, 2018, <u>In re:  Uppal</u>, Bankruptcy Court, Middle District of Florida, Case No. 17-bk-10140-CPM

4.      Order of Dismissal, dated Oct. 12, 2017, Uppal v. Indest, et al.,
        District Court Southern District of New York, Case No. 17-cv-
        7072 (CM)

5.      Order granting Appellee's [The Health Law Firm] Motion to
        Dismiss Appeal Or, Alternatively, to Strike Appellant's [Uppal]
        Brief, in Uppal v. The Health Law Firm, Florida Fifth District
        Court of Appeal, dated Oct. 4, 2016, Case No.: 5D16-0180

6.      Final Judgment for Appellate Attorney's Fees, The Health Law
        Firm. v. Uppal, Florida 18th Cir. Ct. Case No. 13-CA-3790,
        dated Sept. 20, 2017

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————x

In re:                                                    Chapter 13

     NEELAM TANEJA,                              **Adv. Proc. No.: 17-ap-01027-cgm**

                                 Ch. 13 Case No.:  16-bk-12356-jlg

        Debtor,

vs.

     THE HEALTH LAW FIRM, et al.,               **Final Judgment for Sanctions,**
                                      **Attorney's Fees and Costs**

        Creditor/Defendant.

———————————————————————x

### FINAL JUDGMENT FOR SANCTIONS, ATTORNEY'S FEES AND COSTS

**THIS MATTER** came before the Court for a hearing on July 13, 2017, on the Creditor(s)/
Defendant(s), The Health Law Firm, P.A., f/k/a George F. Indest III, P.A.-The Health Law Firm,
and George Indest's, Motion for Rule 9011 Sanctions against Debtor/Plaintiff Neelam Taneja,
M.D. (a/k/a Neelam Taneja Uppal, M.D.) (referred to as "Rule 9011 Motion" herein).  [ECF
Nos. 11, 14, 22, 23 and 25.]  Debtor's Rule 9011 Motion, along with supporting documents and
an affidavit, was originally served on Debtor/Plaintiff on May 5, 2017, affording Debtor/Plaintiff
at least 21 days to remedy the offending conduct. [ECF No. 11.]  The Rule 9011 Motion was then
filed with the Court on May 30, 2017 [ECF No. 11].  On June 1, 2017, the Court advised all
parties that it would be heard on July 13, 2017, in open Court with the Debtor/Plaintiff present.
It was then noticed for hearing with notice filed June 8, 2017.  [ECF Nos. 13, 17 & 20.]
Debtor/Plaintiff Neelam Taneja (pro se) was present at the hearing on July 13, 2017, and her
comments were considered by the Court.  She had filed no opposition or response to the rule 9011
Motion prior to the hearing.

The Court took judicial notice of the documents in the Court's file as previously requested
by the Creditor/Defendants.  The Court also considered the affidavits and other documents filed
by the Creditor/Defendants [ECF Nos. 11, 14, 22, 23 & 25].

**THE COURT GRANTS** Creditor's/Defendants' Rule 9011 Motion.

**THE COURT FINDS** that Debtor/Plaintiff's Adversary Proceeding Complaint was filed
in bad faith, for improper purpose, and solely for the purpose of harassing and delaying these
Defendants/Creditors, in violation of Rule 9011, Federal Rules of Bankruptcy Procedure.
Debtor/Plaintiff's Adversary Proceeding Complaint contained false statements and was frivolous,
having no basis in fact or in law.  Furthermore, Debtor/Plaintiff had not dismissed or withdrawn

# APPENDIX 1

her Adversary Proceeding Complaint after being given more than 21 days advance notice of the Creditor's/Defendants' Rule 11, Motion, and prior to the hearing the Court conducted on June 1, 2017, which resulted in the Court's Dismissal of the Adversary Proceeding Complaint. [ECF No. 15.]

**THE COURT FURTHER FINDS** that sanctions, attorney's fees, and costs are proper to award against Debtor/Plaintiff.

**THE COURT FURTHER FINDS** that the hourly rate charged by Mr. Indest ($475 per hour), the time spent defending in this Adversary Proceeding (114.8 hours), the fees incurred ($54,530.00), and the costs incurred ($2,905.33), to be fair, reasonable and necessary.

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

**THE COURT AWARDS** the total amount of attorney's fees and costs of $57,435.33, to be designated as sanctions, awarded in favor of Defendants The Health Law Firm and George F. Indest III, 1101 Douglas Avenue, Altamonte Springs, Seminole County, Florida 32714, against Debtor/Plaintiff Neelam Taneja, M.D., a/k/a Neelam Taneja Uppal, M.D., 1370 Broadway #504, New York, New York County, New York 10018 and 17715 Gulf Blvd, #705, Reddington Shores, Pinellas County, Florida 33782.

**FURTHER ADJUDGED,** pursuant to 28 U.S.C. 1961, this Final Judgment shall bear interest at the judicial rate from the date of entry until satisfied.

**FOR WHICH LET EXECUTION ISSUE.**

The Court retains jurisdiction to enforce this Final Judgment and other post-judgment matters including, but not limited to, a determination of any additional attorney's fees or costs owed by Debtor/Plaintiff to Creditor/Defendants.



/s/ Cecelia G. Morris

**Dated: July 19, 2017**
**Poughkeepsie, New York**

_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> NEELAM TANEJA a/k/a NEELAM UPPAL, <br><br> Debtor. | |
| NEELAM TANEJA a/k/a NEELAM UPPAL, <br><br> Debtor/Appellant, <br><br> - against - <br><br> THE HEALTH LAW FIRM and GEORGE INDEST, <br><br> Creditor/Appellees. | **OPINION AND ORDER** <br><br> 17 Civ. 5618 (ER) |

Ramos, D.J.:

Neelam Taneja ("Taneja" or "Debtor") brings this appeal from four orders of Chief

Bankruptcy Judge Cecilia Morris in the underlying adversary proceeding:  (1) the June 1, 2017

Order dismissing her adversary proceeding against the Health Law Firm ("Creditor") and

Creditor's attorney, George Indest ("Indest") (collectively, "Health Law"); (2) the June 23, 2017

order denying reconsideration of the dismissal; (3) the July 19, 2017 order granting sanctions

against Taneja; (4) the September 7, 2017 order denying reargument on Health Law's sanctions

motion. *See* Docs. 1, 9. [1]  On October 27, 2017, Health Law moved for sanctions against Taneja.

*See* Doc. 26.  For the following reasons, the orders of the Bankruptcy Judge are AFFIRMED and

Health Law's motion for sanctions is GRANTED.

---

[1] Citations to "Doc." refer to the docket in the instant matter, No. 17 Civ. 5618.  "A.P. Doc." refers to the docket in the adversary proceeding, No. 17 A.P. 1027.

# APPENDIX 2

## I.    BACKGROUND

Taneja has filed for bankruptcy six times—five times in the Middle District of Florida

(including a petition made during the pendency of this bankruptcy appeal) and once in the

Southern District of New York.[2]  In each of the five times Taneja has filed for bankruptcy since

2012, her petition has been dismissed.  Most recently, the Bankruptcy Judge in the Middle

District of Florida found that Taneja was "an abusive serial bankruptcy filer" and enjoined her

from filing for bankruptcy for two years.  *See* Order dated January 11, 2018 (Doc. 40), *In re*

*Neelam Taneja a/k/a Neelam Uppal*, No. 8:17 Bk. 10140 (CPM) (M.D. Fla. Bankr. Jan. 11,

2018).  Taneja also has three additional appeals pending in this District related to her 2016

bankruptcy petition.  *See* Doc. 60;[3] *see also Uppal v. Indest*, No. 17 Civ. 7072 (CM), 2017 WL

6405660, at *3 (S.D.N.Y. Oct. 12, 2017) ("According to PACER, Plaintiff has filed more than

twenty-five cases in federal and circuit courts in New York, New Jersey, and Florida.").

This appeal stems from an adversary proceeding Taneja filed against Health Law during

the bankruptcy proceeding below.  In 2012, Taneja retained Health Law to represent her in

proceedings before the Florida Board of Medicine, who sought to revoke her medical license.

*See* A.P. Doc. 3 ¶ 8.  By December 28, 2012, the representation ended.  *Id.* Ex. 1 ¶ 9.  In 2013,

Health Law sued Taneja for unpaid legal fees.  *Id.* ¶ 11.[4]  A final judgment was entered against

---

[2] *See In re Neelam Uppal*, No. 8:00 Bk. 9734 (TEB) (M.D. Fla. Bankr. 2000); *In re Neelam T. Uppal*, No. 8:12 Bk. 18946 (CPM) (M.D. Fla. Bankr. 2012); *In re Neelam T. Uppal*, No. 8:13 Bk. 5601 (CPM) (M.D. Fla. Bankr. 2013); *In re Neelam Taneja a/k/a Neelam Uppal*, No. 8:15 Bk. 594 (CPM) (M.D. Fla. Bankr. 2015); *In re Neelam Taneja a/k/a Neelam Uppal*, No. 16 Bk. 12356 (CGM) (S.D.N.Y. Bankr. 2016); *In re Neelam Taneja a/k/a Neelam Uppal*, 17 Bk. 10140 (CPM) (M.D. Fla. Bankr. 2017).

[3] Taneja filed an objection to this document, arguing that Health Law fabricated the fact that one of the appeals was captioned *Taneja v. Sapir*.  *See* Doc. 62.  The case, No. 17 Civ. 9429, is captioned *In re Neelam Taneja*, as are most of Taneja's appeals.  Because Mr. Sapir was the Chapter 13 trustee below, he serves as the appellee, and therefore the case is also captioned *Taneja v. Sapir*.  Taneja's objection is therefore overruled.

[4] *See The Health Law Firm v. Uppal*, No. 13-CA-3790-15-K (Fla. Cir. Ct. 2013).

2

Taneja on December 22, 2015. A.P. Doc. 3 ¶ 12. She appealed that decision on January 15,

2016. *Id.* ¶ 14.

On August 15, 2016, while that appeal was pending, Taneja filed the underlying

bankruptcy action below. *Id.* Ex. 1 ¶ 17. Her adversary complaint against Health Law and its

lawyer, George Indest, alleged that the law firm had violated the automatic stay. *See* A.P. Doc.

1. At a hearing on June 1, 2017, the Bankruptcy Judge dismissed the adversary proceeding. *See*

Order dated June 5, 2017 (A.P. Doc. 15). On June 21, 2017, Taneja's motion seeking to reopen

the adversary proceeding was filed. A.P. Doc. 19. On June 23, 2017, that motion was denied.

*See* Order dated June 23, 2017 (A.P. Doc. 21).

Separately, on May 30, 2017, Health Law moved for sanctions against Taneja. A.P. Doc.

11. The Bankruptcy Judge found that Taneja's complaint in the adversary proceeding "contained

false statements," and determined that it was a frivolous filing made "solely for the purpose of

harassing and delaying" Health Law. *See* Order dated July 19, 2017 (A.P. Doc. 29). She

imposed sanctions against Taneja in the amount of Health Law's attorneys' fees, $57,435.33. *Id.*

On July 14, 2017, Taneja moved for reconsideration of the sanctions order, insisting that

Creditor failed to file a "notice of withdrawal." A.P. Doc. 28. On August 31, 2017, and again on

September 7, 2017, the Bankruptcy Judge denied Taneja's motion for reconsideration. *See* Order

dated August 31, 2017 (A.P. Doc. 46); Order dated September 7, 2017 (A.P. Doc. 50). Taneja

appealed the Bankruptcy Court's dismissal of the adversary proceeding, the imposition of

sanctions, and the denial of reconsideration of both orders. Docs. 1, 9. In response to Taneja's

appeal, Health Law has moved for sanctions. *See* Doc. 26.[5]

---

[5] Health Law also filed a motion to strike Taneja's appendix to her reply brief, because it is not part of the record on appeal. The Court agrees that it may not consider evidence that was not properly before the bankruptcy court; however, it will simply disregard the appendix rather than strike it from the docket, as Health Law has not argued that the appendix is inflammatory or offensive. Health Law's motion is therefore DENIED.

3

## II.     BANKRUPTCY APPEAL

### A.     Legal Standard

This Court has jurisdiction to hear appeals from decisions of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in relevant part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1). A district court reviews a bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *See, e.g., In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir. 1990). A bankruptcy court's discretionary decisions are reviewed for abuse of discretion. *See, e.g., In re Boodrow*, 126 F.3d 43, 47 (2d Cir. 1997).

In reviewing a decision of a bankruptcy court, the district court "may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below." *Freeman v. Journal Register Co.*, 452 B.R. 367, 369 (S.D.N.Y. 2010). But the district court may not consider evidence outside the record. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008). Any arguments not raised in the bankruptcy court are considered waived; unless such a waiver results in manifest injustice, the new arguments will not be considered on appeal. *See In re Lionel Corp.*, 29 F.3d 88, 92 (2d Cir. 1994); *see also, e.g., In re Barquet Grp., Inc.*, 486 B.R. 68, 73 n. 3 (S.D.N.Y. 2012) (citing *In re Enron Corp.*, 419 F.3d 115, 126 (2d Cir. 2005)).

### B.     Discussion

Taneja's appeal briefs offer a plethora of arguments, often unconnected from one another, in an attempt to show that Health Law and each of the state court and bankruptcy judges below

4

treated her unfairly and denied her an opportunity to defend herself. The Court has attempted to

clarify Taneja's strongest arguments in favor of her appeal, and addresses them below.

### 1. Attorneys' Fees

Taneja alleges that Health Law submitted fabricated bills for attorneys' fees during both

the underlying debt collection case and the subsequent bankruptcy cases. *See* Appellant's Br.

(Doc. 28) at 6, 19–20.

As this Court explained in its November 20, 2017 Order, "the issues presented by this

bankruptcy appeal concern whether Health Law violated the automatic stay, not whether Indest

made false statements in connection with the legal fees owed in the Florida Litigation." *See* Doc.

35 at 8. Whether or not Taneja's allegations are correct—although the Court notes that they lack

any support in the record—they are not germane to this dispute, which concerns whether the

Bankruptcy Judge erred in dismissing Taneja's adversary proceeding.[6]

To the extent that Taneja intends for this allegation to attack the Bankruptcy Judge's

decision to grant Health Law's request for attorney's fees below, the Court does not find that the

Bankruptcy Judge abused her discretion. Taneja did not put forward any evidence—before that

court or this one—that Health Law's fees were fabricated. Indeed, Health Law submitted several

affidavits from outside experts on the reasonableness of their fee calculation. *See* A.P. Docs. 22–

23, 25.

### 2. Service of Sanctions Motion

Taneja argues that the Bankruptcy Judge erred in determining that the sanctions motion

had been properly served. *See* Appellant Br. at 24–25. During the sanctions hearing, Indest

---

[6] Health Law argues that Taneja's argument regarding attorney's fees is also barred by the doctrine of *res judicata*, because it was considered and rejected by the Florida court which presided over the underlying debt case. *See* Appellee's Br. (Doc. 54-1) at 11, 25–26. Health Law, however, does not provide the Court with any decision in which the issue of Health Law's alleged fabrication of bills was clearly raised and rejected. *Id.*

indicated that the motion was served on Taneja on May 5, 2017, and was filed on the docket after

the safe harbor period on May 30, 2017. *See* A.P. Doc. 33 (July 13, 2017 Hearing Transcript).

Taneja claims that she was not served with the motion until May 30, 2017, the evening before a

bankruptcy hearing.[7] *See* Appellant Reply Br. (Doc. 58) at 20–21.

  Taneja raised these claims before the Bankruptcy Judge during the sanctions hearing held

on July 13, 2017. *See* A.P. Doc. 33. The Bankruptcy Judge determined that "there was 21-day

notice" before the filing of the motion because Health Law entered "the certificate of service on

it when it was filed." *Id.* She stated that she would not credit Taneja's insistence that she had

not been properly served. *Id.* A bankruptcy judge's determinations "on the credibility of

witnesses . . . are reviewed under an abuse of discretion standard." *In re CBI Holding Co., Inc.*,

419 B.R. 553, 563 (S.D.N.Y. 2009) (citing *Universal Church v. Geltzer*, 463 F.3d 218, 226 (2d

Cir. 2006)). The Court finds that the Bankruptcy Judge did not abuse her discretion in finding

that the service requirements of Rule 9011 of the Federal Rules of Bankruptcy Procedure had

been met. First, Health Law filed the letters and e-mails it sent Taneja and her then-attorney,

Arlene Gordon-Oliver, which were dated May 5, 2017. *See* A.P. Doc. 14. Second, during the

hearing, Taneja's testimony was inconsistent, and she admitted that she was served with a copy

of the sanctions motion in advance, but was never served with a document entitled "notice of

withdrawal," which she believed was necessary to complete service. *See* A.P. Doc. 33.[8] There

was ample evidence in the record, therefore, to support the Bankruptcy Judge's finding that

---

[7] During the June 1 hearing, the Bankruptcy Judge dismissed Taneja's adversary proceeding, but did not resolve the merits of Health Law's sanctions motion. *Id.*

[8] Rule 9011 of the Federal Rules of Bankruptcy Procedure requires that a party serve the motion at least twenty-one days before it is filed with the bankruptcy court. It does not require the service of any document entitled "notice of withdrawal." *See* Fed. R. Bankr. P. 9011(c)(1)(A).

service had been proper, and her decision to disregard Taneja's statement that she had not been served was not an abuse of discretion.

### 3. Additional Arguments

Taneja puts forward several additional arguments in support of her appeal, all of them made spuriously, without any evidentiary support, and without any explanation. For example, Taneja asserts, without citation to any evidence, that the bankruptcy court "erred by not scanning the filings of the debtor onto the docket." Appellant Br. at 7–8. She also states that the Bankruptcy Judge "neglected to read the pleadings." *Id.* at 8. She makes similar accusations of Health Law, accusing the firm of "repeatedly fabricating documents, deceiving the court, and committing perjury" and of orchestrating the replacement of the prior judge proceeding over the bankruptcy petition with Chief Bankruptcy Judge Morris. *Id.* at 21, 24. The Court discerns no purpose in these statements other than to denigrate the Bankruptcy Judge and Appellees.

Taneja also argues, briefly, that Health Law "manipulated the Clerks of the Appellate court to sign orders in his favor during the pendency of the Automatic stay." *Id.* at 23. In support of this statement, she cites to Exhibit 5 of the Appendix; however, the document contained therein is not part of the record on appeal and the Court cannot consider it. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008) (noting that a district court may not consider evidence outside the record).[9]

The Court finds no indication that any of the Bankruptcy Judge's decisions were clearly erroneous. The Court therefore AFFIRMS the decisions of the bankruptcy court below.

---

[9] Even if the Court were to consider the document, Taneja has provided the Court with a single page from a reply filed by Health Law in state court in September 2017, in which Health Law states that "this case is not currently pending before any other court." *See* Doc. 29 Ex. 5. In September 2017, the adversary proceeding had already been dismissed. This evidence, therefore, is not relevant to whether the Bankruptcy Judge erred in dismissing the adversary proceeding.

## III.   SANCTIONS

### A.   Legal Standards

Rule 11 of the Federal Rules of Civil Procedure states that the court may impose

sanctions "[i]f, after notice and a reasonable opportunity to respond, the court determines that

Rule 11(b) has been violated . . . ." Fed. R. Civ. P. 11(c)(1); *see also Ipcon Collections LLC v.*

*Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (stating that "sanctions under Rule 11

are discretionary, not mandatory"). Rule 9011 of the Federal Rules of Bankruptcy Procedure

parallels Rule 11, "containing only such modifications as are appropriate in bankruptcy matters."

*In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 227 (2d Cir. 1991) (internal quotations

omitted) (quoting *Cinema Serv. Corp. v. Edbee Corp.*, 774 F.2d 584, 585 (3d Cir. 1985)). "A

pleading, motion or other paper violates Rule 11 either when it has been interposed for any

improper purpose, or where, after reasonable inquiry, a competent attorney could not form a

reasonable belief that the pleading is well grounded in fact and is warranted by existing law or

good faith argument for the extension, modification or reversal of existing law." *Robledo v.*

*Bond No. 9*, 965 F. Supp. 2d 470, 477–78 (S.D.N.Y. 2013) (internal citations and quotations

omitted) (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002)).

Under Rule 38 of the Federal Rules of Appellate Procedure, a court of appeals may, after

a motion is filed separately and the appellant is given a reasonable opportunity to respond,

sanction an appellant for bringing a frivolous appeal. *See* Fed. R. App. P. 38. Rule 8020 of the

Federal Rules of Bankruptcy Procedure "adopts the provisions of Rule 38." *See In re Carlton*

*Concrete Corp.*, No. 08 Civ. 242 (JFB), 2008 WL 4443233, at *11 n.9 (E.D.N.Y. Sep. 26, 2008);

Fed R. Bankr. P. 8020 (providing that a district court or BAP may award damages and "single or

double costs" to the appellee if it determines that an appeal was frivolous). Sanctions under

8

Rules 38 and/or 8020 may be imposed where an appeal is "totally lacking in merit, framed with

no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence."

*StreetEasy, Inc. v. Chertok*, No. 16-2474, 2018 WL 1478238, at *2 (2d Cir. Mar. 26, 2018)

(quoting *In re Drexel Burnham Lambert Grp. Inc.*, 995 F.2d 1138, 1147 (2d Cir. 1993)); *see also*

*In re Carlton Concrete Corp.*, 2008 WL 4443233, at *11 n.9.

### B.    Discussion

Health Law argues that Taneja should be sanctioned for bringing this appeal of the

Bankruptcy Judge's orders because her appeal was frivolous, spurious, and filed only to harass it.

*See* Memorandum of Law in Support of Motion for Sanctions (Doc. 26) at 4–5.   It seeks several

forms of relief, including:  (1) double attorney's fees; (2) an award for "any damages" Health

Law has incurred; (3) enjoining Taneja from filing any bankruptcy or other actions for at least

three years; (4) requiring Taneja to seek the Court's permission before filing any new motions;

(5) ordering Taneja to pay $25,000 to the New York Legal Aid Society; (6) ordering Taneja to

pay $1,000 for every day she fails to pay Health Law the amount they are owed; and (7) publicly

reprimanding her. *Id.* at 16–17.

As stated above, Taneja has participated in six bankruptcy proceedings and at least

twenty-five federal proceedings.  Although *pro se* litigants are afforded special solicitude, Taneja

is very familiar with federal court proceedings. *See Uppal v. Indest*, 2017 WL 6405660, at *3–4;

*Sledge v. Kooi*, 564 F.3d 105, 109–10 (2d Cir. 2009) (explaining that in certain circumstances, a

litigious plaintiff may not be entitled to special solicitude because of her familiarity with the

legal system).   Taneja has been repeatedly warned about making conclusory and unsupported

allegations in court filings. *See, e.g.*, Order dated December 9, 2014 (Doc. 7) at 5, *Uppal v. Fla.*

*Bd. of Med.*, No. 14 Civ. 9024 (ER) (S.D.N.Y. 2014); Order dated March 21, 2018 (Doc. 15), at

2, *In re Neelam Taneja*, 17 Civ. 9429 (JGK) (S.D.N.Y. 2017). She has also been warned by numerous judges, including during the pendency of this appeal, that continuing to raise frivolous issues would result in sanctions. *See Uppal v. Indest*, 2017 WL 6405660, at \*3; *Uppal v. Wells Fargo Bank*, No. 8:15 Civ. 68 (SDM), 2015 WL 12765539, at \*1 (M.D. Fla. Mar. 26, 2015); *Uppal v. Uppal*, No. 8:10 Civ. 2566 (SDM), 2011 WL 2516676, at \*1 (M.D. Fla. June 23, 2011).

Here, the Bankruptcy Judge dismissed the adversary proceeding below and imposed sanctions against Taneja for bringing the proceeding in bad faith. *See* A.P. Doc. 29. Seemingly undeterred, Taneja pursued this appeal. In *Davey v. Dolan*, the Second Circuit upheld the imposition of sanctions on a *pro se* litigant, finding that:

> We are not entirely unsympathetic with the plaintiff's personal sense of grievance with respect to these matters. But after reviewing plaintiff's history of vexatious litigation arising from his divorce, we conclude that . . . the district court's imposition of sanctions was appropriate because plaintiff, having adequately been warned of the possibility of sanctions, has nonetheless repeatedly pursued meritless claims despite being warned by courts at every turn to cease the bad faith litigation.

*Davey*, 292 F. App'x 127, 128 (2d Cir. 2008). The Circuit further ordered the litigant to show cause as to why it should not impose sanctions for the filing of a frivolous appeal. *Id.*; *see also Moore v. Time, Inc.*, 180 F.3d 463, 463 (2d Cir. 1999) (finding sanctions for a frivolous appeal appropriate where the magistrate judge had previously admonished the attorney that the complaint presented no non-frivolous claims). The Court finds that Taneja's appeal, which rests almost entirely on the unsupported allegations of wrongdoing she raised before the Bankruptcy Judge, was similarly brought in bad faith.

The Court, however, has significant discretion in levying sanctions. *E.g.*, Fed. R. Civ. P. 11 advisory committee note to 1983 Amendments ("The court . . . has discretion to tailor sanctions to the particular facts of the case . . . ."). In this case, the Court finds that because

10

Health Law has already prevailed on its claim for the underlying debt and secured an award of

attorney's fees for its litigation below, awarding the full relief Health Law seeks—among other

things, double attorney's fees, a $25,000 donation, and $1,000 per day—is unnecessary.  Instead,

the Court admonishes Taneja to refrain from making further frivolous filings and sanctions her in

the form of a $5,000.00 fee to be paid to Appellees.

## IV.   CONCLUSION

For the aforementioned reasons, the decisions of the Bankruptcy Judge are AFFIRMED and

Health Law's motion for sanctions is GRANTED.  The Clerk of Court is respectfully directed to

terminate the outstanding motions (Docs. 26 and 61) and mail a copy of this Order to Debtor.

It is SO ORDERED.

Dated:  April 16, 2018
        New York, New York

Edgardo Ramos, U.S.D.J.

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:

NEELAM TANEJA a/k/a NEELAM UPPAL,
              Debtor.
-----------------------------------------------------------X
NEELAM TANEJA a/k/a NEELAM UPPAL,
              Debtor/Appellant,

      -against-

THE HEALTH LAW FIRM and GEORGE
INDEST,
              Creditor/Appellees.
-----------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #.
DATE FILED:  4|18|18
```

17 **CIVIL** 5618 (ER)

**JUDGMENT**

      It is hereby **ORDERED, ADJUDGED AND DECREED:**  That for the reasons stated in

the Court's Opinion and Order dated April 16, 2018, the decisions of the Bankruptcy Judge are

AFFIRMED and Health Law's motion for sanctions is GRANTED.  Taneja is to refrain from

making further frivolous filings and sanctions her in the form of a $5,000.00 fee to be paid to

Appellees.

**Dated:**  New York, New York
       April 18, 2018

                         **RUBY J. KRAJICK**
                          _____
                              **Clerk of Court**
           **BY:**
                            _X Mango_____
                              **Deputy Clerk**

ORDERED.

**Dated:  January 11, 2018**

_(signature)_

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                            Case No.:    8:17-bk-10140-CPM
                                                  Chapter:     13

Neelam Taneja,
    aka Neelam Uppal,
    SSN: xxx-xx-3845
    Debtor, *in propria persona*.
_____/

### ORDER DISMISSING CASE
### WITH PREJUDICE BARRING THE DEBTOR FROM
### FILING A BANKRUPTCY CASE FOR TWO YEARS

    THIS CASE comes before the Court on December 28, 2017 at 9:30 a.m. to consider and

rule upon the United States Trustee's Expedited Motion to Dismiss Case with Injunction, Barring

the Debtor from Being a Debtor for Two Years and Providing In Rem Relief for Two Years

Against Any Future Bankruptcy Filings.  (Doc. No. 16).  The Court provided adequate and

sufficient notice and opportunity to be heard to all parties.  (Doc. Nos. 20 and 24).  The Debtor

neither appeared at the hearing nor filed a response to the Motion.  At the hearing, the Court

reviewed the Motion, heard from the parties, and reviewed the Court's records of the Debtor's

multiple case filings as a whole.

# APPENDIX 3

Upon the findings and conclusions stated upon the record in open court, which constitute the Court's ruling, **IT IS ORDERED** that:

1.      The Debtor, Neelam Taneja, constitutes an abusive serial bankruptcy filer, having filed four bankruptcy cases in the last eight years in two jurisdictions—the instant case being filed while the Debtor's bankruptcy case in the Southern District of New York remains pending on multiple appeals.[1]

2.      The United States Trustee's Motion to Dismiss Case with Injunction, Barring the Debtor from Being Debtor for Two Years, (Doc. No. 16), is **GRANTED** as follows.

3.      The bankruptcy case of *In re Neelam Taneja*, 8:17-bk-10140-CPM is **DISMISSED with prejudice.**

4.      In accordance with 11 U.S.C. § 105(a), 349, 707, Fed. R. Bankr. P. 1017, and 9020, the Debtor, Neelam Taneja, or any entity(ies) acting as trustee, guardian, representative, or other third-party by, for, or on his behalf, are jointly and individually **ENJOINED, BARRED,** and **PROHIBITED** from commencing any bankruptcy case petition for **TWO (2) YEARS** from **DECEMBER 28, 2017** through and including **DECEMBER 28, 2019**.

5.      None of the Debtor's debts, obligations, or liabilities are discharged.

6.      Should the Debtor fail to comply with the above prohibition and file for bankruptcy relief prior to **DECEMBER 28, 2019**, then no automatic stay under 11 U.S.C. § 362 will go into effect with respect to any property owned or occupied by the Debtor at that time and the Court will strike the bankruptcy petition.

---

[1] *Taneja v. The Health Law Firm (n re Taneja)*, 1:17-cv-05618-ER (S.D.N.Y.); *Taneja v. Wilkinson (In re Taneja)*, 1:17-cv-08510-VSB (S.D.N.Y.); *Taneja v. Sapir (In re Taneja)*, 1:17-cv-09429-JGK (S.D.N.Y.)(appeal of bankruptcy court order dismissing bankruptcy case *In re Taneja*, 1:16-bk-12356-cgm (Bankr. S.D.N.Y.)).

7.    Should a transferee of the Debtor file for bankruptcy relief prior to **DECEMBER**

**28, 2019**, then no automatic stay will go into effect with respect to any property transferred from

the Debtor to the transferee.

8.    **ALL COURT JUDGES AND CLERKS ARE HEREBY NOTIFIED:**

**THE FILING OF A BANKRUPTCY PETITION FILED BY THE
DEBTOR PRIOR DECEMBER 28, 2019, SHALL NOT STOP ANY
FORECLOSURE SALE OR OTHER COURT PROCEEDING
SCHEDULED PRIOR TO THAT DATE WITH RESPECT TO ANY
PROPERTY OWNED OR OCCUPIED BY THE DEBTOR AT THAT
TIME.**

**SIMILARLY, THE FILING OF A BANKRUPTCY PETITION BY A
TRANSFEREE OF THE DEBTOR PRIOR TO DECEMBER 28, 2019,
SHALL NOT STOP ANY FORECLOSURE SALE OR OTHER COURT
PROCEEDING SCHEDULED PRIOR TO THAT DATE WITH
RESPECT TO PROPERTY THAT WAS TRANSFERRED FROM THE
DEBTOR TO THE TRANSFEREE.**

9.    Any party may record a certified copy of this Order in compliance with applicable

State laws governing notices of interests or liens by appending to the filing a true and correct

legal property description.

10.    The Debtor, and any person claiming an interest by and through, and/or under the

Debtor, shall be prohibited from filing any future bankruptcies under Title 11 of the United

States Bankruptcy Code, an any Bankruptcy Court of the United States of America, for the next

TWO (2) YEARS.  Any filing in violation of this Order shall be considered NULL and VOID

and will neither affect nor act as a stay against any of the Debtor's creditors.

11.    The automatic stay of 11 U.S.C. § 362(a) shall not be in effect if any third party

purchaser of any of the Debtor's property is not a Bona Fide Purchaser.

12.     This Court specifically admonishes the State Court(s) to not halt any proceedings in State Court, should the Debtor attempt to file bankruptcy within the next TWO (2) YEARS.

13.     The Trustee shall return to the Debtor any remaining funds on hand not previously disbursed, notwithstanding any other court orders, and shall thereafter file his final report, upon which filing, he will be discharged of his duties as Trustee.  The Trustee shall return the aforementioned funds on hand to the Debtor, and in care of the Debtor's attorney, when represented by an attorney.

14.     This Court **RETAINS JURISDICTION** to enforce the terms and provisions of this Order.

Clerk's Office to serve order.

ORDERED.

**Dated:  January 31, 2018**

_Catherine McEwen_

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
flmb.uscourts.gov

In re

   NEELAM TANEJA,                      Case No. 8:17-bk-10140-CPM
                                      Chapter 13

       Debtor.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION
## OF ORDER GRANTING MOTION TO DISMISS CASE WITH PREJUDICE

THIS CASE came on for consideration of the Debtor's motion (the "Motion for Reconsideration") (Doc. 45) seeking reconsideration of the Court's order (the "Dismissal Order") (Doc. 40), which granted the United States Trustee's motion (the "Motion to Dismiss") (Doc. 16) to dismiss this case with prejudice, following a hearing on December 28, 2017. The Motion states, among other things, that the Debtor was not served with a copy of the Motion to Dismiss or with a copy of the notice of hearing on the Motion to Dismiss. However, the Certificate of Service attached to the Motion to Dismiss reflects that the United States Trustee served a copy of that motion on the Debtor at both the physical address and the post office address provided by the Debtor in the petition (Doc. 1), and the Court's Certificate of Notice (Doc. 24) shows that the hearing notice was served by the Bankruptcy Noticing Center on the

Debtor at both addresses.[1]  The Court also notes that the post office address provided in the petition is the same address the Debtor gave as her address in the Motion for Reconsideration.

Moreover, the record reflects that the Debtor failed to receive a briefing from an approved credit counseling agency within 180 days *prior* to fling the petition, despite a representation made to the contrary in the Debtor's petition, which she signed under penalty of perjury.  The Certificate of Counseling (Doc. 14) filed by the Debtor confirms that she received counseling on December 11, 2017, which is *after* she filed the petition on December 6, 2017.  Thus, the Debtor is ineligible to be a debtor under 11 U.S.C. § 109(h), an infirmity the Debtor could not have cured even if she had appeared at the December 28th hearing.

Finally, the record shows that between December 19, 2012, and August 15, 2016, the Debtor filed four prior bankruptcy cases (three in Florida and one in New York) all of which were dismissed without entry of a discharge.[2]  Because the Court may take judicial notice of these filings, the Debtor's presence was not necessary for this Court to conclude that the Debtor is an abusive serial filer.

Accordingly, it is

**ORDERED** that the Motion for Reconsideration is DENIED.  The Dismissal Order, which bars the Debtor from filing another bankruptcy case within two years from the dismissal date, remains in full force and effect.

The Clerk is directed to serve a copy of this order on the Debtor and all interested non-CM/ECF users.

---

[1] Under long standing common law, a properly mailed item is presumed to have been received by addressee. *See, e.g., Bazemore v. Jefferson Capital Systems, LLC,* 827 F.3d 1325, 1334 n.2 (11th Cir. 2016) (citation omitted).
[2] *See* Case Nos. 12-bk-18946 (filed December 19, 2012, and dismissed on January 11, 2013); 13-bk-05601 (filed April 29, 2013, and dismissed on September 17, 2013), 15-bk-00594 (filed January 22, 2015, and dismissed September 1, 2015); and 16-bk-12356 (filed August 15, 2016, and dismissed on November 22, 2017).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEELAM T. UPPAL,<br><br>               Plaintiff,<br><br>     -against-<br><br>GEORGE F. INDEST III; HEALTH<br>LAWFIRM; CHARLENE RODRIQUEZ;<br>BARRY WILKINSON; SADORF &<br>WILKINSON; WELLS FARGO;<br>NATIONSTAR,<br><br>               Defendants. | 17-CV-7072 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se,* paid the filing fee to bring this complaint under the Court's

federal question jurisdiction.[1] Plaintiff has now filed an order to show cause in which she appears

to seek a stay in a bankruptcy proceeding in this District. For the reasons set forth below, the

action is dismissed, and the order to show cause is denied as moot.

### STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants*

*Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon*

*Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

---

[1] Plaintiff filed this action with an incomplete application for leave to proceed *in forma pauperis* (IFP). By order dated September 19, 2017, the Court directed Plaintiff to either file an amended IFP application, or pay the filing fee. Plaintiff paid the filing fee on September 29, 2017.

# APPENDIX 4

[claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

On September 15, 2017, Plaintiff Neelam T. Uppal, a medical doctor, filed this complaint, which is not a model of clarity, against George F. Indest III, Health Law Firm, Charlene Rodriguez, Barry Wilkinson, Wilkinson, Sadorf & Wilkinson, Wells Fargo, and Nationstar. Invoking the Court's federal question jurisdiction, Plaintiff asserts claims under "RICO," 18 U.S.C. §§ 1961-1968, and claims of "deceptive tactics" and "false claims" under 18 U.S.C. § 1001.

Indest is counsel for the Health Law Firm, listed as an appellee in Plaintiff's pending bankruptcy appeal in this Court. *See In re: Neelam Taneja aka Neelam Uppal*, No. 17-CV-5618 (ER) (S.D.N.Y. filed July 24, 2017). It is not clear who the other individuals are. According to Plaintiff, Indest "made fabricated bills and false claims" in the bankruptcy court, and "tried to do collections while automatic stay was in effect," and Wilkinson conspired with Indest. The complaint sets forth no allegations against the other defendants. (ECF No. 2 ¶ III.). Plaintiff seeks money damages and to "waive sanction due to perjury have all the false claims paid back." (*Id.* ¶ IV.)

On July 29, 2017, Plaintiff filed in this case an order to show cause asserting that Indest lied to "the Seminole County Judge," and to the Southern District bankruptcy judge. Plaintiff seeks to have this Court hold Indest and the Health Law Firm in contempt "of this court's Order of Stay," and to "grant the order of preliminary injunction against the Creditor and the State Court by entering an injunction against the enforcement of the order entered to collect any judgment and enjoining and refraining the Defendant from taking any further collection or legal actions on the debtor." (ECF No. 5 ¶ 4.)

2

Plaintiff filed in the bankruptcy appeal pending before Judge Ramos a substantially similar order to show cause, and Indest has moved to strike that filing and for sanctions. (17-CV-5618, ECF Nos. 14-16.)

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

In this complaint, Plaintiff seeks relief under the Racketeer Influenced and Corrupt Organizations Act (RICO). RICO was enacted to "'to seek the eradication of organized crime in the United States.'" *Boritzer v. Calloway*, No. 10-CV-6264 (JPO), 2013 WL 311013, at *4 (S.D.N.Y. Jan. 24, 2013) (quoting Pub. L. No. 91452, Title IX, § 901(a) (Oct. 15, 1970)). The civil enforcement provision of RICO provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 . . . may sue therefor in any appropriate United States district court and shall recover threefold the damages...." 18 U.S.C. § 1964(c) (1995). In order to establish a violation of § 1962, a plaintiff must demonstrate: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an

3

"enterprise" (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting 18 U.S.C. § 1962(a)-(c) (1976)). To show conspiracy, Plaintiff must allege that Defendants "agreed to form and associate themselves with a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise." *Conte v. Newsday, Inc.,* 703 F. Supp. 2d 126, 133 (E.D.N.Y. 2010) (quoting *Cofacredit, S.A. v. Windsor Plumbing Supply Co.,* 187 F.3d 229, 244 (2d Cir. 1999)).

Plaintiff fails to provide any facts that would support a RICO claim. The complaint is devoid of a single fact suggesting that Defendants conspired against her. Plaintiff only mentions RICO in her complaint once, in response to a question in the Court's general complaint form asking "what federal Constitutional, statutory or treaty right is at issue?" (Compl. at 2.) In fact, Plaintiff asserts claims only against Indest, and asserts without factual support that Wilkinson "conspired" with Indest. Moreover, injunctive relief is not available under civil RICO. *See* 18 U.S.C. § 1964 (1995).

Plaintiff also cites to 18 U.S.C. § 1001, the federal false statement statute. That statute, however, does not provide for a private right of action. *See, e.g. Momot v. Dziarcak*, 208 F. Supp. 3d 450, 460 (N.D.N.Y. 2016) (holding that 18 U.S.C. § 1001 does not create a private right of action); *Faraldo v. Kessler*, No. 08-CV-0261, 2008 WL 216608, at *6 (E.D.N.Y. Jan. 23, 2008) (holding that 18 U.S.C. § 1001 does not allow for a private civil action); *Bender v. General Services Admin.,* No. 05-CV-6459 (PKC), 2006 WL 988241, at * 1 (S.D.N.Y. Apr. 14, 2006) (same); *Clements v. Miller*, No. 10-CV-2455, 2005 WL 2085497, at *4 (D. Colo. Aug. 29, 2005), aff'd, 189 F. App'x 688 (10th Cir. 2006).

4

In short, Plaintiff is attempting to relitigate in this Court, under the guise of a RICO action, state court and bankruptcy court matters, which she cannot do. *See Curtis & Assoc., P.C. v. Law Office of David M. Bushman, Esq.*, 758 F. Supp. 2d 153, 170 (E.D.N.Y. 2010) (state court claim should not be "re-litigated in federal court under the guise of a RICO action"). *See also* Federal Rule of Bankruptcy Procedure Rule 8002(a)(1) (to appeal an order of a Federal Bankruptcy Court in a Federal District Court, a party must file a notice of appeal in the Bankruptcy Court within fourteen days of the entry of the order being appealed). For these reasons, Plaintiff's complaint fails to state a claim on which relief may be granted.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because amendment would not cure the deficiencies in Plaintiff's complaint, the Court declines to grant Plaintiff an opportunity to amend.[2]

## LITIGATION HISTORY

Plaintiff is no stranger to federal court. According to PACER, Plaintiff has filed more than twenty-five cases in federal and circuit courts in New York, New Jersey, and Florida.[3] *See, e.g. Uppal v. NYS Dep't of Health*, No. 16-CV-3038 (VSB) (S.D.N.Y. filed Apr. 25, 2015) (motion to dismiss pending); *Uppal v. Florida Board of Medicine, et al.*, No. 14-CV-9024 (ER) (S.D.N.Y. Jan. 5, 2015) (denying order to show cause and transferring matter to the United States

---

[2] In any event, Plaintiff's order to show cause and claims against Indest are pending in the bankruptcy appeal before Judge Ramos.

[3] The Court may consider matters that are subject to judicial notice, including court records. *See* Fed. R. Evid. 201(b)-(c); *Schenk v. Citibank/Citigroup/ Citicorp*, No. 10-CV-5056 (SAS), 2010 WL 5094360, at *2 (S.D.N.Y. Dec. 9, 2010) (citing *Anderson v. Rochester–Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003)).

District Court for the Middle District of Florida); *Uppal v. Hospital Corp. of America*, No. 09-CV-634, 2011 WL 2631869 (M.D. Fla. July 5, 2011) (granting motion to dismiss Title VII claims), *aff'd Uppal v. Hospital Corp. of America*, 482 F. App'x 394 (11th Cir. June 13, 2012). Plaintiff has previously been warned against pursuing frivolous litigation. *Uppal v. Uppal*, No. 10-CV- 2566, 2011 WL 2516676 (M.D. Fla. June 23, 2011) (dismissing action as "repetitive, vexatious, and frivolous," and warning Plaintiff against pursuing frivolous litigation). In addition, a judge of this Court has already alerted Plaintiff that applications for relief must be made in the first instance in the bankruptcy court, after which a notice of appeal may be filed. *See In re: Neelam Taneja*, No. 17-CV-6608 (KBF) (S.D.N.Y. Sept. 27, 2017) (dismissing for lack of jurisdiction emergency motion for recusal of bankruptcy judge; motion based in part on alleged false filings of Indest).

The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). In light of Plaintiff's litigation history, the Court finds that Plaintiff was, or should have been, aware when she filed this case that it lacked merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that further frivolous or duplicative litigation in this Court will result in an order barring her from filing new actions in this Court, regardless of whether she pays the filing fee or seeks leave to proceed *in forma pauperis*, without prior permission. *See* 28 U.S.C. § 1651.

6

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). The Court denies the order to show cause as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 12, 2017
         New York, New York

COLLEEN McMAHON
Chief United States District Judge

7

### IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
### FIFTH DISTRICT

NEELAM UPPAL,

     Appellant,

v.                       CASE NO. 5D16-0180

HEALTH LAW FIRM,

     Appellee.
_____/

DATE: October 04, 2016

**BY ORDER OF THE COURT:**

     ORDERED that Appellee's Motion to Dismiss Appeal Or, Alternatively, To Strike Appellant's Brief, filed June 21, 2016, is granted and the above-styled cause is hereby dismissed. Appellee's Motion for Attorney's Fees and Sanctions pursuant to Section 57.105, filed June 22, 2016, is granted and the matter is remanded to the trial court to assess the amount of fees to be awarded. Appellant's Motion to Strike and Dismiss Appellee's Motion for Sanctions, filed July 6, 2016, is denied. Appellant's Cross-Motion to Suppress, filed July 6, 2016, is denied.

*I hereby certify that the foregoing is*
*(a true copy of) the original Court order.*

*Jeanne P. Simmons*
JOANNE P. SIMMONS, CLERK

Panel: Judges Orfinger, Cohen, and Edwards

cc:

| | | |
|---|---|---|
| George F. Indest III | Lance O. Leider | Neelam Uppal |
| Clerk Seminole (13-CA-3790) | Hon. Jessica J. Recksiedler | |

# APPENDIX 5

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT IN AND
FOR SEMINOLE COUNTY, FLORIDA

THE HEALTH LAW FIRM,

        Plaintiff/Appellee,

v.                                   CASE NO:  13-CA-3790-15-K

NEELAM T. UPPAL, M.D.,
a/k/a NEELAM TANEJA, M.D.,
a/k/a NEELAM T. TANEJA-UPPAL, M.D.,
a/k/a NEELAM UPPAL TANEJA, M.D.,
a/k/a NEELAM TANEJA UPPAL, M.D.,

        Defendant/Appellant.

_____/

## FINAL JUDGMENT ON APPELLATE ATTORNEY'S FEES AND SANCTIONS

(Corrected) as to procedure p 2 & 2) *occurrence of* Q

    The Court enters this Corrected Final Judgment nunc pro tunc to correct a minor

ministerial omission in its Final Judgment of September 20, 2017, on this matter.

    This matter came before this Court for hearing on September 20, 2017, based on the Order

of the Fifth District Court of Appeal dated October 4, 2016, in case number 5D16-0180

(incorporated herein by reference), and the Plaintiff/Judgment Creditor/Appellee's Motion for

Page 1 of 5

## APPENDIX 6



CERTIFIED COPY - GRANT MALOY
CLERK OF THE CIRCUIT COURT
AND COMPTROLLER
SEMINOLE COUNTY, FLORIDA
BY _____ DEPUTY CLERK
Date _____

Judgment on Amount of Appellate Attorney's Fees dated August 30, 2017, the same having been properly noticed and hearing date coordinated with the Defendant/Judgment Debtor/Appellant, Neelam Taneja Uppal, M.D., on June 20, 2017.

Defendant/Judgment Debtor/Appellant Uppal failed to a attend the hearing.

Defendant/Judgment Debtor/Appellant Uppal submitted no opposition to and no evidence contradicting the motions, affidavits, documents and evidence submitted by the Plaintiff/Judgment Creditor/Appellee The Health Law Firm.

The Fifth District Court of Appeal awarded Plaintiff/Judgment Creditor/Appellee The Health Law Firm its attorney's fees and costs against Defendant/Judgment Debtor/Appellant, Neelam Taneja Uppal, M.D., granting a Motion filed pursuant to Section 57.105, Florida Statutes (which is modeled after Rule 11, Federal Rules of Civil Procedure), and remanded the case to this Court solely for a determination as to the amount of such fees and costs.

This matter having been considered by the Court at the hearing held for this purpose, the filings, evidence, and arguments of the Parties being considered,

**THE COURT HEREBY FINDS:**

1.      The hourly rates and total legal fees for the appeal submitted by The Health Law Firm in the amount of $20,072.50 are found to be fair, reasonable and necessary, under the circumstances.

2.      The Health Law Firm is also entitled to its expenses in this matter of $415.52 which are found to be fair, reasonable and necessary.

3.      The total amount of $20,488.02, is found to be fair, reasonable and necessary for

Page 2 of 5

appellate attorney's fees and expenses, and is awarded as a sanction against Defendant/Judgment Debtor/Appellant, Neelam Taneja Uppal, M.D., pursuant to Section 57.015, Florida Statutes.

**IT IS ADJUDGED** that Appellee/Plaintiff/Judgment Creditor The Health Law Firm, 1101 Douglas Avenue, Altamonte Springs, Seminole County, Florida 32714, shall recover from Appellant/Defendant/Judgment Debtor Neelam T. Uppal, M.D., a/k/a Neelam Taneja, M.D., a/k/a Neelam T. Taneja-Uppal, M.D., a/k/a Neelam Uppal Taneja, M.D., Neelam Taneja Uppal, M.D.; whose addresses include:

    1) 7352 Sawgrass Point Drive, Pinellas Park, Pinellas County, Florida 33782;

    2) 17715 Gulf Boulevard, #705, Redington Shores, Pinellas County, Fla. 33782;

    3) Post Office Box 1002, Largo, Pinellas County, Florida 33779; and

    4) 1370 Broadway #504, New York, Manhattan County, New York 10018;

the principal sum $20,488.02, calculated as of June 27, 2017, as sanctions.

**IT IS FURTHER ADJUDGED** that this Final Judgment shall bear interest at the judicial rate of 4.75% (or .0130137% per day) or $2.67 per day and shall accrue from this date forward on the principal sum.

**IT IS FURTHER ADJUDGED**, pursuant to the contract between the parties, Plaintiff/Judgment Creditor is also entitled to its collections attorney's fees for which it may later apply to this Court.

**IT IS FURTHER ADJUDGED**, the Court reserves jurisdiction for the purpose of assessing any additional fees and costs associated with this matter and to enforce this Judgment.

**IT IS FURTHER ADJUDGED**, that all pending Objections and Motions of the

Appellant/Defendant/Judgment Debtor are denied as moot and no further motions in this matter are authorized. The Court will not consider any further motions or filings from Appellant/ Defendant/Judgment Debtor Uppal and she is ordered not to file any.

**IT IS FURTHER ADJUDGED**, since the underlying matter involved licensure matters and matters affecting the right of the Defendant to receive and retain Medicare and Medicaid payments, and to participate in the Medicare or Medicaid Programs, the judgement lien in this matter shall attach to and may be executed against any outstanding Medicare and Medicaid payments due to Defendant.

**FOR WHICH LET EXECUTION ISSUE.**

**IT IS FURTHER ORDERED**, that Appellant/Defendant/Judgment Debtor Neelam T. Uppal, M.D., a/k/a Neelam Taneja, M.D., a/k/a Neelam T. Taneja-Uppal, M.D., a/k/a Neelam Uppal Taneja, M.D., Neelam Taneja Uppal, M.D., shall complete and serve the Fact Information Sheet required by Rule 1.977, Florida Rules of Civil Procedure, filing the required notice with the Clerk of Court within 45 days, or be in contempt of Court.

This Corrected Final Judgment shall apply retroactively to the date of the original Final Judgment, September 20, 2017.

**ORDERED** in chambers/open court, at Sanford, Seminole County, Florida, on this _____ day of September 2017, nunc pro tunc Sept 20, 2017

**JESSICA J. RECKSIEDLER**
CIRCUIT COURT JUDGE

Page 4 of 5

## CERTIFICATE OF SERVICE OF CONFORMED COPIES

I HEREBY CERTIFY that a conformed copy of the foregoing was served via hand delivery/ U.S. mail, postage prepaid, to: George F. Indest III, Esquire (Attorney for Plaintiff), The Health Law Firm, 1101 Douglas Avenue, Altamonte Springs, Florida 32714; and via hand delivery / e-mail to at nneel123@aol.com; and via U.S. mail, postage prepaid, to Neelam Taneja Uppal, at:

     1)  7352 Sawgrass Point Drive, Pinellas Park, Florida 33782;

     2)  17715 Gulf Boulevard, #705, Redington Shores, Florida 33782;

     3)  Post Office Box 1002, Largo, Florida 33779; and

     4)  1370 Broadway #504, New York, New York 10018;

on this date, the 22nd day of September 2017.

George F. Indest

**JUDICIAL ASSISTANT/ATTORNEY**
George F. Indest III, Fla. Bar. No. 382426

Attachment: Fact Information Sheet (Rule 1.977, Fla. R. Civ. Proc.)

GFI/mw
S:\Collections\1516-Uppal, Neelam, MD\003-18th Cir Collections\Pleadings-Drafts\Final Judgment-App Atty Fees-Corrected.wpd

Page 5 of 5