## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## NEW YORK, NEW YORK

NEELAM TANEJA
a/k/a NEELAM UPPAL,[1]

          Appellant-Plaintiff-Debtor,

vs.

THE HEALTH LAW FIRM and
GEORGE F. INDEST III,

          Appellees-Defendants.

_____/

Case No.: 18-1225

DC Case No.: 17-cv-5618
DC Court: S.D.N.Y.
DC Judge: Ramos

## APPELLEES-DEFENDANTS' RESPONSE IN OPPOSITION TO

## APPELLANT-PLAINTIFF's MOTION TO PROCEED

## IN FORMA PAUPERIS

**COME NOW** the Appellees-Defendants the Health Law Firm and George F.

Indest III,[2] and file this Response in Opposition to the Appellant-Plaintiff's Motion

to Proceed in Forma Pauperis (Doc. 50), stating:

---

[1]    Sometimes Appellant Neelam Taneja Uppal uses "Taneja" as her last name and sometimes she uses "Uppal" as her last name. She will be referred to as "Neelam Taneja Uppal" herein. She was the Plaintiff in an Adversary Proceeding she filed against these Appellees in the bankruptcy action below. She is a resident of Florida.

[2]    The Health Law Firm is a judgment creditor of Appellant-Plaintiff-Debtor Neelam Taneja Uppal and was listed as a creditor in the New York bankruptcy action below. George F. Indest III is merely one of the attorneys of The Health Law Firm and is not, himself, a creditor. However, in the Adversary Proceeding that Appellant-Plaintiff-Debtor Neelam Taneja Uppal filed in the New York bankruptcy proceeding below, she named Mr. Indest, individually as a Defendant.

1.      Appellant-Plaintiff Neelam Taneja Uppal is a vexatious, abusive pro se litigant.

2.      Appellant-Plaintiff Neelam Taneja Uppal has previously been prohibited from filing appeals in forma pauperis or as an indigent to this Court by the U.S. District Court for the Southern District of New York, by Chief Judge Colleen McMahon, because of her harassing vexatious abuse of the legal system.  (Uppal v. Indest, et al., Case No. 17-CV-7072 (CM) (S.D.N.Y. Oct. 12, 2017;  Exhibit 1, p. 7.)

3.      Appellant-Plaintiff Neelam Taneja Uppal has also previously been sanctioned by the U.S. Bankruptcy Court for the Middle District of Florida, on January 11, 2018, for filing a sixth (6th) bankruptcy action in Florida while, the New York bankruptcy action she is now appealing was still pending, and for making false statements in her Florida bankruptcy filing.  In re Taneja, Case No. 17-bk- 10140-CPM (Bankr. M.D. Fla. filed Dec. 6, 2017) (Exhibits 2 & 3.)  She was labeled as an abusive serial bankruptcy filer by the Florida Bankruptcy Court and barred from filing any further bankruptcy actions anywhere for a minimum of two (2) years. (Exhibit 3.)

**4.      Appellant-Plaintiff Neelam Taneja Uppal has previously been prohibited from filing in forma pauperis by the U.S. Second Circuit Court of Appeal.  (Uppal v. Indest, Case No. 17-3362-cv (2d Cir.). (Doc. 132;  Exhibit 4.)**

5.     The Florida state courts have also found Appellant-Plaintiff Neelam Taneja Uppal to be a vexatious abusive litigant and have started imposing sanctions on her fro her frivolous litigation and frivolous appeals.  (See, e.g., <u>The Health Law Firm v. Uppal</u>, Case No. 2015-CA-3790 (Fla. 18th Jud. Cir. Ct., Order of Nov. 20, 2017), para. 17 & 18;  Exhibit 5, para. 17 & 18.)

6.     Allowing an abusive pro se litigator such as Appellant-Plaintiff Neelam Taneja Uppal to file meritless appeal after meritless appeal, without even having to pay any filing fees, only encourages her vexatious abuse of her creditors and the court system.

## RELIEF REQUESTED

Appellant-Plaintiff Neelam Taneja Uppal's Motion to Proceed in Forma Pauperis (Doc. 50) should be <u>denied</u>.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed this Opposition (with its attachments and exhibits) via the Clerk of Court's CM/ECF system which automatically serves a copy on all parties who have appeared, and I have also served a copy (with attachments) on Appellant/Debtor/Plaintiff Neelam Taneja Uppal (<u>pro se</u>), via e-mail address:  <u>nneelu123@aol.com</u>;  and also served her via U.S. mail, postage prepaid, to her at the following addresses:

1.     P.O. Box 1002, Largo, Florida 33779;  and
2.     17715 Gulf Boulevard, #705, Redington Shores, Florida 33782;

on this 7th day of June 2018.

/s/  George F. Indest III
_____

**GEORGE F. INDEST III, ESQUIRE**
Florida Bar No.:  382426
(Pro Hac Vice)
COUNSEL OF RECORD/LEAD COUNSEL
Primary E-mail:  GIndest@TheHealthLawFirm.com
Secondary E-mail: CourtFilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone:  (407) 331-6620
Facsimile:  (407) 331-3030
**ATTORNEYS FOR THE APPELLEES,**
**THE HEALTH LAW FIRM AND**
**GEORGE F. INDEST III**

**Exhibits:**

1.  Uppal v. Indest, et al., S.D.N.Y. Decision of Oct. 12, 2017  (Case No. 17-cv-7072 (CM))

2.  In re Taneja, Bankr. M.D. Fla. Order Dismissing, Jan. 11, 2018 (Case No. 8:17-bk-10140-CPM; Doc. 40))

2.  In re Taneja, Bankr. M.D. Fla. Order Denying Rehearing, Decision of Jan. 11, 2018 (Case No. 8:17-bk-10140-CPM; Doc. 46)

4.  Uppal v. Indest, et al., U.S. App. Ct. 2nd Cir., Decision of May 17, 2018 (Case No. 17-3362-cv;  Doc. 132)

5.  The Health Law Firm v. Uppal, Case No. 2015-CA-3790 (Fla. 18th Jud. Cir. Ct., Order of Nov. 20, 2017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEELAM T. UPPAL,

                                        Plaintiff,

                    -against-

GEORGE F. INDEST III; HEALTH
LAWFIRM; CHARLENE RODRIQUEZ;
BARRY WILKINSON; SADORF &
WILKINSON; WELLS FARGO;
NATIONSTAR,

                                        Defendants.

---

17-CV-7072 (CM)

ORDER OF DISMISSAL

---

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se,* paid the filing fee to bring this complaint under the Court's

federal question jurisdiction.[1] Plaintiff has now filed an order to show cause in which she appears

to seek a stay in a bankruptcy proceeding in this District. For the reasons set forth below, the

action is dismissed, and the order to show cause is denied as moot.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants*

*Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon*

*Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

---

[1] Plaintiff filed this action with an incomplete application for leave to proceed *in forma
pauperis* (IFP). By order dated September 19, 2017, the Court directed Plaintiff to either file an
amended IFP application, or pay the filing fee. Plaintiff paid the filing fee on September 29,
2017.

# EXHIBIT 1

[claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

On September 15, 2017, Plaintiff Neelam T. Uppal, a medical doctor, filed this complaint, which is not a model of clarity, against George F. Indest III, Health Law Firm, Charlene Rodriguez, Barry Wilkinson, Wilkinson, Sadorf & Wilkinson, Wells Fargo, and Nationstar. Invoking the Court's federal question jurisdiction, Plaintiff asserts claims under "RICO," 18 U.S.C. §§ 1961-1968, and claims of "deceptive tactics" and "false claims" under 18 U.S.C. § 1001.

Indest is counsel for the Health Law Firm, listed as an appellee in Plaintiff's pending bankruptcy appeal in this Court. *See In re: Neelam Taneja aka Neelam Uppal*, No. 17-CV-5618 (ER) (S.D.N.Y. filed July 24, 2017). It is not clear who the other individuals are. According to Plaintiff, Indest "made fabricated bills and false claims" in the bankruptcy court, and "tried to do collections while automatic stay was in effect," and Wilkinson conspired with Indest. The complaint sets forth no allegations against the other defendants. (ECF No. 2 ¶ III.). Plaintiff seeks money damages and to "waive sanction due to perjury have all the false claims paid back." (*Id.* ¶ IV.)

On July 29, 2017, Plaintiff filed in this case an order to show cause asserting that Indest lied to "the Seminole County Judge," and to the Southern District bankruptcy judge. Plaintiff seeks to have this Court hold Indest and the Health Law Firm in contempt "of this court's Order of Stay," and to "grant the order of preliminary injunction against the Creditor and the State Court by entering an injunction against the enforcement of the order entered to collect any judgment and enjoining and refraining the Defendant from taking any further collection or legal actions on the debtor." (ECF No. 5 ¶ 4.)

2

Plaintiff filed in the bankruptcy appeal pending before Judge Ramos a substantially similar order to show cause, and Indest has moved to strike that filing and for sanctions. (17-CV-5618, ECF Nos. 14-16.)

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly***,** 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal***,** 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

In this complaint, Plaintiff seeks relief under the Racketeer Influenced and Corrupt Organizations Act (RICO). RICO was enacted to "'to seek the eradication of organized crime in the United States.'" *Boritzer v. Calloway*, No. 10-CV-6264 (JPO), 2013 WL 311013, at *4 (S.D.N.Y. Jan. 24, 2013) (quoting Pub. L. No. 91452, Title IX, § 901(a) (Oct. 15, 1970)). The civil enforcement provision of RICO provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 . . . may sue therefor in any appropriate United States district court and shall recover threefold the damages…." 18 U.S.C. § 1964(c) (1995). In order to establish a violation of § 1962, a plaintiff must demonstrate: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an

"enterprise" (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting 18 U.S.C. § 1962(a)-(c) (1976)). To show conspiracy, Plaintiff must allege that Defendants "agreed to form and associate themselves with a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise." *Conte v. Newsday, Inc.,* 703 F. Supp. 2d 126, 133 (E.D.N.Y. 2010) (quoting *Cofacredit, S.A. v. Windsor Plumbing Supply Co.,* 187 F.3d 229, 244 (2d Cir. 1999)).

Plaintiff fails to provide any facts that would support a RICO claim. The complaint is devoid of a single fact suggesting that Defendants conspired against her. Plaintiff only mentions RICO in her complaint once, in response to a question in the Court's general complaint form asking "what federal Constitutional, statutory or treaty right is at issue?" (Compl. at 2.) In fact, Plaintiff asserts claims only against Indest, and asserts without factual support that Wilkinson "conspired" with Indest. Moreover, injunctive relief is not available under civil RICO. *See* 18 U.S.C. § 1964 (1995).

Plaintiff also cites to 18 U.S.C. § 1001, the federal false statement statute. That statute, however, does not provide for a private right of action. *See, e.g. Momot v. Dziarcak*, 208 F. Supp. 3d 450, 460 (N.D.N.Y. 2016) (holding that 18 U.S.C. § 1001 does not create a private right of action); *Faraldo v. Kessler*, No. 08-CV-0261, 2008 WL 216608, at *6 (E.D.N.Y. Jan. 23, 2008) (holding that 18 U.S.C. § 1001 does not allow for a private civil action); *Bender v. General Services Admin.,* No. 05-CV-6459 (PKC), 2006 WL 988241, at * 1 (S.D.N.Y. Apr. 14, 2006) (same); *Clements v. Miller*, No. 10-CV-2455, 2005 WL 2085497, at *4 (D. Colo. Aug. 29, 2005), aff'd, 189 F. App'x 688 (10th Cir. 2006).

In short, Plaintiff is attempting to relitigate in this Court, under the guise of a RICO action, state court and bankruptcy court matters, which she cannot do. *See Curtis & Assoc., P.C. v. Law Office of David M. Bushman, Esq.,* 758 F. Supp. 2d 153, 170 (E.D.N.Y. 2010) (state court claim should not be "re-litigated in federal court under the guise of a RICO action"). *See also* Federal Rule of Bankruptcy Procedure Rule 8002(a)(1) (to appeal an order of a Federal Bankruptcy Court in a Federal District Court, a party must file a notice of appeal in the Bankruptcy Court within fourteen days of the entry of the order being appealed). For these reasons, Plaintiff's complaint fails to state a claim on which relief may be granted.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because amendment would not cure the deficiencies in Plaintiff's complaint, the Court declines to grant Plaintiff an opportunity to amend.[2]

## LITIGATION HISTORY

Plaintiff is no stranger to federal court. According to PACER, Plaintiff has filed more than twenty-five cases in federal and circuit courts in New York, New Jersey, and Florida.[3] *See, e.g. Uppal v. NYS Dep't of Health*, No. 16-CV-3038 (VSB) (S.D.N.Y. filed Apr. 25, 2015) (motion to dismiss pending); *Uppal v. Florida Board of Medicine, et al.*, No. 14-CV-9024 (ER) (S.D.N.Y. Jan. 5, 2015) (denying order to show cause and transferring matter to the United States

---

[2] In any event, Plaintiff's order to show cause and claims against Indest are pending in the bankruptcy appeal before Judge Ramos.

[3] The Court may consider matters that are subject to judicial notice, including court records. *See* Fed. R. Evid. 201(b)-(c); *Schenk v. Citibank/Citigroup/ Citicorp*, No. 10-CV-5056 (SAS), 2010 WL 5094360, at *2 (S.D.N.Y. Dec. 9, 2010) (citing *Anderson v. Rochester–Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003)).

District Court for the Middle District of Florida); *Uppal v. Hospital Corp. of America*, No. 09-CV-634, 2011 WL 2631869 (M.D. Fla. July 5, 2011) (granting motion to dismiss Title VII claims), *aff'd Uppal v. Hospital Corp. of America*, 482 F. App'x 394 (11th Cir. June 13, 2012). Plaintiff has previously been warned against pursuing frivolous litigation. *Uppal v. Uppal*, No. 10-CV- 2566, 2011 WL 2516676 (M.D. Fla. June 23, 2011) (dismissing action as "repetitive, vexatious, and frivolous," and warning Plaintiff against pursuing frivolous litigation). In addition, a judge of this Court has already alerted Plaintiff that applications for relief must be made in the first instance in the bankruptcy court, after which a notice of appeal may be filed. *See In re: Neelam Taneja*, No. 17-CV-6608 (KBF) (S.D.N.Y. Sept. 27, 2017) (dismissing for lack of jurisdiction emergency motion for recusal of bankruptcy judge; motion based in part on alleged false filings of Indest).

The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). In light of Plaintiff's litigation history, the Court finds that Plaintiff was, or should have been, aware when she filed this case that it lacked merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that further frivolous or duplicative litigation in this Court will result in an order barring her from filing new actions in this Court, regardless of whether she pays the filing fee or seeks leave to proceed *in forma pauperis*, without prior permission. *See* 28 U.S.C. § 1651.

Case 18-1325, Document 54, 06/07/2018, 2320272, Page11 of 23

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). The Court denies the order to show cause as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 12, 2017
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

7

ORDERED.

**Dated: January 11, 2018**

Catherine McEwen

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                    Case No.:      8:17-bk-10140-CPM
                                          Chapter:       13

Neelam Taneja,
        aka Neelam Uppal,
        SSN: xxx-xx-3845
        Debtor, *in propria persona*.
_____/

**ORDER DISMISSING CASE**
**WITH PREJUDICE BARRING THE DEBTOR FROM**
**FILING A BANKRUPTCY CASE FOR TWO YEARS**

THIS CASE comes before the Court on December 28, 2017 at 9:30 a.m. to consider and rule upon the United States Trustee's Expedited Motion to Dismiss Case with Injunction, Barring the Debtor from Being a Debtor for Two Years and Providing In Rem Relief for Two Years Against Any Future Bankruptcy Filings. (Doc. No. 16). The Court provided adequate and sufficient notice and opportunity to be heard to all parties. (Doc. Nos. 20 and 24). The Debtor neither appeared at the hearing nor filed a response to the Motion. At the hearing, the Court reviewed the Motion, heard from the parties, and reviewed the Court's records of the Debtor's multiple case filings as a whole.

**EXHIBIT 2**

Upon the findings and conclusions stated upon the record in open court, which constitute the Court's ruling, **IT IS ORDERED** that:

1.     The Debtor, Neelam Taneja, constitutes an abusive serial bankruptcy filer, having filed four bankruptcy cases in the last eight years in two jurisdictions—the instant case being filed while the Debtor's bankruptcy case in the Southern District of New York remains pending on multiple appeals.[1]

2.     The United States Trustee's Motion to Dismiss Case with Injunction, Barring the Debtor from Being Debtor for Two Years, (Doc. No. 16), is **GRANTED** as follows.

3.     The bankruptcy case of *In re Neelam Taneja*, 8:17-bk-10140-CPM is **DISMISSED with prejudice.**

4.     In accordance with 11 U.S.C. § 105(a), 349, 707, Fed. R. Bankr. P. 1017, and 9020, the Debtor, Neelam Taneja, or any entity(ies) acting as trustee, guardian, representative, or other third-party by, for, or on his behalf, are jointly and individually **ENJOINED, BARRED,** and **PROHIBITED** from commencing any bankruptcy case petition for **TWO (2) YEARS** from **DECEMBER 28, 2017** through and including **DECEMBER 28, 2019**.

5.     None of the Debtor's debts, obligations, or liabilities are discharged.

6.     Should the Debtor fail to comply with the above prohibition and file for bankruptcy relief prior to **DECEMBER 28, 2019**, then no automatic stay under 11 U.S.C. § 362 will go into effect with respect to any property owned or occupied by the Debtor at that time and the Court will strike the bankruptcy petition.

---

[1] *Taneja v. The Health Law Firm (n re Taneja)*, 1:17-cv-05618-ER (S.D.N.Y.); *Taneja v. Wilkinson (In re Taneja)*, 1:17-cv-08510-VSB (S.D.N.Y.); *Taneja v. Sapir (In re Taneja)*, 1:17-cv-09429-JGK (S.D.N.Y.)(appeal of bankruptcy court order dismissing bankruptcy case *In re Taneja*, 1:16-bk-12356-cgm (Bankr. S.D.N.Y.)).

7.      Should a transferee of the Debtor file for bankruptcy relief prior to **DECEMBER 28, 2019**, then no automatic stay will go into effect with respect to any property transferred from the Debtor to the transferee.

8.      **ALL COURT JUDGES AND CLERKS ARE HEREBY NOTIFIED:**

**THE FILING OF A BANKRUPTCY PETITION FILED BY THE DEBTOR PRIOR DECEMBER 28, 2019, SHALL NOT STOP ANY FORECLOSURE SALE OR OTHER COURT PROCEEDING SCHEDULED PRIOR TO THAT DATE WITH RESPECT TO ANY PROPERTY OWNED OR OCCUPIED BY THE DEBTOR AT THAT TIME.**

**SIMILARLY, THE FILING OF A BANKRUPTCY PETITION BY A TRANSFEREE OF THE DEBTOR PRIOR TO DECEMBER 28, 2019, SHALL NOT STOP ANY FORECLOSURE SALE OR OTHER COURT PROCEEDING SCHEDULED PRIOR TO THAT DATE WITH RESPECT TO PROPERTY THAT WAS TRANSFERRED FROM THE DEBTOR TO THE TRANSFEREE.**

9.      Any party may record a certified copy of this Order in compliance with applicable State laws governing notices of interests or liens by appending to the filing a true and correct legal property description.

10.     The Debtor, and any person claiming an interest by and through, and/or under the Debtor, shall be prohibited from filing any future bankruptcies under Title 11 of the United States Bankruptcy Code, an any Bankruptcy Court of the United States of America, for the next TWO (2) YEARS.  Any filing in violation of this Order shall be considered NULL and VOID and will neither affect nor act as a stay against any of the Debtor's creditors.

11.     The automatic stay of 11 U.S.C. § 362(a) shall not be in effect if any third party purchaser of any of the Debtor's property is not a Bona Fide Purchaser.

Case 8:17-bk-10140-CPM   Doc 40   Filed 01/11/18   Page 15 of 23

12.     This Court specifically admonishes the State Court(s) to not halt any proceedings in State Court, should the Debtor attempt to file bankruptcy within the next TWO (2) YEARS.

13.     The Trustee shall return to the Debtor any remaining funds on hand not previously disbursed, notwithstanding any other court orders, and shall thereafter file his final report, upon which filing, he will be discharged of his duties as Trustee.  The Trustee shall return the aforementioned funds on hand to the Debtor, and in care of the Debtor's attorney, when represented by an attorney.

14.     This Court **RETAINS JURISDICTION** to enforce the terms and provisions of this Order.

Clerk's Office to serve order.

Case 8:17-bk-10140-CPM   Doc 46   Filed 01/31/18   Page 1 of 2

ORDERED.

**Dated:  January 31, 2018**

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
flmb.uscourts.gov

In re

  NEELAM TANEJA,                                   Case No. 8:17-bk-10140-CPM
                                                   Chapter 13

        Debtor.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION
## OF ORDER GRANTING MOTION TO DISMISS CASE WITH PREJUDICE

THIS CASE came on for consideration of the Debtor's motion (the "Motion for Reconsideration") (Doc. 45) seeking reconsideration of the Court's order (the "Dismissal Order") (Doc. 40), which granted the United States Trustee's motion (the "Motion to Dismiss") (Doc. 16) to dismiss this case with prejudice, following a hearing on December 28, 2017.  The Motion states, among other things, that the Debtor was not served with a copy of the Motion to Dismiss or with a copy of the notice of hearing on the Motion to Dismiss.  However, the Certificate of Service attached to the Motion to Dismiss reflects that the United States Trustee served a copy of that motion on the Debtor at both the physical address and the post office address provided by the Debtor in the petition (Doc. 1), and the Court's Certificate of Notice (Doc. 24) shows that the hearing notice was served by the Bankruptcy Noticing Center on the

**EXHIBIT  3**

Debtor at both addresses.[1]   The Court also notes that the post office address provided in the petition is the same address the Debtor gave as her address in the Motion for Reconsideration.

Moreover, the record reflects that the Debtor failed to receive a briefing from an approved credit counseling agency within 180 days *prior* to fling the petition, despite a representation made to the contrary in the Debtor's petition, which she signed under penalty of perjury.  The Certificate of Counseling (Doc. 14) filed by the Debtor confirms that she received counseling on December 11, 2017, which is *after* she filed the petition on December 6, 2017.  Thus, the Debtor is ineligible to be a debtor under 11 U.S.C. § 109(h), an infirmity the Debtor could not have cured even if she had appeared at the December 28th hearing.

Finally, the record shows that between December 19, 2012, and August 15, 2016, the Debtor filed four prior bankruptcy cases (three in Florida and one in New York) all of which were dismissed without entry of a discharge.[2]   Because the Court may take judicial notice of these filings, the Debtor's presence was not necessary for this Court to conclude that the Debtor is an abusive serial filer.

Accordingly, it is

**ORDERED** that the Motion for Reconsideration is DENIED.   The Dismissal Order, which bars the Debtor from filing another bankruptcy case within two years from the dismissal date, remains in full force and effect.

The Clerk is directed to serve a copy of this order on the Debtor and all interested non-CM/ECF users.

---

[1] Under long standing common law, a properly mailed item is presumed to have been received by addressee.  *See, e.g., Bazemore v. Jefferson Capital Systems, LLC,* 827 F.3d 1325, 1334 n.2 (11th Cir. 2016) (citation omitted).

[2] *See* Case Nos. 12-bk-18946 (filed December 19, 2012, and dismissed on January 11, 2013); 13-bk-05601 (filed April 29, 2013, and dismissed on September 17, 2013), 15-bk-00594 (filed January 22, 2015, and dismissed September 1, 2015); and 16-bk-12356 (filed August 15, 2016, and dismissed on November 22, 2017).

S.D.N.Y.-N.Y.C.
17-cv-7072
McMahon, C.J.

# United States Court of Appeals

FOR THE
SECOND CIRCUIT

_____

At a stated term of the United States Court of Appeals for the Second
Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square,
in the City of New York, on the 17th day of May, two thousand eighteen.

Present:
> Robert D. Sack,
> Reena Raggi,
> > *Circuit Judges,*
> Lewis A. Kaplan,[*]
> > *District Judge.*

_____

Neelam T. Uppal,

> *Plaintiff-Appellant,*

v.                                                            17-3362

George F. Indest, III, et al.,

> *Defendants-Appellees.*

_____

Appellant, *pro se,* moves for leave to proceed *in forma pauperis* ("IFP"), an extension of time to
file a brief, and "an injunction pending appellate review."   Appellees George F. Indest, III and the
Health Law Firm move for the imposition of sanctions and for the appeal to be dismissed because
Appellant had not paid the filing fee or moved for IFP status.

Upon due consideration, it is hereby ORDERED that the IFP motion is DENIED because
Appellant has not demonstrated that she is indigent.   It is further ORDERED that the appeal is
DISMISSED because it "lacks an arguable basis either in law or in fact."   *Neitzke v. Williams,*
490 U.S. 319, 325 (1989); *see Pillay v. INS,* 45 F.3d 14, 17 (2d Cir. 1995) (holding that Court has
inherent authority to dismiss an appeal that lacks an arguable basis in law or fact).   Appellant's

_____
[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New
York, sitting by designation.

**EXHIBIT 4**

motions for an extension of time to file a brief and "an injunction pending appellate review" are
DENIED as moot.

Appellees' motion to dismiss based on Appellant's failure to pay the filing fee or move for IFP
status is DENIED as moot, and the motion for sanctions is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

2

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT IN AND
FOR SEMINOLE COUNTY, FLORIDA

THE HEALTH LAW FIRM,

       Plaintiff/Judgment Creditor,

v.                            CASE NO:  13-CA-3790-15-K

NEELAM T. UPPAL, M.D.,
a/k/a NEELAM TANEJA, M.D.,
a/k/a NEELAM T. TANEJA-UPPAL, M.D.,
a/k/a NEELAM UPPAL TANEJA, M.D.,
a/k/a NEELAM TANEJA UPPAL, M.D.,

       Defendant/Judgment Debtor.
_____/

## ORDER

    This matter came before the Court pursuant to the Court's Order to Show Cause issued to Judgment Debtor Neelam Taneja Uppal on September 20, 2017.  The Court having reviewed the Court's file, heard arguments and considered documents presented in Court,

    The Judgment Debtor, Neelam Taneja Uppal (*pro se*) having **appeared** ~~failed to appear~~ before the Court on November 20, 2017, as the Court had previously ordered, hereby

**THE COURT FINDS:**

    1.    On December 22, 2015, this Court entered a money judgment (Final Judgment) against the Defendant/Judgment Debtor, Neelam Taneja Uppal (referred to as "Judgement Debtor" herein).  Attached to that Final judgment was a copy of the Fact Information Sheet specified by Rule 1.977, Florida Rules of Civil Procedure (referred to herein as the "Rule 1.977 Form").  This Court ordered Judgment Debtor to complete the form and serve it on Plaintiff/Judgment Creditor (referred to as "Judgment Creditor") and file a Notice of Service of the completed document wall within 45 days of the date of the Final Judgment.

    2.    Judgment Debtor has failed to file a motion for stay of enforcement of the Final Judgment, request to post a bond, or posted a bond with this Court.

**EXHIBIT 5**

3. As of this date, Judgment Debtor has failed to do as the court ordered on December 22, 2015.

4. Judgment Debtor has filed a number of frivolous, dilatory documents with this Court and with the Fifth District Court of Appeal, including four (4) Notices of Appeal since that date.

5. On October 4, 2016, the Fifth District Court of Appeals entered a decision against Judgment Debtor, dismissing one of her appeals and awarded Judgment Creditor its appellate attorney's fees and costs pursuant to Section 57.105, Florida Statutes, for filing a frivolous Appel.

6. The Fifth District Court of Appeal remanded the case to this Court for a hearing on the amount of the appellate attorney's fees and costs to be assessed against Judgment Debtor

7. A Notice of Hearing for the hearing to determine the amount of appellate attorney's fees and costs to be awarded was served on June 20, 2017, for a hearing to be held on September 20, 2017.

8. Judgment Debtor failed to attend the hearing on September 20, 2017.

9. Judgment Creditor filed a motion to hold the Judgment Debtor in contempt for failing to provide the completed notarized Form the court had ordered her to complete and serve on December 22, 2015.

10. The Court entered a Final Judgment for Appellate Attorney's Fees and Costs in favor of Judgment Creditor and against Judgment Debtor on September 20, 2017 (filing a corrected Final Judgment *nunc pro tunc* on September 22, 2017. Attached to that Final Judgment was another Rule 1.977 Form, which the Court ordered Judgment Debtor to complete and serve within 45 days.

11. On September 20, 2017 (also correcting it *nunc pro tunc* on September 22, 2017) the Court also entered an Order directing the Judgment Debtor to appear before the Court for and show cause why she should not be sanctioned by the Court, including being held in contempt, on November 20, 2017.

12. On or about November 16, 2017, Judgment Debtor filed a "Financial Affidavit" Family Law Rules of Procedure Form 12.902(b), used in Family Court matters, containing a minimal amount of information; but it did not contain the information required but Rule 1.977 Form.

13. Information lacking on the "Financial Affidavit" included:

a. No information on her physical residence.

Page 2 of 4

b.    No bank account or account numbers of any kind.

c.    No information on the release estate she owns (the Court takes judicial notice that property records of Pinellas County show one or more parcels of real estate titled in her name.)

d.    No information on motor vehicle she owns.

e.    No drivers license information.

f.    None of the documents required by the Rule 1.977 Form.

g.    Most of the information required by the Rule 1.977 Form.

14.    The Court finds that Judgment Debtor's "Financial Affidavit" does not substantially comply with what the Court previously ordered on two occasions.

15.    Furthermore, Judgment Debtor has not filed any response that shows cause why she should not be sanctioned and held in contempt.

16.    The Court takes judicial notice of the Final Judgment for Attorney's Fees and Costs awarded against Judgment Debtor by the U.S. Bankruptcy Court for the Southern District of New York on July 19, 2017, in case no. 17-ap-01027-cgm. The Court also takes judicial notice of the decision entered against Judgment Debtor by the U.S. District Court for the Southern District of New York on October 12, 2017, in case no. 17-cv-7072(CM).

17.    <u>The Judgment Debtor has proven herself to be a vexatious, abusive litigant through her filings in the courts of Florida and in other courts.</u>

18.    <u>The Court finds the conduct of the Judgment Debtor to be intentional and contumacious.</u>

19.    Other: The Fact Information sheet and all documents listed within the Rule 1.977 Form and any other information required in said form shall be within 10 days. Should she fail to produce said information, she shall appear before this court to show cause why she should not be held in contempt.



Page 3 of 4

**ACCORDINGLY,** the Court will give Judgment Debtor Neelam Taneja Uppal one last chance to comply.

**ORDERED,** that Judgment Debtor Neelam Taneja Uppal shall appear before this Court in Seminole County, Florida, in person on _December 19th 2017 at 9:30_, bringing with her all documents showing the information required in Fact Information Sheet 1.977, and have her sworn testimony taken by the Judgment Creditor before the Court, or alternatively, be deposed at that time by the Judgment Creditor as the Court may then further order.

**DONE AND ORDERED,** in open court in Sanford, Seminole County, Florida, this _20_ day of November 2017.

JESSICA J. RECKSIEDLER
CIRCUIT COURT JUDGE

## CERTIFICATE OF SERVICE OF CONFORMED COPIES

**I HEREBY CERTIFY** that I have served a copy of the foregoing on Defendant/Judgment Debtor Neelam Taneja Uppal, _in open court_ ~~electronically to nneelu123@aol.com and also via U.S. mail, postage prepaid, to her~~ at:

1. ~~1370 Broadway #504, New York, New York 10018;~~
2. ~~P.O. Box 1002, Largo, Florida 33779;~~ and
3. ~~17715 Gulf Boulevard, #705, Reddington Shores, Florida 33782;~~

on this _20th_ day of November 2017.

George F. Indest
JUDICIAL ASSISTANT OR
**GEORGE F. INDEST III, ESQUIRE**
**FLA BAR NO. 382426**

GFI/gi
S:\Collections\1516-Uppal, Neelam, MD\003-18th Cir Collections\Pleadings-Drafts\Contempt Order.wpd